IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2:08-cv-244** |
| | ) | |
| DELL INC., | ) | |
| WESTERN DIGITAL CORPORATION, | ) | |
| HITACHI GLOBAL STORAGE | ) | |
| TECHNOLOGIES, INC., and | ) | |
| HITACHI LTD. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CONVOLVE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO HITACHI, LTD.'S COUNTERCLAIMS

Plaintiff Convolve, Inc. ("Convolve") by and through its undersigned counsel, hereby responds to Defendant, Hitachi, Ltd.'s ("Defendant"), Counterclaims and asserts its affirmative defenses thereto as follows:

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

Convolve makes no averment or admission concerning the preceding heading and therefore denies any factual assertion allegedly contained therein.

1.      Hitachi, Ltd. counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, for a specific remedy based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

**ANSWER:**   Convolve admits that Defendant has counterclaimed against Convolve.

Convolve denies any remaining allegation of Paragraph 1.

2.      An actual controversy exists between Hitachi, Ltd. and Plaintiff as set forth in the allegations of the Complaint in this action and the Answer as to whether the '473 patent is invalid, unenforceable, and not infringed by Hitachi, Ltd.

**ANSWER:**   Convolve admits that Defendant alleges that Defendant does not infringe

any valid and enforceable claim of the '473 Patent.  Convolve asserts that Defendant has

and continues to infringe the '473 Patent, and that the '473 Patent is valid and

enforceable against Defendant.  Thus, Convolve admits that an actual and justiciable

controversy exists between the parties.  Any remaining allegation of Paragraph 2 is

denied.

3.      The '473 patent is invalid, unenforceable, and not infringed as alleged in Paragraphs 36-46 above, which are incorporated herein by reference.

**ANSWER:**   Denied.  Paragraphs 36-41 of Defendant's Answer, Affirmative Defenses

and Counterclaims do not require a response.  Convolve's reply to Paragraphs 42-46 of

Defendants' Answer, Affirmative Defenses and Counterclaims is set forth below.  Any

remaining allegation contained in Paragraphs 36-46 not expressly admitted is denied.

42. Convolve is not entitled to any relief against Hitachi, Ltd. because Hitachi, Ltd. does not infringe, and has not infringed, any valid claims of the '473 patent.

**ANSWER:**   Denied.

43. The '473 patent and all of the claims in the '473 patent are invalid for failure to meet the conditions for patentability in one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

**ANSWER:**   Denied.  The '473 Patent is valid and enforceable.  All

claims of the '473 Patent are presumed valid and enforceable in

accordance with 35 U.S.C. § 282, and the Defendant has the burden of proving by clear and convincing evidence that any claim of the '473 Patent is invalid and/or unenforceable.

44. On information and belief, Convolve is barred in whole or in part from asserting the '473 patent against Hitachi, Ltd. under the doctrine of laches, equitable estoppel, or both.

**ANSWER:**   Denied.

45. Convolve's Complaint fails to state a claim upon which relief can be granted.

**ANSWER:**   Denied.

46.  This Court lacks personal jurisdiction over Hitachi, Ltd.

**ANSWER:**   Denied.   Among other things, Defendant knew that its products, which infringe Convolve's '473 patent, would be transported to Texas through the stream of commerce.  Defendant's actions constitute infringement pursuant to 35 U.S.C. § 271.

4.     Based on the foregoing, Hitachi, Ltd. is entitled to a judgment holding that the '473 patent is invalid, unenforceable, and/or not infringed by Hitachi, Ltd., and awarding Hitachi, Ltd. the damages it has suffered from the unlawful assertion of the '473 patent by Plaintiff.

**ANSWER:**   Denied.

5.     Because of the inequitable conduct alleged in paragraph 46 above, this is an exceptional case warranting an award of attorneys' fees to Hitachi, Ltd. under 35 U.S.C. § 285.

**ANSWER:**   Convolve denies that any inequitable conduct has been alleged in paragraph 46.  To the extent that Defendant intended to reference a different paragraph, Convolve denies any allegation of inequitable conduct contained therein.   Any remaining allegation contained in this paragraph not expressly admitted is denied.

WHEREFORE, Hitachi, Ltd. prays for judgment as follows:

A.     That the Complaint be dismissed with prejudice, that Judgment be entered in favor of Hitachi, Ltd., and that Plaintiff take nothing;

**ANSWER:**     Convolve denies that Defendant is entitled to this relief or any other relief.

B.     That Plaintiff be required to pay Hitachi, Ltd. its costs of suit, including its attorney's fees pursuant to 35 U.S.C. § 285;

**ANSWER:**     Convolve denies that Defendant is entitled to this relief or any other relief.

C.     For entry of judgment declaring the '473 patent invalid, unenforceable, and not infringed by Hitachi, Ltd. or by the use of its products or services;

**ANSWER:**     Convolve denies that Defendant is entitled to this relief or any other relief.

D.     That Plaintiff and each of its officers, employees, agents, alter egos, attorneys and any persons in active concert or participation with it be restrained from further prosecuting or instituting any action against Hitachi, Ltd. claiming that the '473 patent is valid, enforceable, or infringed, or from representing that Hitachi, Ltd.'s products or services, or that the use thereof, infringes the '473 patent; and

**ANSWER:**     Convolve denies that Defendant is entitled to this relief or any other relief.

E.     For such other relief as this Court may deem just and proper.

**ANSWER:**     Convolve denies that Defendant is entitled to this relief or any other relief.

## **GENERAL DENIAL**

Any allegation set forth in Defendant's Affirmative Defenses or Counterclaims not expressly admitted is hereby denied.

## **AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Convolve asserts the following affirmative defenses to Defendant's Counterclaims:

### First Affirmative Defense

Defendant's Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant has and continues to infringe one or more claims of the '473 Patent.

### Third Affirmative Defense

No claim of the '473 Patent is invalid.

### Fourth Affirmative Defense

The '473 Patent is not unenforceable.

### Fifth Affirmative Defense

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### Sixth Affirmative Defense

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Seventh Affirmative Defense

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of laches.

### Eighth Affirmative Defense

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Ninth Affirmative Defense

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of privilege.

**Additional Defenses**

As Convolve's investigation is ongoing and discovery has not yet been taken, and as many facts are likely in the possession of Defendant, Defendant's carriers, retailers, end users, and other third parties, Convolve reserves the right to amend its Reply, including its defenses.

**PRAYER FOR RELIEF**

WHEREFORE, having answered the allegations of Defendant's Counterclaims and asserted its affirmative defenses thereto, Convolve prays for the following relief:

a.      that Defendant's Counterclaims be dismissed, with prejudice, with costs taxed against Defendant;

b.      that Convolve be awarded its attorneys' fees incurred in defending against Defendant's Counterclaims;

c.      that Convolve be awarded the relief against Defendant prayed for in its Complaint; and

d.      that Convolve be granted such other and further relief against Defendant as the Court deems just and proper.

This 6th day of February, 2009.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas  75606
(903) 757-8449
(903) 758-7397 (fax)
ema@emafirm.com

T. John Ward, Jr.
Texas State Bar No. 00794818
Ward & Smith Law Firm
111 W. Tyler Street
Longview, Texas  75601
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
A. James Anderson
Georgia Bar No. 016300
Stephen R. Risley
Georgia Bar No. 606545
Marla R. Butler
Georgia Bar No. 099917
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, Georgia  30326-1386
Email:  ajanderson@rkmc.com
Email:  srrisley@rkmc.com
Email:  mrbutler@rkmc.com

ATTORNEYS FOR PLAINTIFF CONVOLVE, INC.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 6th day of February, 2009.

Eric M. Albritton