**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CONVOLVE, INC. § | |
| § | |
| vs. § | |
| § | CASE NO. 2:08-CV-244 |
| DELL INC.; WESTERN DIGITAL § | |
| CORPORATION; HITACHI GLOBAL § | |
| STORAGE TECHNOLOGIES, INC.; and § | |
| HITACHI LTD. § | |

**ORDER DENYING TRANSFER**

**I.    Introduction**

Before the Court is the defendants Dell, Inc.'s ("Dell"); Western Digital Corporation's ("Western Digital"); and Hitachi Global Storage Technologies, Inc.'s ("Hitachi") motion to transfer venue (Dkt. No. 40).  The Court, having considered the venue motion and the arguments of counsel, hereby **DENIES** the motion to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  The balance of the private and public factors does not demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff.  *See In re Volkswagen of Am., Inc.* (*Volkswagen III*), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304 (5th Cir. 2008) (en banc).

**II.   Factual and Procedural Background**

The plaintiff Convolve, Inc. ("Convolve") is a New York corporation and has its principal place of business in Armonk, New York.  Dell is a Delaware corporation and has its principal place of business in Round Rock, Texas.  Western Digital is a Delaware corporation

and has its principal place of business in Lake Forest, California. Hitachi Global Storage Technologies, Inc. is a Delaware corporation and has its principal place of business in San Jose, California. Hitachi, Ltd. is a Japanese corporation and has its principal place of business in Tokyo, Japan.

On June 18, 2008, Convolve filed its complaint in the Eastern District of Texas against the defendants, accusing Dell, Western Digital, and Hitachi of infringing U.S. Patent No. 4,916,635 ("the '635 patent") and U.S. Patent No. 6,314,473 ("the '473 patent"). The defendants filed their motion to transfer venue to the Southern District of New York on December 23, 2008.

## III. Analysis

### A. Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have recently enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338*; In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of

the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

    **B.**    **Proper Venue**

As a threshold matter, the court must determine if venue is proper in the Southern District of New York. Venue requirements are satisfied in patent infringement cases "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). All of the defendants sell allegedly infringing products in the Southern District of New York, so venue is proper in that district.

    **C.**    **Private Interest Factors**

        *1.*    *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first factor to consider. Convolve and its inventors are located in New York, and the firm that prosecuted the '635 and '473 patents is in Massachusetts. The defendants' sources of proof are located in Japan, California,

Minnesota, and Texas. No sources of proof appear to be in the Eastern District of Texas.

The court finds that this factor weighs against transfer. Transfer to the Southern District of New York would provide easier access to some physical evidence located in New York and Massachusetts. In contrast to the plaintiff's sources of proof, the defendants' physical evidence located in California and Texas is much closer to the Eastern District of Texas. The ease of accessing the defendants' sources of proof weighs more heavily than the ease of plaintiff's proof, because the majority of relevant evidence in patent infringement suits usually comes from the accused infringers. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

Because the sources of proof are widely distributed, this case is distinguishable from *Volkswagen II* and *In re TS Tech*. In *Volkswagen II*, all of the physical evidence was located within the proposed transferee venue. *Volkswagen II*, 545 F.3d 304, 316 (5th Cir. 2008). Similarly in *TS Tech*, all of the sources of proof were located within 300 miles of the proposed transferee district, the Southern District of Ohio, and the original venue, the Eastern District of Texas, was about 900 additional miles away. *In re TS Tech Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008). In these two cases, access to the physical evidence was clearly more convenient in the proposed transferee venue.

In contrast to *Volkswagen II* and *In re TS Tech*, the physical evidence in this case is widely scattered, and most of the defendants' proof is closer to the Eastern District of Texas than the Southern District of New York. Accordingly, this factor weighs against transfer.

    2.    *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits the court's subpoena power by

protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316.

Neither party has identified any non-party witnesses residing within 100 miles of Marshall, Texas. The defendants point to Dr. Convolve, the '635 and '473 patents' inventor and Convolve's sole owner, who lives in the Southern District of New York. They argue that if Dr. Convolve leaves the company, a compulsory subpoena may be required to secure his attendance. The defendants have not indicated why the founder and sole owner of Convolve might leave the company, and there is no indication that he will.

Because the parties have not identified any likely non-party witnesses located near either venue, this case is different from *Volkswagen II*. In *Volkswagen II*, the transferee venue had absolute subpoena power over all of the witnesses. *Volkswagen II*, 545 F.3d at 317. Neither this court nor the Southern District of New York would have subpoena power over any identified witnesses, other than one associated with the plaintiff. Thus, the factor is neutral.

### 3. *Cost of Attendance for Willing Witnesses*

Next, the court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Southern District of New York. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d 201, 205 (5th Cir. 2004).

The issues here are similar to those discussed above in ease of access to sources of proof. Convolve's employees, who are potential witnesses, are located in the Southern District of New

York.  Like the defendants' sources of proof, their witnesses are located in Texas, California, Minnesota, and Japan.  Travel time and distance to the Eastern District of Texas is shorter for most of these employees than the Southern District of New York; this is especially true for witnesses residing in Texas.

Again, this situation is distinguishable from *Volkswagen II*, *In re TS Tech*, and *In re Genentech*.  In *Volkswagen II*, every identified witness resided in Dallas, within the transferee district.  *Volkswagen II*, 545 F.3d 304, 317 (5th Cir. 2008).  In *TS Tech*, all of the identified witnesses were located within 300 miles of the transferee court, while the transferor court was an additional 900 miles away.  *In re TS Tech*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).  And, unlike *Genentech*, witnesses associated with Dell are much closer to this forum than to the Southern District of New York.  *See generally In re Genentech*, 566 F.3d at 1343-45.  Because the cost of attendance favors the Eastern District of Texas over the Southern District of New York, this factor weighs against transfer.

### 4. *Other Practical Problems*

Practical problems include issues of judicial economy.  *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).  Convolve is involved in litigation against different defendants regarding the same '473 patent in the Southern District of New York.  The Southern District of New York court has already issued a claim construction order in that case.  The defendants argue that the possibility of inconsistent rulings and duplication of effort strongly favors transfer to the Southern District of New York.  The Southern District of New York proceeding has been litigated since 2000, so the court has extensive familiarity with the issues.  In response, Convolve contends that the Southern District of New York case involves different defendants,

different infringing products, and numerous ancillary claims that have no relevance to this action.  Convolve also proposes that this court adopt the Southern District of New York's *Markman* rulings, which would eliminate the danger of inconsistent claim constructions and reduce the duplication of effort.

Adoption of the Southern District of New York's claim construction does ameliorate some, but not all, of the duplicative proceeding issues.  This factor weighs in favor of transfer.

**D.     Public Interest Factors**

*1.     Court Congestion*

The court may consider how quickly a case will come to trial and be resolved.  *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).  This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors."  *Id.*

Convolve argues that the Southern District of New York's docket is far more congested than the Eastern District of Texas's, and the Southern District of New York's heavy caseload will delay this case if it is transferred.  Convolve's other case is set for trial in the Southern District of New York in January 2010, while in the Eastern District of Texas, this case is set for jury selection in March 2010; the Southern District of New York's earlier trial date would favor transfer, assuming the cases are consolidated for trial.  *C.f. Beal Serv. Corp. v. Open Solutions, Inc.*, 2009 WL 2462254, at *5 (E.D. Tex. Aug. 11, 2009) (finding that transfer would delay trial thirteen months, so this factor disfavored transfer).  On the other hand, transfer of this case to the Southern District of New York may push back the January 2010 trial date.  Therefore, this factor

is speculative, and the court finds it is neutral.

### 2. Local Interest

The court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d 201, 206 (5th Cir. 2004). Interests that "could apply virtually to any judicially district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d 304, 318 (5th Cir. 2008); *In re TS Tech*, 551 F.3d 1315, 1321 (Fed. Cir. 2008).

The defendants assert that the Southern District of New York has a local interest in hearing this case because Convolve is located within that district; in contrast, none of the parties have offices in the Eastern District of Texas. *See In re TS Tech*, 551 F.3d at 1321 (noting that none of the parties had an office in the Eastern District of Texas, so this district lacked a local interest). Convolve argues that this district has a local interest because allegedly infringing products are sold in the Eastern District of Texas; as mentioned above, however, the nationwide sale of products is not a local interest. Thus, the Southern District of New York's local interest in this dispute favors transfer.

### 3. Familiarity with the Governing Law

Both the Southern District of New York and the Eastern District of Texas are familiar with federal patent law, so this factor is neutral.

### 4. Avoidance of Conflict of Laws

No conflict of laws issues are expected in this case, so this factor does not apply.

## IV. Conclusion

Considering all of the private and public interest factors, the defendants have not met their burden of showing that the Southern District of New York is clearly more convenient than the Eastern District of Texas. While one of the public and one of the private interest factors favor transfer, on balance, the remaining factors are neutral or weigh against transfer. Therefore, the motion to transfer venue is DENIED.

SIGNED this 30th day of September, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE