**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CONVOLVE, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| | ) |
| v. | ) Civil Action No. 2:08-cv-244 |
| | ) |
| **DELL INC., ET AL.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF CONVOLVE, INC.'S  REPLY IN SUPPORT OF ITS PARTIALLY
OPPOSED MOTION FOR LEAVE TO SUPPLEMENT ITS LOCAL PATENT RULE 3-1
AND 3-2 DISCLOSURES AS TO DEFENDANT DELL INC. (DOCKET NO. 255)**

On February 24, 2011, Plaintiff Convolve, Inc. ("Convolve") filed its *Partially Opposed Motion For Leave To Supplement Its Local Patent Rule 3-1 And 3-2 Disclosures* against Defendants Dell Inc., Western Digital Corp., Hitachi Global Storage Technologies, Inc., and Hitachi Ltd. Dkt. No. 243. Convolve explained that its purpose in seeking to supplement its infringement contentions is "to (1) clarify the language of its Local Patent Rule 3-1(c) infringement charts in light of the Court's construction of 'data storage device'; (2) add additional accused products identified pursuant to ongoing discovery efforts; (3) update Hitachi Ltd. and Hitachi Global Storage Technologies, Inc.'s (collectively "Hitachi") infringement charts to be consistent with those prepared for the other Defendants; and (4) identify additional documents responsive to Local Patent Rule 3-2 by Bates number." Dkt. No. 243 at 1. Despite this clear explanation, Defendant Dell Inc. ("Dell") is opposed to Convolve's motion, asserting that Convolve's motion is "another untimely and improper attempt to add Seagate drives to this lawsuit."[1] Dkt. No. 255 at 1. Because Defendant Dell's opposition to Convolve's motion is misguided, and because Convolve has demonstrated that good cause exists to grant it leave to supplement its infringement contentions, Convolve respectfully requests that this Court grant it leave to supplement its Local Patent Rule 3-1 and 3-2 disclosures.

I. **CONVOLVE'S MOTION TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS IS NEITHER UNTIMELY NOR IMPROPER**

As an initial matter, Dell's assertion that Convolve's motion is untimely because it "improper[ly] attempt[s]" to list additional accused products under P.R. 3-6(a) is incorrect. As Dell correctly observes, the purpose of P.R. 3-6(a) is to permit amendments to infringement contentions "if the party claiming patent infringement believes in good faith that the Court's

---

[1] Dell also indicates that it "incorporates the arguments made by Western Digital and Hitachi in their opposition to Convolve's motion." Dkt. No. 255 at 1. To the extent Dell incorporates the arguments made by Western Digital and Hitachi, Convolve's Reply to Western Digital and Hitachi is similarly incorporated herein with respect to Dell.

1

Claim Construction Ruling so requires." Dkt. 255 at 2. Convolve, in good faith, has filed a motion for leave to amend its infringement contentions in response to the Court's claim construction order. Dkt. No. 243. As fully explained in Convolve's motion, the request for leave to supplement its infringement contentions to include additional accused products is based on information obtained through ongoing discovery efforts, not P.R. 3-6(a). Indeed, Defendants Hitachi Ltd., Hitachi Global Storage Technologies, Inc., and Western Digital Corporation have indicated that they do not oppose Convolve's motion to the extent that it seeks to include additional accused products identified during discovery. Dkt. No. 257 at 7-8.

Convolve is not seeking to supplement its infringement contentions to add Dell products incorporating hard disk drives manufactured by third-party Seagate Technology, LLC ("Seagate") via P.R. 3-6(a), as Dell erroneously contends.[2] A separate motion is pending before the Court concerning the inclusion of Dell products incorporating Seagate hard disk drives in Convolve's Local Patent Rule 3-1 infringement contentions. *See* Dkt. No. 200. As Convolve has repeatedly stated, it is this pending motion which will determine whether Dell products incorporating Seagate hard disk drives are included in Convolve's infringement contentions. *See* Dkt. No. 254 at 2. Thus, Convolve has not attempted to add additional accused products under P.R. 3-6(a), and Convolve's motion is neither untimely nor improper under the Local Rules, as

---

[2] Convolve acknowledges that its proposed Amended 3-1 and 3-2 Disclosures to Dell Inc., attached to its initial motion as Exhibit 1, included a listing of Dell products that incorporate Seagate hard disk drives. Ex. 1 at 67-69. This list was inadvertently included in the amended disclosures to Dell due to a "cut-and-paste" error that occurred when Convolve was preparing the Exhibit, as is evidenced by the fact that these products appear in "Part II.B.3." of the Exhibit, which is specifically addressed to "Dell Computers Incorporating Western Digital Hard Disk Drives." Ex. 1 at 42. Moreover, Convolve specifically recognized the existence of the pending motion with respect to the inclusion of Dell computers incorporating Seagate hard disk drives in footnote 4 of its initial motion, further demonstrating that Convolve is not attempting to supplement its contentions to include additional accused products under P.R. 3-6(a).

asserted by Dell.[3]  Rather, Dell's opposition to Convolve's motion appears to be another inappropriate attempt to reassert its position with respect to the inclusion of Dell products incorporating Seagate hard disk drives in Convolve's infringement contentions – an issue that has already been litigated by the parties and is unrelated to Convolve's current motion.

## II. BECAUSE CONVOLVE HAS SHOWN GOOD CAUSE, LEAVE TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS SHOULD BE GRANTED

From the outset of the Local Patent Rule 3-1 and 3-2 disclosure process in this case, Convolve has demonstrated diligence in supplementing and amending its infringement contentions.  Each time circumstances have necessitated an amendment to Convolve's Local Patent Rule 3-1 and 3-2 disclosures, Convolve has promptly acted by supplementing its disclosures as required by the Local Patent Rules.  Convolve has fully briefed the Court on its diligence in amending its infringement contentions to include Dell products that incorporate Seagate hard disk drives, and will not repeat those arguments here, as they are unrelated to Convolve's current motion.  *See* Dkt. Nos. 200, 213.  However, Convolve notes that, as explained in its prior briefing, good cause exists to permit Convolve to supplement its Local Patent Rule 3-1 and 3-2 disclosures to include Dell computers incorporating Seagate hard disk drives.[4]  *Id.*

---

[3] To the extent Dell claims Convolve's motion is untimely in other respects, Convolve refers the Court to its concurrently filed *Reply In Support Of Its Partially Opposed Motion For Leave To Supplement Its Local Patent Rule 3-1 And 3-2 Disclosures As To Defendants Hitachi And Western Digital (Docket No. 257)*.  As Convolve fully explains in that Reply, its motion was timely and good cause exists to permit Convolve's proposed supplementation.

[4] To the extent Dell contends Convolve has failed to show good cause with respect to any other proposed amendments to Convolve's infringement contentions, Convolve refers the Court to its concurrently filed *Reply In Support Of Its Partially Opposed Motion For Leave To Supplement Its Local Patent Rule 3-1 And 3-2 Disclosures As To Defendants Hitachi And Western Digital (Docket No. 257)*.

3

### III. CONCLUSION

For the foregoing reasons, Convolve respectfully moves this Court grant it leave to supplement its Local Patent Rule 3-1 and 3-2 disclosures as requested in Convolve's *Partially Opposed Motion for Leave to Supplement its Local Patent Rule 3-1 and 3-2 Disclosures* and its accompanying Exhibits.

DATED:  March 25, 2011                Respectfully submitted,

                                         **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

                                         __/s/ *Elizabeth V. Thomas*_____
A. James Anderson (admitted *pro hac vice*)
Georgia Bar No. 016300
Anna C. Halsey (admitted *pro hac vice*)
Georgia Bar No. 208034
Elizabeth V. Thomas (admitted *pro hac vice*)
Georgia Bar No. 624263
Ailis L. Burpee (admitted *pro hac vice*)
Georgia Bar No. 623492

2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, Georgia  30326-1386
Telephone:  (404) 760-4300
Facsimile:  (404) 233-1267
Email:  ajanderson@rkmc.com
Email:  achalsey@rkmc.com
Email:  evthomas@rkmc.com
Email:  alburpee@rkmc.com

Marla R. Buter (admitted *pro hac vice*)
Georgia Bar No. 099917
Bryan J. Vogel (admitted *pro hac vice*)
New York Bar No. 3933736

601 Lexington Avenue
34th Floor
New York, NY  10022
Telephone:  (212) 980-7400
Facsimile: (212) 980-7499
Email:  mrbutler@rkmc.com
Email:  bjvogel@rkmc.com

Eric M. Albritton
Texas State Bar No. 00790215
Stephen E. Edwards
Texas Bar No. 00784008
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas  75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
Email:  ema@emafirm.com
Email: see@emafirm.com

5

30417565.1

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        WARD & SMITH LAW FIRM
        P.O. Box 1231
        Longview, Texas  75606
        Telephone:  (903) 757-6400
        Facsimile:  (903) 757-2323
        Email:  jw@jwfirm.com

***ATTORNEYS FOR PLAINTIFF CONVOLVE, INC.***

30417565.1

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 25th day of March 2011.

/s/ *Elizabeth V. Thomas*
Elizabeth V. Thomas

30417565.1