# EX. E

HOU03:1258892.1

```
              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF TEXAS
                   MARSHALL DIVISION
CONVOLVE, INC.              ) DOCKET NO. 2:08-cv-244
                            )
VS.                         ) MARSHALL, TEXAS
                            ) OCTOBER 12, 2010
                            )
DELL, INC., ET AL.          ) 9:00 A.M.

                    MARKMAN HEARING
      BEFORE THE HONORABLE CHARLES EVERINGHAM, IV
             UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

FOR THE PLAINTIFF:

MS. MARLA BUTLER
ROBINS KAPLAN MILLER & CIRESI
499 Park Avenue, Suite 1200
New York New York  10022
mrbutler@rkmc.com

MR. A. JAMES ANDERSON
ROBINS KAPLAN MILLER & CIRESI
950 E. Paces Ferry Rd., NE
2600 One Atlanta Plaza
Atlanta, Georgia  30326
janderson@rkmc.com

MR. ERIC M. ALBRITTON
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
ema@emafirm.com

FOR THE DEFENDANT WESTERN DIGITAL CORP.:

MR. BRUCE A. WESSEL
IRELL & MANELLA, LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California  90067
bwessel@irell.com

```
 1   APPEARANCES (CONTD):
 2   MR. H. KIP GLASSCOCK, JR.
     ATTORNEY AT LAW
 3   550 Fannin, Suite 1350
     Beaumont, Texas  77701
 4   kipglasscock@hotmail.com
 5   MR. REYNALDO C. BARCELO
     BARCELO & HARRISON
 6   2901 West Coast Highway
     Suite 200
 7   Newport Beach, California  92663
 8   FOR THE DEFENDANT DELL, INC.:
 9   MR. MICHAEL C. SMITH
     SIEBMAN BURG PHILLIPS & SMITH, LLP
10   P.O. Box 1556
     Marshall, Texas  75671
11   michaelsmith@siebman.com
12   MR. ROGER J. FULGHUM
     MS. TAMMY PENNINGTON
13   MR. BRADLEY BOWLING
     BAKER BOTTS
14   910 Louisiana, Suite 3000
     One Shell Plaza
15   Houston, Texas  77002
     roger.fulghum@bakerbotts.com
16   tammy.pennington@bakerbotts.com
     brad.bowling@bakerbotts.com
17
     FOR THE DEFENDANTS HITACHI GLOBAL
18   STORAGE TECHNOLOGIES, INC. AND
     HITACHI LTD.:
19
     MR. DOUGLAS E. LUMISH
20   MR. JEFFREY G. HOMRIG
     WEIL GOTSHAL & MANGES
21   201 Redwood Shores Parkway
     5th Floor
22   Redwood City, California  94065
     doug.lumish@weil.com
23   jeffrey.homrig@weil.com
24   COURT REPORTER:           MS. CHRISTY HUMPHRIES
                               108 S. BROADWAY AVENUE
25                             TYLER, TEXAS  75702
```

```
 1    specification that specifically addresses processor 73,
 2    because this is an issue of contention between the
 3    parties.  With regard to processor 73, this is
 4    specifically how the specification describes it.  It
 5    says, "This processor may comprise processor 25" --
 6    which is the host processor, set forth above -- "or,
 7    alternatively, a separate controller dedicated to the
 8    disk drive which receives commands from processor 25."
 9                   So processor 73, which generates the
10    graphical user interface, can include -- because in the
11    law "comprise" means "include" -- can include processor
12    25 or it can be a separate processor on the disk drive.
13    Yet the Defendants are arguing that the patent
14    specification sets out two unique embodiments; one
15    embodiment with processor 25, the host processor,
16    generating commands and generating user interface of
17    the claims, and a separate embodiment where processor
18    73 on the disk drive generates these commands and
19    generates the user interface.  Absolutely the
20    specification indicates that the user interface can be
21    generated on processor 25, processor 73 or both, and
22    the claims should not be limited in any way beyond
23    that.
24                   The next term, Your Honor, "seek" --
25                   THE COURT:  Where is processor 73
```

```
 1    located?
 2              MS. BUTLER:  Processor 73 is on the disk
 3    drive.  The figure that's on the screen, Your Honor, is
 4    described -- Figure 10B is described as a close-up
 5    view --
 6              THE COURT:  Of the disk drive.
 7              MS. BUTLER:  -- of the disk drive.
 8    Processor 73 is indisputably on the disk drive.
 9              The next term for construction, Your
10    Honor, "seek trajectory shape."  The construction that
11    Convolve is proposing is completely consistent with the
12    prosecution history, the specification and especially
13    the claims.  The Defendants contend that it's
14    indefinite.  And it's our position, Your Honor, that
15    the Defendants cannot meet that clear and convincing
16    burden of proving this claim element indefinite.
17              If I can first get to part of the
18    prosecution history -- this is actually from the first
19    reexamination that this -- all of these claims
20    survived.  Figure 20A is from a prior art reference
21    called Koizumi, which throughout this case, Your Honor,
22    you will undoubtedly become very familiar with this
23    reference.  Koizumi was before the Patent Office during
24    the original prosecution.  The claims issued over it.
25    Koizumi was before the Patent Office for the first
```