## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:08-cv-244 |
| | § | |
| DELL INC., et al. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## PLAINTIFF CONVOLVE, INC.'S MOTION AND MEMORANDUM OF LAW IN SUPPORT FOR A PROTECTIVE ORDER TO PRECLUDE DISCOVERY FROM PLAINTIFF'S NON-TESTIFYING EXPERTS

## <u>TABLE OF CONTENTS</u>

**PAGE**

I.     **FACTUAL AND PROCEDURAL BACKGROUND**……………….…..…..…1

     A.    **Pending Litigation In The Southern District Of New York**…………..…..2

     B.    **Pending Litigation In The Eastern District Of Texas**…………………….3

     C.    **The Improper Subpoenas Served On Convolve's Non-Testifying Experts**…..4

II.    **ARGUMENT**………………………………………..…………6

     A.    **Convolve Has Standing To Seek A Protective Order And This Court Has Jurisdiction To Rule**……………………………………………..6

     B.    **The Phinney And Souri Subpoenas Are Improper And Therefore Good Cause Exists For A Protective Order Precluding Defendants From Taking The Depositions**……………………………………………..…7

          1.    **The Phinney And Souri Subpoenas Impermissibly Seek Discovery From Experts Not Designated To Testify In The Underlying Litigation**…………………………………………….………7

          2.    **The Phinney And Souri Subpoenas Are Improper Because They Seek Privileged Or Other Protected Information**…………….…..…...…..10

          3.    **The Phinney And Souri Subpoenas Are Improper To The Extent They Seek To Compel The Disclosure Of Confidential Information From Drs. Phinney And Souri That Is Subject To An Existing Protective Order**…..…………………………………….………11

III.    **CONCLUSION**………………………………………………….13

## TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE**

*Convolve, Inc. et al. v. Compaq Computer Corp.*,
　　Case No. 00 Civ. 5141 (GBD)(JCF) (S.D.N.Y.)…………………………...…………….1, 2

*Convolve, Inc. v. Dell Inc. et al.*,
　　Case No. 2:08-cv-244 (E.D. Tex.) ……………………………………..………………1, 3

*Fast Memory Erase, LLC v. Spansivion, Inc.*,
　　No. 3-08-CV-0977-M, 2009 U.S. Dist. LEXIS 117462 (N.D. Tex. Dec. 16, 2009)……...8

*Goss Int'l Americas, Inc. v. MAN Roland*,
　　2006 U.S. Dist. LEXIS 28160 (D.N.H. 2006)……………………………………....…..9

*Hussey v. State Farm Lloyds Ins. Co.*,
　　216 F.R.D. 591 (E.D. Tex. 2003)…………………………………………………....…7

*In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig.*,
　　2009 U.S. Dist. LEXIS 34033 (S.D.N.Y. Apr. 21, 2009)…………………….………...8

*In re Polymedica Corp. Sec. Litig.*,
　　235 F.R.D. 28 (D. Mass. 2006)…………………………………………………....…8

*Intervet, Inc. v. Merial Ltd.*, No. 8:07CV194,
　　2007 U.S. Dist. LEXIS 44970 (D. Neb. June 20, 2007)…………………….…………9

*Medical Diagnostic Imaging, PLLC v. Carecore Nat., LLC*,
　　Nos. 06 Civ. 7764 and 06 Civ. 13516, 2009 U.S. Dist. LEXIS 60979 (S.D.N.Y. July 16,
　　2009)……………………………………………………………………………..11

*Moore U.S.A. Inc. v. Standard Register Co.*,
　　206 F.R.D. 72 (W.D.N.Y. 2001)…………………………………………………..…10

*Plymovant Corp. v. Air Tech. Solutions, Inc.*,
　　243 F.R.D. 139 (D.N.J. 2007)…………………………………………………..……9

*Roy-G-Biv Corp. v. Fanuc Ltd.*,
　　No. 2:07-CV-418, 2009 U.S. Dist. LEXIS 58338 (E.D. Tex. July 9, 2009)….………… 9

**FEDERAL STATUTES**                                                **PAGE**

Fed. R. Civ. P. 26(b)(4)(A)………………………………………………………..………8

Fed. R. Civ. P. 26(b)(4)(D)…………………………………………………….………..8, 9

Fed. R. Civ. P. 26(c)………………..…………………………….………..………..…6, 7

Fed. R. Civ. P. 45(c)(3)(A)(iii)……………………………………………...………....10

**TREATISES**                                                      **PAGE**

6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 26.102 (3d ed. 2010)…………..……..6, 7

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Convolve, Inc. ("Convolve"), moves for a protective order with regard to two subpoenas served by Defendants Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., and Western Digital Corporation (collectively "Defendants") upon non-testifying experts Drs. Joshua W. Phinney and Shukri J. Souri ("Drs. Phinney and Souri"). The subpoenas seek the deposition testimony of Drs. Phinney and Souri for use in Convolve's currently pending patent infringement action before this Court, even though Drs. Phinney and Souri have no involvement with this case. Because the subpoenas are improper and seek privileged and otherwise protected information, Convolve respectfully requests that this Court grant its motion for protective order with respect to the subpoenas served upon Drs. Phinney and Souri.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Convolve is the plaintiff in two pending litigations concerning infringement of United States Patent No. 6,314,473 ("the '473 Patent"). The first case was filed in 2000 in the Southern District of New York ("the SDNY case") against Compaq Computer Corporation and Seagate Technology LLC. *Convolve, Inc. et al. v. Compaq Computer Corp.*, Case No. 00 Civ. 5141 (GBD)(JCF) (S.D.N.Y.). The second case was filed before this Court in 2008 ("the EDTX case") against Defendants Dell Inc., Hitachi Global Storage Technologies, Inc., Hitachi Ltd., and Western Digital Corporation. *Convolve, Inc. v. Dell Inc. et al.*, Case No. 2:08-cv-244 (E.D. Tex.).

Drs. Phinney and Souri have been retained by Convolve for the purposes of providing expert testimony in the SDNY case only. Drs. Phinney and Souri have not been designated to testify in the EDTX case, and in fact have no involvement with the EDTX case. Nevertheless, since April of 2010, Defendants have served a series of improper subpoenas upon Drs. Phinney

1

and Souri.  These harassing subpoenas serve no purpose other than to seek privileged and otherwise protected information and would require Drs. Phinney and Souri to violate orders entered in the SDNY case.

### A.      Pending Litigation In The Southern District Of New York

As explained *supra*, Convolve is the plaintiff in a pending infringement action before the United States District Court for the Southern District of New York ("the SDNY court") involving the '473 Patent.  *Convolve, Inc. et al. v. Compaq Computer Corp.*, Case No. 00 Civ. 5141 (GBD)(JCF) (S.D.N.Y.).  On September 21, 2000, the SDNY court entered a Protective Order in the SDNY case to protect the confidential information of parties Convolve, Compaq, and Seagate.  *See* Ex. A, *Convolve, Inc. et al. v. Compaq Computer Corp.*, Case No. 00 Civ. 5141, Dkt. 25 (S.D.N.Y. Sept. 21, 2000).  In pertinent part, the SDNY Protective Order provides:

> 6.      "CONFIDENTIAL INFORMATION, ATTORNEYS EYES ONLY INFORMATION, and "[PARTY] SENSITIVE SUPERCONFIDENTIAL INFORMATION" shall be held in confidence by each authorized recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any other purpose, and shall not be disclosed to any person who is not an authorized recipient.    All produced "CONFIDENTIAL INFORMATION, ATTORNEYS EYES ONLY INFORMATION, and "[PARTY] SENSITIVE SUPERCONFIDENTIAL INFORMATION" shall be carefully maintained so as to preclude access by persons who are not authorized recipients.

Ex. A, SDNY Protective Order.  As signatories to the SDNY Protective Order, Drs. Phinney and Souri are not permitted to disclose the confidential information that they have received in connection with their roles as experts in the SDNY case to individuals who are not signatories to the SDNY Protective Order.

In addition to the SDNY Protective Order, the SDNY court also entered an Expert Discovery Order in the SDNY case, which precludes the discovery of draft expert reports and

substantially all attorney-expert communications.  Ex. B, SDNY Expert Discovery Scheduling

Order And Protocol.  Specifically, the Expert Discovery Order provides:

> 3.  The parties agree that they will not exchange, and will not seek, discovery concerning:
>> a.  Any communications or correspondence exchanged by the parties, their attorneys or consultants with any expert, unless the expert relied on the communication or correspondence in drafting and/or formulating (i) his/her final expert report; or (ii) any charts, graphs, illustrations, summaries or other exhibits that the expert or party presenting the expert intends to use to explain, illustrate or support the expert's testimony;
>> b.  Any drafts of expert reports; or
>> c.  Any notes or drafts of charts, graphs, illustrations, summaries or other exhibits prepared by, or on behalf of, the expert.

Id. at ¶ 3.  Under the Expert Discovery Order, Drs. Phinney and Souri's communications with

counsel and/or Convolve, their drafts, and their notes are not discoverable.

### B.      Pending Litigation In The Eastern District Of Texas

In 2008, Convolve filed suit against Defendants in this Court alleging infringement of the

'473 Patent.  *Convolve, Inc. v. Dell Inc. et al.*, Case No. 2:08-cv-244 (E.D. Tex.).  In response,

Defendants requested that Convolve produce materials from the SDNY case, including

documents that contain Seagate and Compaq confidential information.  In August and September

of 2010, the parties to the EDTX case signed stipulations with Compaq and Seagate that permit

the production of discovery materials from the SDNY case to the parties in the EDTX case.  Ex.

C and D, Compaq and Seagate Stipulations.

Pursuant to the Compaq and Seagate stipulations, Convolve has produced discoverable

SDNY litigation material to Defendants, including unredacted copies of Drs. Phinney and

Souri's SDNY litigation expert reports and their SDNY deposition transcripts and exhibits.

However, neither the Compaq and Seagate Stipulations in the EDTX case, nor the SDNY

Protective Order, permit Drs. Phinney or Souri to disclose information to Defendants.  Moreover,

the Compaq and Seagate Stipulations do not purport to negate the protections of the SDNY Expert Discovery Order or the Federal Rules of Civil Procedure, under which Drs. Phinney and Souri's communications with counsel and with Convolve, as well as their drafts and notes, remain immune from discovery.

### C.     The Improper Subpoenas Served On Convolve's Non-Testifying Experts

Drs. Phinney and Souri are not fact or expert witnesses with respect to the EDTX litigation.  Nevertheless, on April 23, 2010, the Defendants provided Convolve with notice of subpoenas ("the April 23rd subpoenas") issued by the District Court for the Southern District of New York to Drs. Phinney and Souri (as well as of three other subpoenas directed to Convolve's experts in other jurisdictions).  *See* Ex. E and F, Phinney and Souri Subpoenas of April 23, 2010. Although couched as subpoenas for the production of documents, the April 23rd subpoenas essentially sought answers to a series of interrogatories, demanding that Drs. Phinney and Souri provide detailed narrative responses relating to their work as testifying experts in the SDNY case, without actually requiring the production of documents.  *Id.*  During a meet and confer concerning the impropriety of the April 23rd subpoenas, Defendants agreed to withdraw the subpoenas and indicated to Convolve's counsel a desire to serve replacement subpoenas at some point in the future.  Ex. G, Werner Email of May 6, 2010.

Defendants served replacement subpoenas on Drs. Phinney and Souri on or around May 7, 2010 ("the May 7th subpoenas").[1]  Ex. H and I, Phinney and Souri Subpoenas of May 7, 2010.

---

[1] Notably, Defendants failed to provide counsel for Convolve with any notice of the May 7th subpoenas until May 17, 2010, in violation of Rule 45(b)(1).  *See* Ex. J, Carr Email of May 17, 2010; Ex. K, Werner Email of May 17, 2010.  When Convolve's counsel  learned of the May 7th subpoenas, they immediately sought a corresponding extension of time to file any necessary motions pertaining to the subpoenas.  *Id.*  However, Defendants initially refused to agree to any extension of time, and moreover alleged that they had provided "prior notice" of their intent to serve replacement subpoenas, despite counsel for Convolve's citation of case law to the contrary.

The contents of the May 7th subpoenas were similar to the April 23rd subpoenas, although they now required the production, rather than the identification, of documents.  *Id.*  Drs. Phinney and Souri timely served objections to the May 7th subpoenas on Defendants.  Defendants did not seek to enforce the subpoenas following the service of objections.  Additionally, Defendants agreed that Convolve need not file any motions with respect to the subpoenas at that time.  Ex. M, Werner Email of May 26, 2010.

Several months later, on September 15, 2010, Defendants served a third round of subpoenas ("the September 15th subpoenas") on Drs. Phinney and Souri.  Exs. N and O, Phinney and Souri Subpoenas of September 15, 2010.  The September 15th subpoenas were substantively identical to the May 7th subpoenas, and again sought the production of materials from Drs. Phinney and Souri that are subject to the SDNY Protective Order and/or the SDNY Expert Discovery Order.  Drs. Phinney and Souri again timely objected to the third set of subpoenas, and again, Defendants did not seek to enforce the subpoenas.  Additionally, as with the May 7th subpoenas, Defendants agreed that Convolve need not file any motions, such as a motion for protective order, with respect to the September 15th subpoenas at that time.

On November 11, 2010, Defendants sent a letter to counsel for Drs. Phinney and Souri, purporting to follow up on the objections to the September 15th subpoenas.  Ex. P, Werner Letter of November 11, 2010.   Not only did Defendants again demand the production of SDNY materials from Drs. Phinney and Souri, they also requested that privilege logs for all documents subject to a claim of privilege and responsive to the subpoenas be produced by Drs. Phinney and Souri.  Counsel for Drs. Phinney and Souri timely responded to Defendants' letter, reiterating the objections to the September 15th subpoenas and providing case law in support of Drs. Phinney

---

Ex. L, Second Carr email of May 17, 2010.

and Souri's position.  Ex. Q, Aguilar Email of December 10, 2010.  Additionally, counsel for Drs. Phinney and Souri explained to Defendants that it was unduly burdensome to ask Drs. Phinney and Souri, who are non-parties to the EDTX case and not testifying in the litigation, to produce lengthy privilege logs.

Finally, on March 21, 2011, Defendants provided Convolve with notice of a fourth set of subpoenas issued by the District Court for the Southern District of New York to Drs. Phinney and Souri.[2]  Ex. R and S, Phinney and Souri Subpoenas of March 21, 2011.  Rather than seeking the production of documents, Defendants' March 21st subpoenas command the testimony through deposition of Drs. Phinney and Souri in connection with Convolve's pending litigation before this Court – a litigation in which Drs. Phinney and Souri are neither fact nor expert witnesses.

## II.   ARGUMENT

### A.   Convolve Has Standing To Seek A Protective Order And This Court Has Jurisdiction To Rule

As a party to this action, Convolve has standing to seek a protective order.  Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .");  *see also* 6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 26.102[1] (3d ed. 2010).  Moreover, this Court is the proper forum in

---

[2] In addition to the notice provided of subpoenas for Drs. Phinney and Souri, Defendants also noticed a deposition subpoena for Dr. George Barbastathis.  Similar to Drs. Phinney and Souri, this was the fourth subpoena directed to Dr. Barbastathis by Defendants in less than a year.  Like Drs. Phinney and Souri, Dr. Barbastathis is not a testifying expert in this case, and has no involvement in the EDTX litigation.  Rather, Dr. Barbastathis was retained by Convolve for the purpose of participating in reexamination proceedings before the U.S. Patent and Trademark Office concerning the '473 Patent.  On April 1, 2011, Defendants informed Convolve that they had yet to effect personal service of the subpoena on Dr. Barbastathis.  As such, a motion for protective order with respect to Dr. Barbastathis is premature at this time.  However, it is Convolve's understanding that Defendants will continue to pursue discovery from Dr. Barbastathis.  Thus, should Defendants eventually effect personal service on Dr. Barbastathis, Convolve expects to file a second motion for protective order at that time.

which to bring a motion for protective order.  Rule 26 states that a motion for protective order may be filed in the court in which the action is pending. Fed. R. Civ. P. 26(c)(1).  Therefore, this Court has jurisdiction to issue a protective order concerning the noticed depositions of Drs. Phinney and Souri.  6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 26.102[3] (3d ed. 2010).

> **B.    The Phinney And Souri Subpoenas Are Improper And Therefore Good Cause Exists For A Protective Order Precluding Defendants From Taking The Depositions**

Under Rule 26(c), this Court is authorized to issue a protective order upon a showing that good cause exists for protection from the discovery sought.  Fed. R. Civ. P. 26(c)(1); *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 595 (E.D. Tex. 2003).  Good cause exists  when justice requires the protection of a party or person from any annoyance, oppression, or undue burden. *Hussey*, 216 F.R.D. at 595.  Upon a showing of good cause, this Court has the authority to issue an order forbidding the discovery sought by Defendants.  Fed. R. Civ. P. 26(c)(1)(A). As explained, *infra*, the subpoenas directed to Drs. Phinney and Souri are improper because they are harassing in nature and impose undue burdens on Drs. Phinney and Souri.  Thus, good cause exists for a protective order precluding Defendants from taking the noticed depositions.

> **1.    The Phinney And Souri Subpoenas Impermissibly Seek Discovery From Experts Not Designated To Testify In The Underlying Litigation**

The subpoenas served on Drs. Phinney and Souri are improper because they seek discovery from experts who have not been retained for the purpose of testifying in the underlying litigation.[3]  Drs. Phinney and Souri are testifying experts in the SDNY case only.  They are not

---

[3] The face of all subpoenas directed to Drs. Phinney and Souri identify this case – litigation in the Eastern District of Texas – as the relevant proceeding, clearly indicating that Defendants are seeking the discovery for the EDTX case, even though Drs. Phinney and Souri have no involvement with the EDTX case.

testifying experts in the EDTX case, and in fact, have no involvement in the EDTX litigation. Rule 26 only permits the depositions of experts who may testify at trial. Fed. R. Civ. P. 26(b)(4)(A). Discovery from experts who are not expected to be called as trial witnesses is not ordinarily allowed, absent "exceptional circumstances" justifying such discovery. Fed. R. Civ. P. 26(b)(4)(D).

The distinction in Rule 26(b)(4), which permits discovery of testifying experts, but not non-testifying experts, is based in part on the need to prepare for cross-examination. Ex. T, *Fast Memory Erase, LLC v. Spanvision, Inc.*, No. 3-08-CV-0977-M, 2009 U.S. Dist. LEXIS 117462, at *10 (N.D. Tex. Dec. 16, 2009); Ex. U, *In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig.*, 2009 U.S. Dist. LEXIS 34033, at *10 (S.D.N.Y. Apr. 21, 2009); *In re Polymedica Corp. Sec. Litig.*, 235 F.R.D. 28, 33 (D. Mass. 2006) ("Rule 26(b)(4) thus requires discovery of expert witnesses in order to allow the opposing party a fair opportunity to prepare to cross-examine the witness as to his or her expert opinion. In the case of a non-testifying expert, whose opinion will not be presented in court, however, fairness does not require discovery."). Thus, discovery is typically allowed of testifying experts because they will testify at trial, and, therefore, will be subject to cross-examination by opposing counsel. Non-testifying experts, however, are not expected to testify at trial and therefore no such need for discovery exists. Here, Drs. Souri and Phinney are not testifying in the EDTX case, and as such, no cross-examination concerns are implicated.[4] *Adelphia*, 2009 U.S. Dist. LEXIS 34033, at *10; *see also In re Polymedica Corp.*, 235 F.R.D. at 33.

---

[4] This does not prejudice Defendants' ability to use materials from Drs. Souri and Phinney in the present litigation. To the extent Defendants wish to use the expert reports of Drs. Phinney and Souri in the EDTX litigation, Defendants possess unredacted copies of these expert reports and can use these reports to cross-examine Convolve's expert designated to testify in the EDTX case.

30419448.1

The Federal Rules do allow for discovery of a non-testifying expert under limited "exceptional circumstances." Fed. R. Civ. P. 26(b)(4)(D). Such "exceptional circumstances" might exist where the non-testifying expert has unique factual and discoverable knowledge, or if the opposing party has been unable to procure its own expert due to the highly specialized nature of the case. Here, Defendants have identified no "exceptional circumstances" justifying the depositions of non-testifying experts. Indeed, to the contrary, Defendants have retained their own experts to provide opinions concerning the '473 Patent and have made no showing of need for this discovery. Thus, no such exceptional circumstances exist.

This Court has similarly held that it is improper to depose an expert when he or she is not designated as a testifying expert in the underlying litigation. Ex. V, *Roy-G-Biv Corp. v. Fanuc Ltd.*, No. 2:07-CV-418, 2009 U.S. Dist. LEXIS 58338 (E.D. Tex. July 9, 2009) (Everingham, J.) (granting protective order concerning subpoenas served on six experts and explaining that experts could only be deposed at a later date *if* they were identified as testifying experts). Several other district courts have also noted that discovery from experts who are not participating in the underlying litigation is improper. *See, e.g.*, *Plymovant Corp. v. Air Tech. Solutions, Inc.*, 243 F.R.D. 139, 143 (D.N.J. 2007) (noting that, with respect to non-witness experts who will not be subject to cross-examination at trial, the need for discovery is absent); Ex. W, *Intervet, Inc. v. Merial Ltd.*, No. 8:07CV194, 2007 U.S. Dist. LEXIS 44970, at *2-5 (D. Neb. June 20, 2007) (quashing subpoena served on expert who provided declaration concerning claim construction in prior litigation concerning the same patent, but was not retained as a testifying or consulting expert in the present litigation); Ex. X, *Goss Int'l Americas, Inc. v. MAN Roland*, 2006 U.S. Dist. LEXIS 28160 (D.N.H. 2006) (denying motion to compel discovery from individual who served as an expert in prior litigation and PTO proceedings, but who was neither a testifying nor

consulting expert in the current litigation); *Moore U.S.A. Inc. v. Standard Register Co.*, 206 F.R.D. 72, 75 (W.D.N.Y. 2001) (denying discovery from entity retained as expert for plaintiff in other litigation but not the instant litigation).  Indeed, compelling experts to provide discovery in every subsequent litigation involving a patent for which they previously provided expert testimony would discourage individuals from serving as experts and create a chilling effect.

In this instance, neither Dr. Phinney nor Dr. Souri is a testifying expert in the EDTX case. Drs. Phinney and Souri were retained solely for the purpose of providing expert testimony in the SDNY case, and their opinions are not at issue in the EDTX case.  Accordingly, Defendants are not entitled to discovery from Drs. Phinney and Souri and thus good cause exists to grant a protective order.

### 2.     The Phinney And Souri Subpoenas Are Improper Because They Seek Privileged Or Other Protected Information

The only information possessed by Drs. Phinney and Souri that is not already in the possession of Defendants is privileged or otherwise protected material, and thus Defendants are not entitled to its discovery.  Fed. R. Civ. P. 45(c)(3)(A)(iii).

As noted above, Defendants have already received copies of Drs. Phinney and Souri's expert reports and deposition transcripts from the SDNY case.  The discovery repeatedly sought by Defendants through the subpoenas issued to Drs. Phinney and Souri is protected under the SDNY court's orders, as well as the Federal Rules of Civil Procedure.  Specifically, the SDNY Expert Discovery Order precludes the discovery of draft expert reports and other draft documents, communications exchanged between the parties, their attorneys or other consultants with any expert, and the expert's notes.  Thus, under the SDNY Order, the discovery sought by Defendants is protected, and thus the subpoenas are improper.[5]

---

[5] Convolve has proceeded in the SDNY litigation with the reasonable expectation that the SDNY

30419448.1

Furthermore, the Federal Rules of Civil Procedure expressly preclude discovery of the information sought by Defendants.  Rule 26(b)(4)(B) protects draft reports and disclosures prepared by experts in preparation for trial, and Rule 26(b)(4)(C) provides protection for communications between expert witnesses and a party's attorneys.  Thus, the discovery sought by Defendants is similarly precluded by the Federal Rules of Civil Procedure.

> 3.     **The Phinney And Souri Subpoenas Are Improper To The Extent They Seek To Compel The Disclosure Of Confidential Information From Drs. Phinney And Souri That Is Subject To An Existing Protective Order**

The SDNY Protective Order clearly states that confidential information "shall be held in confidence by each authorized recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any other purpose, and shall not be disclosed to any person who is not an authorized recipient."  Ex. A, SDNY Protective Order, ¶ 6.  As signatories to the SDNY Protective Order, Drs. Phinney and Souri are bound by its provisions.  Thus, the confidential information that Drs. Phinney and Souri relied upon in preparing their expert reports, and which was provided to them pursuant to the terms of the SDNY Protective Order, may not be disclosed to unauthorized recipients.  While discovery has been produced to Defendants pursuant to the terms of the Compaq and Seagate Stipulations, these Stipulations only provide for the production of materials from the SDNY case, and do not permit or provide

---

Protective Order and Expert Discovery Order would be enforced.  To permit the discovery of information protected by these Orders at this time would unfairly prejudice Convolve.  *See* Ex. Y, *Medical Diagnostic Imaging, PLLC v. Carecore Nat.*, *LLC*, Nos. 06 Civ. 7764 and 06 Civ. 13516, 2009 U.S. Dist. LEXIS 60979 (S.D.N.Y. July 16, 2009) (denying intervener's motion to modify protective order and explaining: "It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied. Once a court enters a protective order and the parties rely on that order, it cannot be modified absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." (internal quotations marks and citations omitted)).

30419448.1

for discovery through other channels.  Thus, the stipulations alone cannot relieve Drs. Phinney and Souri from their obligations under the SDNY Protective Order.  Ex. C and D.

The Defendants' subpoenas place Drs. Phinney and Souri, and by extension, Convolve, in an untenable position.  Drs. Phinney and Souri cannot comply with Defendants' subpoenas without violating the SDNY Protective Order, and Convolve, as a party to the SDNY Protective Order, would likely bear blame for any violations.  Convolve, therefore, has an interest in ensuring that neither it nor its experts violate the SDNY Protective Order by disclosing confidential information in a manner not prescribed by the Compaq and Seagate Stipulations.  Accordingly, because Defendants' subpoenas would require Drs. Phinney and Souri to violate the SDNY Protective Order, and because the subpoenas would require the disclosure of confidential information in a manner not contemplated by the Compaq and Seagate Stipulations, the Phinney and Souri subpoenas are improper.

In conclusion, the subpoenas served upon Drs. Phinney and Souri are improper because they (1) impermissibly seek discovery from non-testifying experts; (2) require the disclosure of privileged and other protected information; and (3) seek to compel the disclosure of confidential information subject to an existing protective order.  The subpoenas  are not only harassing in nature, given that they seek to compel prohibited discovery from non-testifying experts, but they also impose undue burdens on Drs. Phinney and Souri because compliance would require the violation of the SDNY court orders.  Because Convolve has shown that the Phinney and Souri subpoenas are unduly burdensome and harassing, good cause exists to grant a protective order precluding the depositions of Drs. Phinney and Souri.

30419448.1

### III.    <u>CONCLUSION</u>

For the foregoing reasons, Convolve respectfully requests that this Court issue a protective order precluding the depositions of Drs. Joshua Phinney and Shukri Souri.   A proposed order is attached.

13

DATED: April 5, 2011         Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

/s/ Elizabeth V. Thomas
A. James Anderson (admitted *pro hac vice*)
Georgia Bar No. 016300
Anna C. Halsey (admitted *pro hac vice*)
Georgia Bar No. 208034
Elizabeth V. Thomas (admitted *pro hac vice*)
Georgia Bar No. 624263
Ailis L. Burpee (admitted *pro hac vice*)
Georgia Bar No. 623492

2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, Georgia  30326-1386
Telephone:  (404) 760-4300
Facsimile:  (404) 233-1267
Email:  ajanderson@rkmc.com
Email:  achalsey@rkmc.com
Email:  evthomas@rkmc.com
Email:  alburpee@rkmc.com

Marla R. Butler (admitted *pro hac vice*)
Georgia Bar No. 099917
Bryan J. Vogel (admitted *pro hac vice*)
New York Bar No. 3933736

601 Lexington Avenue
34th Floor
New York, NY  10022
Telephone:  (212) 980-7400
Facsimile: (212) 980-7499
Email:  mrbutler@rkmc.com
Email:  bjvogel@rkmc.com

Eric M. Albritton
Texas State Bar No. 00790215
Stephen E. Edwards
Texas Bar No. 00784008
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas  75606

30419448.1

Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas  75606
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
Email:  jw@jwfirm.com

***ATTORNEYS FOR PLAINTIFF CONVOLVE, INC.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 5th day of April 2011.

/s/ Elizabeth V. Thomas
Elizabeth V. Thomas

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(h), A. James Anderson, Elizabeth V. Thomas, and Steve E. Edwards, counsel for Convolve, Inc., ("Convolve") conferred in good faith with Roger Fulghum, Bruce Wessel, and Doug Lumish, counsel for Defendants, during a meet and confer by telephone on April 1, 2011, to discuss the subpoenas served upon Drs. Phinney and Souri and Convolve's intention to file a motion for protective order with respect thereto.  Despite the parties' good faith efforts to resolve this dispute, discussions have conclusively ended at an impasse and Defendants have indicated they are opposed to the relief requested by Convolve in this motion.

/s/ Elizabeth V. Thomas
Elizabeth V. Thomas

15