**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONVOLVE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:08-cv-244 |
| v. | § | |
| | § | |
| DELL INC., WESTERN DIGITAL CORPORATION, HITACHI GLOBAL STORAGE TECHNOLOGIES, INC., and HITACHI LTD., | § § § § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS WESTERN DIGITAL CORP.,
HITACHI GLOBAL STORAGE TECHNOLOGIES, INC., AND HITACHI LTD.'S
SUR-REPLY ON PLAINTIFF'S MOTION FOR LEAVE TO
<u>SUPPLEMENT ITS LOCAL PATENT RULE 3-1 AND 3-2 DISCLOSURES</u>**

In an attempt to change at the eleventh hour its original infringement theory, Convolve proposes untimely contention amendments that would assert a fallback theory that was previously undisclosed. As explained in Hitachi and Western Digital's Opposition Brief, there is no justification for Convolve's untimely amendments. Convolve's Reply confirms this, effectively conceding that the Court's construction of "data storage device" was not a surprise, and that it could have disclosed this theory long ago.

Convolve attempts to skirt this important issue by downplaying the amendments, which it labels repeatedly as "the clarifying amendments," by contending that the amendments "merely clarify." But the plain text of those amendments reveals Convolve's proposed amendments are substantive and attempt to swap one component of Hitachi's and Western Digital's accused products for another, thereby altering fundamentally Convolve's infringement theory. Convolve's attempt to shroud its substitute theory as being related to scheduling discussions between the parties simply fails on the facts—the Court rejected the schedule upon which Convolve relies.

Despite the fact that this issue was fully joined during claim construction last year, Convolve simply decided to keep secret its fallback theory until well after the Court resolved that dispute. The record confirms that Convolve had no justification for doing so. Moreover, there is no reason to prejudice the defendants based on Convolve's decision to take its chances with claim construction rather than disclose this infringement theory at the outset. The motion should be denied.

I. **CONVOLVE SHOULD NOT BE ALLOWED TO AMEND ITS INFRINGEMENT CONTENTIONS TO INCLUDE AN UNTIMELY ALTERNATE THEORY OF INFRINGEMENT**

Having effectively conceded that it could have anticipated the Court's construction of "data storage device," Convolve now puts all of its weight on the argument that the amendment is merely a "clarification" of its existing theory. Reply at 1-2 (no longer characterizing the Court's claim constructions as unanticipated). But the plain text of Convolve's amendment and the vigor with which it is pursuing this amendment belie the position that the amendment has no substance. Indeed, Convolve's amendment seeks a substantive change to replace a "hard disk drive" with a "head disk assembly" (which is but one component of the previously identified hard disk drive) as the alleged data storage device. *See, e.g.*, Mot., Exh. 2 at pp. 37, 40 (replacing "hard disk drive" by the term "data storage device" and a definition of it as the "head disk assembly"). The plain text of the amendments thus flatly contradicts Convolve's representation that its proposed amendments identify the same components as its existing contentions. Reply at 2. Convolve's claim that it identifies no new infringing structure is untrue: Convolve's fallback theory of infringement excludes the processor—which was previously included—from the data storage device and changes the relationship between the processor and the remaining components of the hard disk drive from that in Convolve's original theory of infringement. *See, e.g.*, Mot., Exh. 2 at pp. 39, 42 (changing "processor/controller of the hard disk drive" to "processor/controller . . . attached to and sold with the data storage device").

That this constitutes a brand new theory of infringement can be most readily seen by integrating Convolve's original and fallback positions into one of the limitations construed by the Court:

| Old Infringement Position | New Infringement Position |
|---|---|
| outputting commands **[from the processor of the hard disk drive]** to the **hard disk drive** to alter seek trajectory shape by shaping input signals to the **hard disk drive** . . . | outputting commands **[from a separate processor]** to the **head disk assembly** to alter seek trajectory shape by shaping input signals to the **head disk assembly** . . . |

By redefining the data storage device's relationship to the hard disk drive processor, Convolve has also changed its theory as to what sends the shaped input signal from a component internal to the data storage device to one external to the data storage device. This difference is not insubstantial, and this was precisely the dispute concerning the meaning of several terms that the parties addressed in their claim construction briefing and which the Court resolved in its ruling. *See, e.g.*, *Markman* Order at 20-21 (acknowledging the dispute). Moreover, consistent with its original theory, Convolve argued at the claim construction stage that the claim term "outputting commands to the data storage device" allowed for commands to originate from within the data storage device. *See, e.g.*, D.I. 166 at 22. But the Court declined to adopt Convolve's construction. *Markman* Order at 23. As a result, and as explained in Dell's motion for clarification of the claim construction order, Convolve's prior infringement theory identifying a processor within the data storage device precludes a finding of infringement. *See, e.g.*, D.I. 262 at 3.

Following the claim construction ruling, Convolve has taken a two-pronged effort to salvage its claims: First, it misreads the Court's construction of data storage device as ***prohibiting*** a processor and, second, it replaces its original infringement theory with a previously undisclosed theory that is consistent with that misreading. Convolve's amendments are thus no "clarification" at all. And the fact that Convolve admittedly could have disclosed these amendments earlier bars their disclosure under the guise of final infringement contentions. *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667-68 (E.D. Tex. 2007) (finding amendments

based on known claim construction positions need not be allowed even if timely under the case schedule and Patent Local Rules); *see also O2 Micro Int'l Led. V. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1367 (Fed. Cir. 2006) (rejecting amendment to add new infringement theory as untimely).

## II.  CONVOLVE'S UMTIMELY AMENDMENTS PREJUDICE DEFENDANTS ABILITY TO PREPARE THEIR CASE

Convolve's second argument in support of its amendments is equally strained. Convolve asserts that Defendants are not prejudiced by Convolve's late disclosure of "final infringement contentions" under the existing case schedule because Hitachi and Western Digital agreed to a date for final infringement contentions as part of a different schedule that the Court did not adopt.[1]  Reply at 3. As discussed above, even if the February 24, 2011 date were effective, it would still not excuse Convolve's attempt to add a new fallback theory of infringement based on a known claim construction dispute. *Nike*, 479 F. Supp. at 667-68.

In any case, even if Convolve's amendments were appropriate, they are untimely. Regardless of what agreements these parties may have come to regarding the case schedule, the Court rejected them. Furthermore, Convolve's argument cherry-picks a revised final contentions deadline from a comprehensive revised schedule that included moving the trial date out by four months. In rejecting that schedule, the Court maintained the July 5 trial date and set an expedited schedule for expert discovery, dispositive motions, and pretrial disclosures. Accordingly, what might have been reasonable for genuine final contentions under the prior schedule—which provided for four additional months to review and prepare a response to such contentions—is not reasonable under the current schedule, which does not provide for this

---

[1] Of course, this already thin excuse fails to take into account that there was never an agreement among all the parties since Dell never agreed to the revised schedule that was rejected by the Court.

4

additional time.  Convolve's argument that, notwithstanding the Court's decision, Hitachi and Western Digital "consented" to the prejudice from late-disclosed infringement theories under the current schedule therefore falls apart on the facts.

Other than its hollow insistence that the amendments are merely clarifying and its myopic focus on a schedule rejected by the Court, Convolve makes no effort to address the prejudice to Defendants from having to respond to Convolve's newly disclosed infringement theories (as well as the other newly disclosed allegations Convolve is attempting to add at the last minute through other pending motions) in the course of the current expedited schedule.  Accordingly, Convolve's amendments should be rejected.

## III.  CONCLUSION

Because Convolve cannot demonstrate diligence in bringing its proposed amendments, they should be denied.  *O2 Micro*, 467 F.3d 1355, 1366.  Convolve's remaining arguments regarding the required showing of good cause are just as unpersuasive.  If, as Convolve claims, its amendments are important (Reply at 4-5), it should have brought them at its earliest opportunity and not well after the proper time for doing so.  *Nike*, 479 F. Supp. 2d at 668 (rejecting argument that would encourage parties to "hid[e] important contentions until shortly before trial").  Convolve's other arguments regarding whether good cause has been shown similarly fail for the reasons discussed above and in Defendants' Opposition.  Because Convolve cannot satisfy the burden of showing good cause for its proposed amendments to its infringement contentions, its motion to amend should be denied.

| | |
|---|---|
| Date: April 5, 2011 | Respectfully submitted, |

                                           */s/ Jeffrey G. Homrig*
                                           Douglas E. Lumish (Lead Attorney)
                                           California State Bar No. 183863
                                           Jeffrey G. Homrig
                                           California State Bar No. 215890
                                           Joseph H. Lee
                                           California State Bar No. 248046
                                           J. Jason Lang
                                           California State Bar No. 255642
                                           Joseph B. Shear
                                           California State Bar No. 262222
                                           Kasowitz, Benson, Torres & Friedman LLP
                                           101 California Street, Suite 2300
                                           San Francisco, California 94111
                                           T: (415) 421-6140, F: (415) 398-5030
                                           Email: dlumish@kasowitz.com
                                           Email: jhomrig@ kasowitz.com
                                           Email: jlee@kasowitz.com
                                           Email: jlang@kasowitz.com
                                           Email: jshear@kasowitz.com

                                           Eric H. Findlay
                                           Texas State Bar No. 00789886
                                           Brian Craft
                                           Texas State Bar No. 04972020
                                           Findlay Craft, LLP
                                           6760 Old Jacksonville Hwy, Suite 101
                                           Tyler, TX 75703
                                           T: (903) 534-1100, F: (903) 534-1137
                                           Email: efindlay@findlaycraft.com
                                           Email: bcraft@findlaycraft.com

                                           *ATTORNEYS FOR DEFENDANTS*
                                           *HITACHI, LTD. AND*
                                           *HITACHI GLOBAL STORAGE*
                                           *TECHNOLOGIES, INC.*

                                           */s/ Bruce Wessel (with permission)*
                                           Bruce Wessel (admitted *pro hac vice*)
                                           California State Bar No. 116734
                                           Thomas C. Werner (admitted *pro hac vice*)
                                           California State Bar No. 223792
                                           Irell & Manella L.L.P.
                                           1800 Avenue of the Stars, Suite 900

Los Angeles, California 90067
T: (310) 203-7045, F: (310) 203-7199
Email: bwessel@irell.com
Email: twerner@irell.com

Reynaldo C. Barcelo (admitted *pro hac vice*)
California State Bar No. 199741
Barcelo, Harrison & Walker, LLP
2901 West Coast Highway, Suite 200
Newport Beach, California 92663
T: (949) 340-9736, F: (949) 258-5752
Email: rey@bhiplaw.com

Harold Kip Glasscock, Jr.
Texas State Bar No. 08011000
Kip Glasscock Attorney at Law
550 Fannin, Suite 1350
Beaumont, Texas 77701
T: (409) 833-8822, F: (409) 838-4666
Email: kipglasscock@hotmail.com

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
T: (903) 934-8450, F: (903) 934-9257
Email: Melissa@gillamsmithlaw.com

*ATTORNEYS FOR DEFENDANT WESTERN DIGITAL CORPORATION*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on April 5, 2011 pursuant to Local Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service.

       /s/ *Jeffrey G. Homrig*
Jeffrey G. Homrig