# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
|     Plaintiff, | § | CIVIL ACTION NO. 2:08-CV-244-CE |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| DELL INC., *et al.*, | § | |
| | § | |
|     Defendants. | § | |

**PLAINTIFF CONVOLVE, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER TO PRECLUDE DISCOVERY FROM CONVOLVE, INC.'S <u>NON-TESTIFYING EXPERTS</u>**

On April 5, 2011, Plaintiff Convolve, Inc. ("Convolve") filed a Motion for Protective Order with respect to two subpoenas served by Defendants Dell Inc., Hitachi Ltd., Hitachi Global Storage Technologies, Inc., and Western Digital Corporation (collectively "Defendants") upon experts retained by Convolve in a completely separate patent infringement case.  The subpoenas served by Defendants seek the deposition testimony of Drs. Joshua W. Phinney and Shukri J. Souri ("Drs. Phinney and Souri"), even though Drs. Phinney and Souri are *not* testifying experts in this litigation.  Because the subpoenas are improper and no exceptional circumstances exist that would justify waiver of the protections afforded by Federal Rule of Civil Procedure 26, Convolve respectfully requests that this Court grant its motion for a protective order with respect to the subpoenas served upon Drs. Phinney and Souri.[1]

## I. DRS. PHINNEY AND SOURI ARE ENTITLED TO THE PROTECTIONS OF RULE 26(B)(4)(D) AND THEREFORE THE SUBPOENAS ARE IMPROPER

Despite Defendants' assertions to the contrary,[2] Drs. Phinney and Souri are not testifying experts in this litigation ("the EDTX case").  Drs. Phinney and Souri were retained by Convolve *solely* for the purpose of providing expert testimony in a case alleging infringement of United States Patent No. 6,314,473 ("the '473 Patent") filed in the Southern District of New York ("the SDNY case").  Drs. Phinney and Souri have not been designated to testify in the EDTX case, and indeed have no involvement with the EDTX case.

Nevertheless, Defendants incorrectly assert that Drs. Phinney and Souri are subject to discovery in the EDTX case because of their role as experts in the SDNY case.  Rule 26 only

---

[1] Plaintiff Convolve and Drs. Phinney and Souri also filed a Joint Motion to Quash the subpoenas in the court that issued the subpoenas, the U.S. District Court for the Southern District of New York.  On April 14, 2011, that court ordered that the Motion to Quash be adjourned pending resolution of Convolve's Motion for Protective Order, now before this Court.

[2] By filing their opposition brief under seal pursuant to this Court's Protective Order, Defendants ensured that counsel for Drs. Phinney and Souri would be prevented from examining arguments concerning their supposed compelling need to depose Drs. Phinney and Souri.

1

"provides for discovery from an expert who is to testify at *the* trial." *See* Advisory Committee Notes to Fed. R. Civ. P. 26(b)(4) (emphasis added). Experts who are not expected to be called as witnesses at trial are ordinarily protected from discovery. Fed. R. Civ. P. 26(b)(4)(D). Indeed, district courts have refused to allow discovery from individuals who previously served as testifying experts in similar or parallel litigation. *See, e.g.*, *Moore U.S.A. Inc., v. Standard Register Co.*, 206 F.R.D. 72, 75 (W.D.N.Y. 2001) (granting motion for protective order and finding the fact that an entity was designated as a testifying expert in other patent infringement suits concerning the same technology was irrelevant to whether that entity "should be deemed either a testifying expert (or 'trial expert') or a non-testifying expert (or 'consulting expert')" in the present case); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 43-44 (S.D.N.Y. 1997) (same effect).

Notwithstanding the legal authority to the contrary, Defendants argue that Drs. Phinney and Souri may be deposed because both the EDTX case and the SDNY case concern infringement of the '473 Patent. Under the erroneous interpretation of Rule 26 urged by Defendants, a testifying expert could be compelled to provide discovery in every subsequent litigation involving the subject matter for which he or she previously provided expert testimony. Neither the Federal Rules of Civil Procedure nor the case law support such a broad interpretation. Ex. V, *Roy-G-Biv Corp. v. Fanuc Ltd.*, No. 2:07-cv-418, 2009 U.S. Dist. LEXIS 58338, at *5 (E.D. Tex. July 9, 2009) (upholding order that concluded experts could be deposed only after they were designated to testify and had served expert reports in the underlying litigation). Rather, Rule 26(b)(4)(A) only permits discovery from experts who will testify at trial, allowing the opposing party to effectively prepare for cross examination. *See* Advisory Committee Notes to Fed. R. Civ. P. 26(b)(4). Experts who will not testify in the underlying

litigation, such as Drs. Phinney and Souri, qualify as non-testifying experts and are thus afforded the protections of Rule 26(b)(4)(D). *See, e.g.*, *Bank Brussels Lambert*, 175 F.R.D. at 44.

Defendants' contention that they are entitled to discovery from Drs. Phinney and Souri because they "participated in prior USPTO proceedings" is similarly without merit. Dkt. No. 275 at 6. As an initial matter, neither Dr. Phinney nor Dr. Souri participated in proceedings before the United States Patent and Trademark Office ("the USPTO") concerning the '473 Patent. Rather, the reports of Drs. Phinney and Souri were submitted to the USPTO as part of a litigation status update during *ex parte* reexamination proceedings regarding the '473 Patent. *See* Defendants' Ex. T.[3] In fact, Convolve was under a continuing obligation to apprise the USPTO of litigation activity concerning the '473 Patent. *See* Manual of Patent Examining Procedure § 2282; 37 C.F.R. § 1.565.

Moreover, even if Drs. Phinney and Souri had participated in proceedings before the USPTO, Defendants would not be entitled to depose them in this litigation. This Court has previously held that an expert who participates in reexamination proceedings may not be deposed in litigation concerning the same patent unless he is designated as a testifying expert and has served an expert report in the litigation. Ex. V, *Roy-G-Biv Corp.*, 2009 U.S. Dist. LEXIS 58338, at *6; *see also* Ex. X, *Goss Int'l Americas, Inc. v. MAN Roland*, 2006 U.S. Dist. LEXIS 28160 (D.N.H. 2006) (denying motion to compel discovery from individual who served as an expert in PTO proceedings concerning the patent at issue, but who was neither a testifying nor consulting expert in the current litigation).[4]

---

[3] Notably, the reports of Drs. Phinney and Souri were submitted concurrently with expert reports from SDNY defendants Compaq Computer Corp. and Seagate Technology LLC challenging the validity of Convolve's patent.

[4] Plaintiff's exhibits V and X were previously submitted with Convolve's Motion for Protective Order (Dkt. No. 266), and thus are not attached hereto.

3

## II. THERE ARE NO EXCEPTIONAL CIRCUMSTANCES THAT WOULD JUSTIFY NEGATING THE PROTECTIONS OF RULE 26(B)(4)(D)

Rule 26 allows for discovery of non-testifying experts only under limited "exceptional circumstances." Fed. R. Civ. P. 26(b)(4)(D). The party seeking to demonstrate exceptional circumstances "carries a heavy burden." *In re Shell Oil Refinery*, 132 F.R.D. 437, 442 (5th Cir. 1990) (referring to Fed. R. Civ. P. 26(b)(4)(B), which is now Rule 26(b)(4)(D)). Such exceptional circumstances may exist where there is "an inability to obtain equivalent information from other sources," or where a party is unable to retain its own expert in the same field. *Id.*; *see also* 6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 26.80[2] (3d ed. 2010). However, no such circumstances exist in this case.

Defendants' claim that it is "impracticable" to explore Convolve's supposed "contradictory litigation positions" without cross examining Drs. Phinney and Souri is unconvincing. Dkt. No. 275 at 8. The primary purpose of permitting discovery from testifying experts is to allow the opposing party to prepare an effective cross examination. *In re Shell Oil Refinery*, 132 F.R.D. at 440. However, Rule 26 "recognizes that with non-testifying experts, there is no need to obtain discovery for effective cross examination." *Id.* Drs. Phinney and Souri are not testifying in the EDTX case, and as such, the cross examination concerns which Rule 26 was designed to address are completely absent.

Moreover, Defendants' assertion that the need for cross examination of Drs. Phinney and Souri constitutes "exceptional circumstances" is belied by their responsive brief itself. Defendants have already received unredacted copies of Drs. Phinney and Souri's expert reports and deposition testimony from the SDNY case. In fact, Defendants used these reports to allege an inconsistency between the opinions of Drs. Phinney and Souri and Convolve's testifying expert in the EDTX case, Dr. Val DiEuliis, in their responsive brief. Dkt. No. 275 at 8-9.

Precluding Defendants from deposing Drs. Phinney and Souri does not prejudice Defendants, because the materials from Drs. Phinney and Souri may be used to cross examine Dr. DiEuliis – the expert who is testifying in this litigation.  Additionally, Defendants have experienced no difficulty retaining their own experts to provide opinions concerning the '473 Patent, further demonstrating there are no exceptional circumstances in this case.

### III.   GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER PRECLUDING DEFENDANTS FROM TAKING THE DEPOSITIONS OF DRS. PHINNEY AND SOURI

The subpoenas directed at Drs. Phinney and Souri improperly seek discovery from experts who have not been designated to testify in this litigation, and as such clearly conflict with the provisions and purpose of Rule 26.  The improper nature of the subpoenas alone demonstrates that good cause exists for a protective order precluding the discovery sought by Defendants.  Moreover, there are no "exceptional circumstances" which would justify permitting Defendants to obtain discovery from experts who have absolutely no involvement in this litigation.  Rather, the improper subpoenas are harassing in nature and impose an undue burden on Convolve and Drs. Phinney and Souri, as they clearly seek discovery that is not within the scope of Rule 26.  As such, good cause exists for a protective order precluding the depositions of Drs. Phinney and Souri.

### IV.   CONCLUSION

For the foregoing reasons, Convolve respectfully requests that this Court issue a protective order precluding Defendants from deposing Drs. Joshua W. Phinney and Shukri J. Souri.

Respectfully submitted,

*/s/ Eric M. Albritton*

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

A. James Anderson
Georgia Bar No. 016300
ajanderson@rkmc.com
Anna C. Halsey
Georgia Bar No. 208034
achalsey@rkmc.com
Elizabeth V. Thomas
Georgia Bar No. 624263
evthomas@rkmc.com
Ailis L. Burpee
Georgia Bar No. 623492
alburpee@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 760-4300
Facsimile: (404) 233-1267

Marla R. Butler
Georgia Bar No. 099917

mrbutler@rkmc.com
Bryan J. Vogel
New York Bar No. 3933736
bjvogel@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
601 Lexington Avenue
34th Floor
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499

*Attorneys for Convolve, Inc.*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 2nd day of May 2011.

_____
Eric M. Albritton

7