**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-244-CE |
| | § | |
| DELL, INC. | § | |

## ORDER

Pending before the court is plaintiff Convolve, Inc.'s ("Plaintiff") motion: (1) for leave to supplement its 3-1 disclosures to include all of defendant Dell, Inc.'s computers incorporating Seagate hard disk drives (Dkt. No. 200); (2) for leave to file its second amended complaint (Dkt. No. 226); and (3) for leave to supplement its 3-1 and 3-2 disclosures (Dkt. No. 243). Having carefully considered the parties' arguments, the court GRANTS-in-PART and DENIES-in-PART Plaintiff's motions.

First, Plaintiff argues that good cause exists for allowing it to amend its infringement contentions to include Dell computers that incorporate hard disk drives manufactured by Seagate Technology LLC ("Seagate"). The Seagate hard drives, however, are the subject of a different pending lawsuit that Convolve filed against Seagate in the Southern District of New York ("the New York lawsuit"), which involves the same patent at issue in this lawsuit. In response to the motion to transfer venue that was filed in this case, Convolve represented to the court that the New York lawsuit "does not substantially overlap with the present action in the EDTX, and addresses many additional issues, different defendants, *and different infringing products*" (Dkt. No. 41 at 3). The court relied on this representation in balancing the 28 U.S.C. § 1404(a) *forum non conveniens* factors (Dkt. No. 103 at 6-7). Considering this along with Defendants' allegations of undue delay, the court

1

is convinced that Plaintiff has failed to meet the good cause threshold for amending its infringement contentions. Accordingly, the court DENIES Plaintiff's motion to amend its infringement contentions to include Dell computers that incorporate hard disk drives manufactured by Seagate (Dkt. No. 200).

Second, Plaintiff argues that good cause exists for granting it leave to file its second amended complaint. Plaintiff seeks to amend its complaint against defendants Dell Inc., Western Digital Corp., Hitachi Global Storage Technologies, Inc. and Hitachi Ltd. (collectively "Defendants") to: (1) include allegations of willfulness against defendants Western Digital Corp., Hitachi Global Storage Technologies, Inc. and Hitachi Ltd.; (2) include further factual support related to Plaintiff's allegations of willfulness against Defendants; and (3) update the list of accused products. Having considered the parties' arguments, the court concludes that Plaintiff's motion should be GRANTED-in-PART and DENIED-in-PART (Dkt. No. 226). Good cause exists for allowing Plaintiff to amend its complaint with regard to its willfulness allegations (i.e., amendments (1) and (2) above), and therefore, the court GRANTS the motion to that extent. The court, however, DENIES the motion to the extent that it seeks to add Seagate drives as additional accused products. Within seven days from the issuance of this order, Plaintiff is ORDERED to submit a revised version of its second amended complaint that complies with the court's rulings.

Finally, Plaintiff seeks leave to amend its infringement contentions to: (1) add additional accused products identified pursuant to ongoing discovery efforts; (2) update Hitachi Ltd. and Hitachi Global Storage Technologies, Inc.'s (collectively "Hitachi") infringement charts to be consistent with those prepared for the other Defendants; (3) clarify the language of its Local Patent Rule 3-1(c) infringement charts in light of the court's construction of "data storage device;" and (4)

2

identify additional documents responsive to Local Patent Rule 3-2 by Bates number.  Defendants only oppose Plaintiff's amendments to the extent that they seek to modify Plaintiff's infringement charts in light of the court's claim construction and add Seagate drives as additional accused products.  The court concludes that good cause exists for granting Plaintiff leave to amend its infringement charts in light of the court's construction of "data storage device."  As such, the motion is GRANTED-in-PART and DENIED-in-PART (Dkt. No. 243).  The motion is granted with regard to all unopposed amendments and Plaintiff's amendment of its infringement contentions in light of the court's claim construction order.  The motion is, however, DENIED to the extent that Plaintiff's proposed amendments seek to add Seagate drives as additional accused products.

      SIGNED this 8th day of June, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE