# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-244-CE |
| | § | |
| DELL, INC. | § | |

## ORDER

Pending before the court is plaintiff Convolve, Inc.'s ("Convolve" or "Plaintiff") motion for a protective order to preclude discovery from Plaintiff's non-testifying experts (Dkt. No. 266).

On March 21, 2011, defendants Dell Inc., Hitachi Ltd., Hitachi Global Storage Technologies, Inc., and Western Digital Corporation (collectively "Defendants") served deposition subpoenas on Drs. Joshua W. Phinney and Shukri J. Souri.  Drs. Phinney and Souri were retained by Convolve solely for the purpose of providing expert testimony in a case alleging infringement of United States Patent No. 6,314,473 filed in the Southern District of New York ("the SDNY case") – the same patent-in-suit in this case.  Drs. Phinney and Souri, however, have not been designated to testify in this case and, indeed, have no involvement with this case.  As such, neither Dr. Phinney nor Dr. Souri are subject to FED. R. CIV. P. 26(b)(4)(A), which permits a party to depose "any person who has been identified as an expert whose opinions may be presented at trial."  *See Moore U.S.A. Inc., v. Standard Register Co.*, 206 F.R.D. 72, 75 (W.D.N.Y. 2001) (granting motion for protective order and finding that the fact that an entity was designated as a testifying expert in other patent litigation concerning the same technology was irrelevant as to whether that entity "should be deemed either a testifying expert (or 'trial expert') or a non-testifying expert (or 'consulting expert')" in the present case); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 43-44 (S.D.N.Y.

1

1997) (same effect).

Rather, both Drs. Phinney and Souri fall within the protection of Rule 26(b)(4)(D) which states:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
> …
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

FED. R. CIV. P. 26(b)(4)(D). Thus, Rule 26 allows for discovery from Drs. Phinney and Souri only under limited "exceptional circumstances." *Id.* The party seeking to demonstrate exceptional circumstances "carries a heavy burden." *In re Shell Oil Refinery*, 132 F.R.D. 437, 442 (5th Cir. 1990). Here, considering that Defendants have already received un-redacted copies of Dr. Phinney's and Dr. Souri's expert reports and deposition testimony from the SDNY case, the court is not convinced that any "exceptional circumstances" exist.

Finally, Defendants' contend they are entitled to discovery from Drs. Phinney and Souri because they participated in prior USPTO proceedings. This court, however, has previously rejected this contention and has explained that an expert who participates in reexamination proceedings may not be deposed in litigation concerning the same patent unless and until he is designated as a testifying expert. *See, e.g., Tivo, Inc. v. Verizon Commc'n, Inc.*, No. 2:09-CV-257-DF-CE, Dkt. No. 164 (E.D. Tex. April 26, 2011); *Roy-G-Biv v. Fanuc Ltd.*, 2:02-CV-418-DF, 2009 U.S. Dist. LEXIS 58338 (E.D. Tex. July 9, 2009). As such, Defendants' argument is also rejected here.

In conclusion, considering that neither Dr. Phinney nor Dr. Souri have been designated testifying experts in this case and that no exceptional circumstances exist for allowing Defendants to

depose them, the court GRANTS Plaintiff's motion.

SIGNED this 8th day of June, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE