# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

| | | |
|---|---|---|
| **CONVOLVE, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 2:08-CV-244-CE** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **DELL INC.,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF CONVOLVE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO
EXCLUDE AND STRIKE THE EXPERT TESTIMONY AND EXPERT REPORT OF
<u>SETH T. KAPLAN, Ph.D.</u>**

Dell's Opposition to Convolve's Motion to Exclude fails to rebut the numerous and valid reasons raised in Convolve's brief detailing why Dell's purported expert, Dr. Kaplan, should not be permitted to testify in this case. Dell's arguments are internally inconsistent, and amount to a series of excuses that try, and fail, to justify Dell's reliance on an expert who is not qualified to opine on survey methodology, not qualified to opine on econometric analysis, and unable to perform the very analyses he seeks to critique.

## I.  DR. KAPLAN IS NOT A QUALIFIED EXPERT

Dell's Opposition cites to several cases from other jurisdictions in an attempt to support their position that Dr. Kaplan's lack of experience in survey design and econometrics is immaterial to his qualifications to opine on both areas. But Dell's cases cannot carry the day. First, Dell provides no reason for the Court to ignore the numerous Fifth Circuit cases cited in Convolve's briefing in favor of Dell's rag-tag collection of cobbled together case law from miscellaneous other courts. *See, e.g., Smith v. Goodyear Tire & Rubber Co.,* 495 F.3d 224, 227 (5th Cir. 2007) (finding that a polymer scientist was not qualified to give an expert opinion in a tire malfunction case because the scientist had no experience in applying polymer science to tires); *Wilson v. Woods,*163 F.3d 935, 938 (5th Cir. 1999) (finding that a witness with a general mechanical engineering background was not qualified to offer expert testimony on a car accident). Second, even if the Court were to accept the conclusion that Dell draws from its cited cases – that "[a]n economist, through his educational and experiential training, is qualified to testify regarding general economic principles and economic practices" – the Court cannot extrapolate from this that Dr. Kaplan, an economist specializing in international trade, is qualified to testify regarding survey design and econometric analysis, the areas in which his testimony is proffered.

Dr. Kaplan's testimony is not, as suggested by Dell, limited to general economic principles and economic practices.  Rather, Dr. Kaplan devotes much of his report to arguing that the survey performed in this case was not reliable.  In so doing, contrary to Dell's assertions, Dr. Kaplan provides *his own* opinions on the survey and does not, as asserted by Dell, merely rely on Dell's survey expert, Mr. Gelb:

> Q. Is everything you just stated to me your opinion, or are you relying on Mr. Gelb in order to formulate those opinions?
>
> MS. WOODALL: Objection, form.
>
> A. My opinion with respect to these issues are based upon my understanding of the sample having to be representative. Mr. Gelb, whose reports I reviewed, has many other objections which are his and I don't take issue with, ***but with respect to the -- the issues here, they're mine.***

Ex. 4, Kaplan Tr. at 58:25-59:9 (emphasis added).[1]  Dr. Kaplan is not qualified to provide such testimony.

Similarly, much of the remainder of Dr. Kaplan's expert report is devoted to trying to find fault with the econometric analysis performed by Convolve's expert, Dr. Gregory Leonard.  Dell even concedes that Dr. Kaplan will testify as to the robustness of Dr. Leonard's econometric discrete choice analysis.  Yet Dr. Kaplan is not qualified to testify as to econometric analysis. *See* Ex. 5, Leonard Decl. at ¶8.  In order to testify about econometric analysis, an expert needs more than just a strong background in general economics.  To the contrary, as demonstrated in Convolve's moving brief, in order to opine on the work performed by Dr. Leonard, an expert needs specialized understanding of econometrics - - a specialized understanding Dr. Kaplan lacks.   Specifically, Convolve identified the following gaps in experience that prevent Dr. Kaplan from opining knowledgeably about Dr. Leonard's analysis:

---

[1] The exhibits referenced herein are attached to Convolve's moving brief, Docket No. 338.

- Dr. Kaplan has no training or previous experience with the type of models about which he is now being put forward to opine, including: (1) no specialized training in the area of discrete choice models (of which mixed logit models are one type); (2) he has never before estimated any type of multinomial discrete choice model (of which mixed logit models are one type); (3) he has never before used a mixed logit model; (4) he has never before econometrically estimated a mixed logit model; and (5) he has never before calculated willingness to pay from a mixed logit model.

- Dr. Kaplan is similarly lacking in the types of experience necessary to credibly opine about the type of statistical analysis performed by Dr. Leonard. Specifically, (1) he does not know how to program in the Gauss computer programming language, which is the language Dr. Leonard used to estimate the mixed logit models; (2) before submitting his report in this case, he did not review the Gauss manuals; (3) he did not perform the analysis of Dr. Leonard's work himself - it was done by others at Brattle Group "at his direction."*; (4) during his deposition could not explain how the "degrees of freedom" of the likelihood ratio test were calculated; (5) he could not explain what "economic significance" was and how it might differ from "statistical significance."; and (6) he did not know what a RUM was, could not define a RUM, did not know the consequences of using an ill-defined RUM, and did not know how to calculate willingness to pay.

Dell's motion fails to address these significant and substantive shortcomings. However, it is clear that Dr. Kaplan simply lacks the qualifications to testify in the areas for which his testimony has been proffered and therefore his report and testimony should be excluded.

## II.   DR. KAPLAN'S ANALYSIS IS FATALLY FLAWED AND THEREFORE HIS METHODOLOGY AND TESTIMONY IS NOT RELIABLE

Ironically, despite Defendants' pending motions to exclude the testimony of Convolve's

experts, including Dr. Leonard, Defendants are now arguing that the numerous errors Convolve has identified in Dr. Kaplan's report should merely go to the weight afforded to his testimony. This ignores Fifth Circuit precedent, which permits exclusion in extreme cases, such as these, where the expert report is rendered unreliable by the expert's errors.  "Under *Daubert*, "*any* step that renders the analysis unreliable ... *renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology.*"  *Moore v. Ashland Chemical, Inc*., 151 F.3d 269, 279, n. 10 (5th Cir. 1998) (en banc) (quoting *In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 745 (3d Cir. 1994) (emphasis in original)).  *See also Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 670-671 (5th Cir. 1999).

Dell concedes that Dr. Kaplan erred when he concluded that his model was superior to Dr. Leonard's model, but claims that this was "because Dr. Leonard deliberately stripped his code of relevant documentation."  Not only is this contention unsupported and inaccurate,[2] but it overlooks the real reasons Dr. Kaplan erred in his analysis:  because Dr. Kaplan has no experience estimating a mixed logit model and, moreover, because he is unable to read the programming language that Dr. Leonard used to write and develop his code.  *See supra* and Docket No. 338.

Dell also concedes that Dr. Kaplan erred when he analyzed the likelihood ratio test ("Dr. Kaplan … based his conclusion on the absolute value of the difference between the two log likelihoods, believing this to be equivalent to two times the difference between the log likelihoods of the restricted and unrestricted models.").  Yet again, Dell tries to blame this error on Dr. Leonard's program, despite that this was a separate analysis.

---

[2]  Rather than address Dell's numerous, unsupported, and erroneous arguments about the documentation provided with Dr. Leonard's code, Convolve will address these contentions in their sur-reply in opposition to Defendants' Motion to Exclude the testimony of Dr. Leonard.

Dell finally concludes, after admitting that Dr. Kaplan's entire analysis was flawed, that this is still no basis for exclusion  However, because the entire portion of Dr. Kaplan's report that disputes Dr. Leonard's econometric analysis is based upon Dr. Kaplan's erroneous analyses and conclusions, Dr. Kaplan's errors render the analysis unreliable and therefore renders his testimony inadmissible.  *Moore,* 151 F.3d at 279, n. 10.

## III.    CONCLUSION

For the foregoing reasons, as well as those stated in Convolve's Motion to Exclude (Docket No. 338), Convolve's motion excluding or striking the expert testimony of Dr. Seth T. Kaplan should be granted.

DATED:  June 15, 2011                    Respectfully submitted,

                                          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**


                                          /s/ *Elizabeth V. Thomas*
                                          A. James Anderson (admitted *pro hac vice*)
                                          Georgia Bar No. 016300
                                          Anna C. Halsey (admitted *pro hac vice*)
                                          Georgia Bar No. 208034
                                          Elizabeth V. Thomas (admitted *pro hac vice*)
                                          Georgia Bar No. 624263
                                          Ailis L. Burpee (admitted *pro hac vice*)
                                          Georgia Bar No. 623492

                                          One Atlantic Center
                                          1201 West Peachtree Street
                                          Suite 2200
                                          Atlanta, Georgia  30309
                                          Telephone:  (404) 760-4300
                                          Facsimile:  (404) 233-1267
                                          Email:  ajanderson@rkmc.com
                                          Email:  achalsey@rkmc.com
                                          Email:  evthomas@rkmc.com
                                          Email:  alburpee@rkmc.com

                                          Marla R. Butler (admitted *pro hac vice*)
                                          Georgia Bar No. 099917
                                          Bryan J. Vogel (admitted *pro hac vice*)
                                          New York Bar No. 3933736

                                          601 Lexington Avenue
                                          34th Floor
                                          New York, NY  10022
                                          Telephone:  (212) 980-7400
                                          Facsimile: (212) 980-7499
                                          Email:  mrbutler@rkmc.com
                                          Email:  bjvogel@rkmc.com

                                          Eric M. Albritton
                                          Texas State Bar No. 00790215
                                          Stephen E. Edwards
                                          Texas Bar No. 00784008
                                          ALBRITTON LAW FIRM
                                          P.O. Box 2649
                                          Longview, Texas  75606
                                          Telephone:  (903) 757-8449
                                          Facsimile:  (903) 758-7397
                                          Email:  ema@emafirm.com
                                          Email:  see@emafirm.com

6

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas  75606
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
Email:  jw@jwfirm.com

***ATTORNEYS FOR PLAINTIFF CONVOLVE, INC.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 15th day of June 2011.

*/s/ Elizabeth V. Thomas*
Elizabeth V. Thomas