IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:08-cv-244 |
| | § | |
| DELL INC., | § | |
| WESTERN DIGITAL CORPORATION, | § | |
| HITACHI GLOBAL STORAGE | § | |
| TECHNOLOGIES, INC., and | § | |
| HITACHI LTD., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT DELL INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF CONVOLVE'S MOTION TO STRIKE PORTIONS OF DR. A. BRUCE BUCKMAN'S AND DR. MICHAEL D. SIDMAN'S EXPERT REPORTS ON INVALIDITY OF THE '473 PATENT**

Convolve's reply continues its validity-by-willful-blindness strategy of refusing to look at invaliding prior art and refusing to participate in the discovery process.

**A.   Convolve has Refused to Inspect the Hawk Drives**

Convolve's motion suggests that Dell offered the Hawk drives at a location where Convolve could not inspect those drives. Dell has repeatedly offered the Hawk drives at locations where Convolve was taking the depositions of Dell and third party witnesses. Dell offered the Hawk drives for inspection in Austin before the close of fact discovery and during the time that Convolve was taking depositions in Austin. Dell brought the Hawk drives from Houston to Oklahoma City for the Convolve-noticed depositions of Messrs. McKenzie and Hampshire on May 17 and 18, but Convolve again did not inspect the Hawk drives. The Hawk drives were again explicitly made available to Convolve at the deposition of Dr. Buckman on May 23 and 24, but Convolve again refused to inspect the drives. Exs. B and C to Response. At

every turn, Convolve has refused to inspect the drives. Although the Hawk drives remain available for inspection today, Dell cannot force Convolve to participate in discovery and inspect the drives. Dell has done all it can to make the Hawk drives available where Convolve can inspect those drives.

    **B.    Convolve Offers No Credible Excuse for Violating Its Own Inspection Standard with Respect to the Physical Devices Used by Dr. DiEuliis in His Expert Report**

Convolve's explanations for its own failure to follow its discovery standard is incorrect. Convolve first argues that "Dell had access to its own computers." Reply at 4, nn. 3. Dell has never had access to the computers tested by Dr. DiEuliis and which formed a basis for his opinions. That those models of computers were sold years ago does not change the standard or excuse Convolve's non-production. Convolve further argues that Dell "never expressed an interest in inspecting its own computers." *Id.* This too does not change the standard for making items available, and Convolve has never made these computers available for inspection. Convolve itself has shown no interest in inspecting the Hawk drives, as demonstrated by its calculated refusal to inspect the drives. Convolve's motion should be denied.

    **C.    Dr. Buckman Does Not Rely on Any Inspection or Testing of the Western Digital AL2200 Drive**

With respect to Dr. Buckman's opinions on validity in view of the '473 patent in view of the Western Digital AL2200 drive, Dr. Buckman did no inspection or testing of a Western Digital AL2200 drive. His opinions are therefore not based on any inspection or testing of a Western Digital AL2200 drive. Convolve's complaints about lack of access to a Western Digital AL2200 drive are irrelevant to Dr. Buckman's opinions.

Date:  June 16, 2011      By:     /s/ *Roger Fulghum*
                                  Deron R. Dacus
                                  Lead Attorney
                                  Texas State Bar No. 00790553
                                  Ramey & Flock, P.C.
                                  100 East Ferguson, Suite 500
                                  Tyler, Texas 75702
                                  Telephone:  (903) 597-3301
                                  Facsimile:  (903) 597-2413
                                  E-mail:  ddacus@rameyflock.com

                                  Roger Fulghum
                                  Texas State Bar No. 00790724
                                  Tammy Pennington Rhodes
                                  Texas State Bar No. 24051182
                                  Bradley Bowling
                                  Texas State Bar No. 24040555
                                  BAKER BOTTS L.L.P.
                                  One Shell Plaza
                                  910 Louisiana
                                  Houston, Texas 77002-4995
                                  Telephone:  (713) 229-1234
                                  Facsimile:   (713) 229-1522
                                  E-mail: roger.fulghum@bakerbotts.com
                                  E-mail: tammy.pennington@bakerbotts.com
                                  E-mail: brad.bowling@bakerbotts.com

                                  Michael C. Smith
                                  Texas State Bar No. 18650410
                                  Siebman, Burg, Phillips & Smith, LLP
                                  P.O. Box 1556
                                  Marshall, Texas 75671
                                  Telephone:  (903) 938-8900
                                  Facsimile:  (972) 767-4620
                                  E-mail:  michaelsmith@siebman.com

                                  Kimball R. Anderson
                                  Winston & Strawn LLP
                                  35 W. Wacker Drive
                                  Chicago, Illinois 60601
                                  Telephone:  (312) 558-5858
                                  Facsimile:  (312) 558-5600
                                  E-mail:  kanderson@winston.com

        Marcus T. Hall
        Winston & Strawn LLP
        333 S. Grand Avenue
        Los Angeles, California  90071-1543
        Telephone:  (213) 615-1733
        Facsimile:  (415) 591-1400
        E-mail:  mthall@winston.com

        **ATTORNEYS FOR DELL INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically on June 16, 2011, pursuant to Local Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service.

/s/ *Roger Fulghum*
Roger Fulghum