# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-244-CE |
| | § | |
| DELL, INC., ET AL | § | |

## ORDER

Pending before the court is plaintiff Convolve, Inc.'s ("Convolve" or "Plaintiff") motion to strike portions of Dr. A. Bruce Buckman's and Dr. Michael D. Sidman's expert reports on invalidity of the patent-in-suit (Dkt. No. 295). Plaintiff argues that Defendants have violated FED. R. CIV. P. 26 and the court's discovery order by failing to provide the Seagate Hawk hard disk drives and the WDAL2200 Western Digital hard disk drive to Plaintiff for inspection and/or by failing to provide the hard disk drives in a timely manner. Plaintiff, therefore, requests that the court strike the portions of Dr. Buckman's and Dr. Sidman's expert reports that rely on the Seagate Hawk drives and/or the WDAL2200 drive.

With regard to the Seagate Hawk hard disk drives (the "Hawk drives") obtained by defendant Dell, Inc. ("Dell"), Dell admits that it has been in the process of obtaining physical Hawk drives from eBay and other public sources "over the past several months" (*See* Dkt. No. 318 at 2). Yet Dell makes no attempt to explain its delay in making these drives available to Convolve immediately or in a timely manner after Dell acquired them. Although the briefing does not make it entirely clear when Dell obtained its Hawk drives, it is clear that Dell chose to wait until April 14, 2011 to offer the Hawk drives for inspection. Considering that Dell represents that it had been procuring the drives over the past *several* months, it is reasonable to conclude that Dell had the drives in its

1

possession long before offering them to Plaintiff for inspection. As such, the court GRANTS Plaintiff's motion to exclude the portions of Dr. Buchman's report that rely on results from tests he performed on the Hawk drives acquired by Dell. This ruling does not exclude any portions of Dr. Buchman's report relating the Hawk drives that rely on evidence independent of the testing of the physical drives Dell acquired and failed to produce for inspection in a timely manner.

With regard to the Hawk drive acquired by defendant Hitachi, Plaintiff does not dispute Hitachi's contention that Hitachi did not obtain the Hawk drive that Dr. Sidman tested and relied upon in his expert report until April 20, 2011. Plaintiff also does not dispute that they were aware of Hitachi's efforts, throughout this litigation, to obtain a Hawk drive and a demonstration thereof directly from Seagate. Finally, Plaintiff does not dispute that, on April 22, 2011, Hitachi informed Plaintiff of the Hawk drive it had obtained – that is, just two days after acquiring the drive, Hitachi made Plaintiff aware that it was in possession of the drive. Shortly thereafter, on May 13, 2011, Hitachi explicitly invited Convolve to inspect its Hawk drive – an invitation which Hitachi has continued to extend. Considering this sequence of events, the court concludes that Hitachi did not violate any discovery rules and has acted reasonably in offering Plaintiff the opportunity to inspect its Hawk drive. As such, the court DENIES Plaintiff's motion to exclude the portions of Dr. Sidman's expert report that relate to the Hawk drive Hitachi obtained on April 20, 2011.

Finally, with regard to the Western Digital AL2200 drive, Plaintiff does not dispute that the drive was never inspected by Dr. Buckman and was not considered or relied upon in his report. Plaintiff does not dispute that Dr. Buckman relied exclusively on the Western Digital documents relating to the AL2200 drive that were produced throughout 2010. Furthermore, Plaintiff does not dispute that the physical drive Western Digital discovered does not work or that Western Digital

2

made the drive available the day after it was discovered. As such, the court agrees with Defendants that there is no basis for striking references to the AL2200 from Dr. Buckman's expert report. Accordingly, the court DENIES Plaintiff's motion to strike such references.

Although Hitachi and Western Digital have continued to offer the drives for Plaintiff's inspection, the court explicitly grants Plaintiff the opportunity to inspect the exact Hawk drive that Hitachi acquired and Dr. Sidman relied upon, as well as the WDAL2200 drive that Western Digital discovered. The court also grants Plaintiff the opportunity to supplement its rebuttal expert reports. Any such supplements shall be limited to information gleaned from the inspection of the drives and shall be served by July 11, 2011.

SIGNED this 29th day of June, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE