IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:08-cv-244 |
| | § | |
| DELL INC., | § | JURY TRIAL DEMANDED |
| WESTERN DIGITAL CORPORATION, | § | |
| HITACHI GLOBAL STORAGE | § | |
| TECHNOLOGIES, INC., and | § | |
| HITACHI LTD., | § | |
| | § | |
| Defendants. | § | |

## WESTERN DIGITAL'S SUPPLEMENTAL MOTION *IN LIMINE* CONCERNING THE LATE-IDENTIFIED WESTERN DIGITAL '481 PATENT AND ITS PROSECUTION AND OBJECTION TO CONVOLVE EXHIBITS PTX-576 AND PTX-798

Pursuant to Federal Rules of Evidence 103(c) and 104(c), Defendant Western Digital moves the Court, prior to trial, to order that Convolve, Inc. ("Convolve"), its attorneys, and any of their witnesses refrain from (1) making any reference to or argument about, (2) giving any testimony or arguments concerning, or (3) introducing any exhibits before the jury (collectively, making "any reference to") concerning:

### Western Digital's '481 Patent and its Prosecution

The Court should prevent Convolve from introducing evidence concerning Western Digital's '481 patent and documents from its prosecution, including Convolve Exhibits PTX-576 and PTX-798, because there is no probative value and if there is it is far outweighed by the danger of jury confusion, waste of time, and unfair prejudice. Fed. R. Evid. 403.

Convolve's Exhibit **PTX-576** is a copy of an Office Action during the prosecution of Western Digital's U.S. Patent Application Serial No. 9/401,069, entitled "Disk Drives and

Disk Drive-Containing Devices Having Selectively Controllable And/Or Adaptive Quiet and High Performance Modes of Operation."  Ex. A. This patent application ultimately matured into U.S. Patent No. 6,757,481, which issued to Western Digital June 29, 2004.  Ex. B.  Western Digital's '481 patent is **PTX-798** on Convolve's exhibit list.  The '481 patent contains claims directed at a disk drive that automatically changes its behavior based on conditions it detects in the data stream being stored, among other claims.

The Western Digital '481 patent documents are not relevant to any contested issue.  In the Office Action, the PTO Examiner allowed Western Digital numerous patent claims, and also cited Convolve's '473 patent as grounds for rejecting other claims in the application. Based on Supplemental Interrogatory Responses just served yesterday June 30, 2011, Convolve intends to use the PTO's office action to support the proposition that Western Digital was aware of the '473 patent because the PTO cited Convolve's '473 patent during the prosecution of Western Digital's patent application.   But the PTO's citation of the '473 patent during the prosecution of the '481 patent application is not disputed.  In the Joint Pretrial Order, Western Digital agreed to stipulate that "On June 20, 2002, the '473 patent was cited against a pending Western Digital patent application by the USPTO."  *See* Docket # 406, Pretrial Order at 19 (Uncontested Fact 13).   Western Digital's stipulation moots any need to use documentary evidence to establish the same point.  Moreover, in interrogatory responses, Western Digital has admitted it knew of the patent before June 20, 2002.

Admitting the prosecution documents from Western Digital's '481 patent will only distract and confuse the jury from the issues concerning Convolve's '473 patent.  For example, if the PTO's Office Action is admitted, then Western Digital would need to introduce its response to the Office Action.  Ex. C.  In its response filed in the PTO, Western Digital's patent attorneys

made arguments in support of the successful effort to obtain claims on automatically changing the behavior of the disk drive based on detecting conditions in the data stream being stored and why those claims were different from Convolve's 473 patent and the other cited art.  Western Digital noted in its objections to Convolve's trial exhibits that, should evidence concerning Western Digital's '481 Patent and its prosecution be admitted, Western Digital's response filed in the PTO (if not the entire file history) also should be admitted for completeness under Rule 106.  *See* Docket # 406-5, at 30.  The parties' limited trial time would unnecessarily be devoted to the prosecution of one of Defendant's patents that issued over the patent-in-suit.

Convolve also added Western Digital's '481 patent itself to its Exhibit list, but Convolve's disclosure of its intent to rely on the '481 patent is late and apparently a tactical move.  Convolve did not add the '481 patent until very late in the evening on June 17, 2011, as the parties were already filing their motions in limine.  The '481 patent was not the subject of discovery in this case, it is not referenced in any infringement or invalidity contentions, deposition questions or testimony, or expert reports.

Admission of the Western Digital '481 patent similarly will result in a sideshow requiring the parties to argue about the scope of a patent that Western Digital obtained from the PTO on automatically detecting conditions in a data stream being stored and changing the behavior of the drive accordingly.  This '481 Patent is not in suit and is not being relied on in support of any defense.  If the '481 Patent is admitted, however, the parties would have to divert time and judicial resources litigating numerous otherwise irrelevant issues, such as explaining the scope of the '481 Patent, what claims were allowed, and the circumstances surrounding the application for and issuance of the '481 Patent, and the parties' views on what significance this patent might have with regard to Convolve's claims on the '473 patent.  Evidence on each of

these points would create a dangerous risk of jury confusion as the jury attempts to separate parallel arguments regarding two different patents.  This is complicated by the fact that there are three defendants in this case.

To the extent that Convolve seeks to inject WD patents and applications into the case, Convolve would only be creating a sideshow about the prosecution and claims of *other patents* that are not at issue, and introducing a substantial danger of jury confusion.  *See Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-73 (Fed. Cir. 1986) (exclusion of "patent on the accused product" was proper because "[i]ntroduction of that evidence would have injected frolics and detours and would have required introduction of counter-evidence, all likely to create side issues that would have distracted the jury from the main issues").

The '481 patent and prosecution documents are not necessary and the probative value for Convolve's case is far outweighed by its risk of confusing the jury, wasting time, and unduly prejudicing Western Digital.  *See* Fed. R. Evid. 403.  And the point for which Convolve intends to offer the documents is already uncontested in the pretrial order.

GRANTED _____          GRANTED AS MODIFIED _____          DENIED _____

Date:  July 1, 2011                              Respectfully submitted,

  */s/ Richard M. Birnholz*_____
Bruce Wessel (admitted *pro hac vice*)
California State Bar No. 116734
Richard M. Birnholz (admitted *pro hac vice*)
California State Bar No. 151543
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 203-7045, F: (310) 203-7199
Email: bwessel@irell.com
Email: rbirnholz@irell.com

Reynaldo C. Barcelo (admitted *pro hac vice*)
California State Bar No. 199741
Barcelo, Harrison & Walker, LLP
2901 West Coast Highway, Suite 200
Newport Beach, California 92663
T: (949) 340-9736, F: (949) 258-5752
Email: rey@bhiplaw.com

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
T: (903) 934-8450, F: (903) 934-9257
Email: Melissa@gillamsmithlaw.com

Harold Kip Glasscock, Jr.
Texas State Bar No. 08011000
Kip Glasscock Attorney at Law
550 Fannin, Suite 1350
Beaumont, Texas 77701
T: (409) 833-8822, F: (409) 838-4666
Email: kipglasscock@hotmail.com

*ATTORNEYS FOR DEFENDANT WESTERN
DIGITAL CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on July 1, 2011, pursuant to Local Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service.

/s/ *Richard Birnholz*
Richard Birnholz

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 1, 2011, in accordance with Local Rule CV-7(h), counsel for Western Digital, Melissa Richards Smith, conferred in good faith with counsel for Convolve, Inc., Steve Edwards, concerning the relief requested in this motion. Mr. Edwards stated that Convolve, Inc. is opposed to the relief requested in this motion

/s/ *Richard Birnholz*
Richard Birnholz