**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-244-CE |
| | § | |
| DELL, INC., ET AL | § | |

## ORDER

Pending before the court are the parties' motions in limine (Dkt. Nos. 401, 412, and 414). The court's rulings with regard to the various motions in limine are detailed below.

**Plaintiff's Omnibus Motions in Limine**:

1. Denied.

2. Granted-in-Part and Denied-in-Part. The motion is granted as to expert opinions that were not disclosed in an expert's report. The motion is otherwise denied.

3. Granted.

4. Denied.

5. Granted-in-Part and Denied-in-Part. The motion is granted and denied to the extent delineated in the court's order regarding Plaintiff's motion to strike portions of Dr. A. Bruce Buckman's and Dr. Michael D. Sidman's expert reports on invalidity (*see* Dkt. No. 438).

6. Denied.

7. Granted.

8. Granted-in-Part and Denied-in-Part. Among other things, Convolve requests that the court preclude Hitachi and Western Digital from making arguments regarding any source code for drives for which they did not produce source code on the stand-alone source code inspection

1

machine, and for which they did not provide printouts. The court grants the motion to the extent that defendants Hitachi and Western Digital are ORDERED to provide Convolve hard copies of all the source code Convolve has requested by Friday, July 8, 2011. This request is otherwise denied. Furthermore, the court will address Convolve's request that the court preclude Hitachi from referencing information Convolve alleges Hitachi has failed to provide in response to Convolve's interrogatories, in the court's order regarding Convolve's motion to compel Hitachi to supplement its interrogatory responses. Finally, in accordance with its June 28, 2011 order (Dkt. No. 437), the court denies Convolve's request that Hitachi be precluded from providing testimony on topics for which it did not provide a knowledgeable witness.

9. Denied.
10. Granted-in-Part and Denied-in-Part. The motion is denied as it relates to a witness testifying as to his or her belief regarding invalidity as a defense to willfulness. The motion is otherwise granted.
11. Denied.
12. Granted-in-Part and Denied-in-Part. The motion is granted to the extent that defendant Western Digital is ORDERED to produce all hard copies of source code printouts Convolve had requested by Friday, July 8, 2011. The motion is otherwise denied.
13. Denied.
14. Carried.
15. Carried.
16. Carried.

17. Carried.

18. Granted.

19. Carried.

20. Denied.

21. Granted.

**Defendants' Motions in Limine**:

1. Granted for purposes of jury selection. The court carries Defendants' oral motion for clarification made during the pretrial hearing.

2. Granted-in-Part and Denied-in-Part. The motion is granted to the extent that Plaintiff is not permitted to make a claim for misappropriation of trade secrets. The motion is otherwise denied.

3. Granted-in-Part and Denied-in-Part. The first paragraph of the motion is granted as agreed to by the parties. The second paragraph of the motion is denied.

4. Granted.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Granted-in-Part and Denied-in-Part. Dr. Val DiEuliis is not permitted to opine as to when Defendants became aware of the patent-in-suit. He may, however, testify as to what is contained in a document and what it would have meant to someone skilled in the art.

10. Granted.

11. Denied.

12. Denied.  To the extent that Plaintiff has not already done so, Plaintiff is ORDERED to supplement its willfulness contentions by June 30, 2011.

13. Denied.

14. Denied.

15. Granted-in-Part and Denied-in-Part.  Plaintiff may not admit into evidence any type of joint defense agreement.  Plaintiff may, however, inquire as to the existence of a joint defense agreement to establish bias.

16. Granted.

17. Granted.

18. Denied.

19. Denied.

20. Denied.

21. Granted.

22. Granted.

23. Denied.

24. Withdrawn.

**Defendants' Supplemental Motion in Limine**:

1. Granted.

SIGNED this 1st day of July, 2011.

                                                CHARLES EVERINGHAM IV
                                                UNITED STATES MAGISTRATE JUDGE