UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-244-CE |
| | § | |
| DELL, INC., ET AL | § | |

# ORDER

Pending before the court is defendant Dell, Inc.'s ("Dell") motion for clarification of the court's construction of the term "data storage device" (Dkt. No. 262) and Defendants' motion for summary judgment of noninfringement of Claims 7-10, 14, and 15 of U.S. Patent No. 6,314,473 based on the "to the data storage device" limitation (Dkt. No. 325).

The court construed "data storage device" to mean "a device for storing data comprising a magnetic disk and a disk drive head wherein the disk drive head is operative to move across the surface of the disk and read and write data" (Dkt. No. 211 at 22). The court further explained that it declined "to construe 'data storage device' to require a processor because, in the specification, the patentee never described a processor as being part of a disk drive." *Id.*

The parties agree that the court's construction of "data storage device" makes it clear that the device may, but need not, include a processor. Dell, however, requests that the court specify that if the hard disk drive includes a processor and if that processor contributes to the functions of storing data or causes the magnetic disk to move across the surface of the disk to read and write data, then the processor is part of the data storage device. If so, Dell intends to argue that no literal infringement exists because the processor, if it is part of the data storage device, cannot output commands "to the data storage device." *See* Dkt. No. 325.

1

In its claim construction order, the court stated: "The Court declines to construe 'data storage device' to require a processor because, in the specification, the patentee never described a processor as being part of a disk drive. Instead, the patentee described a processor dedicated to a disk drive as a possible embodiment or part of a possible embodiment of processor 73 depicted in Figure 10B, the disk drive engine" (Dkt. No. 211 at 22). This statement is, in part, an error. Although the court agrees with Dell that the court incorrectly stated that Figure 10B is a depiction of a "disk drive *engine*," this error does not affect the court's conclusion that the data storage device may, or may not, include a dedicated processor or controller. As depicted in Figure 10B, disk drive 10 may include a dedicated processor.

Notwithstanding this conclusion, in reviewing the Defendants' motion for summary judgment based on the "to the data storage device" limitation (Dkt. No. 325), as well as the court's original claim construction order, and the New York court's claim construction order in *Convolve v. Seagate*, 00 Civ. 5141 (GBD) (JCF), the court is persuaded that further clarification of its construction of the "outputting commands to the data storage device" limitation (found in claims 7-10, 14, and 15 of the patent-in-suit) is necessary. The court concludes that this phrase means "sending shaped input signals to the data storage device to alter seek trajectory shape, where such input signals may originate from within the device."

Dell's motion for clarification (Dkt. No. 262) is accordingly GRANTED to the extent set forth herein. Defendants' motion for summary judgment (Dkt. No. 325) is accordingly DENIED.

SIGNED this 5th day of July, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE