**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CONVOLVE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No.  2:08-CV-244 |
| DELL, INC., WESTERN DIGITAL | § | |
| CORPORATION, HITACHI GLOBAL | § | **JURY TRIAL DEMANDED** |
| STORAGE TECHNOLOGIES, INC. and | § | |
| HITACHI LTD., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## WESTERN DIGITAL CORPORATION'S ANSWER AND COUNTERCLAIMS TO CONVOLVE INC.'S SECOND AMENDED COMPLAINT

Defendant Western Digital Corporation ("Western Digital"), by and through its undersigned counsel, hereby presents its Answer and Counterclaims to the Second Amended Complaint of Plaintiff Convolve, Inc. ("Convolve"), dated June 15, 2011.

## ANSWER

1.      Western Digital admits that the Second Amended Complaint purports to allege patent infringement, which arises under the patent laws of the United States, Title 35, United States Code.

2.      Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and on that basis denies them.

3.      Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis denies them.

4.      Western Digital admits that it is a corporation organized and existing under the laws of Delaware but denies that the address of its principal place of business is accurately stated.  The address is 3355 Michelson Drive, Irvine, California 92612.  Western Digital admits allegations regarding Western Digital's 2007 Form 10-K.  Western Digital denies all other allegations in Paragraph 4.

5.      Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies them.

6.      Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis denies them.

7.      Western Digital admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8.      Western Digital denies that it has committed or continues to commit any acts of direct or indirect infringement in this district.  Western Digital admits that this Court has personal jurisdiction over Western Digital.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and on that basis denies them.

9.      Western Digital admits that venue is proper as to Western Digital, but denies that this is the most convenient forum and contends that this action should be transferred to the Southern District of New York where Convolve filed its initial action.

10.      Western Digital incorporates by reference its responses to Paragraphs 1-9 as though fully set forth herein.

11.      Western Digital admits that U.S. Patent No. 4,916,635 ("the '635 patent") is entitled "Shaping Command Inputs To Minimize Unwanted Dynamics," that it lists on its cover an issuance date of April 10, 1990, and that it lists Neil Singer, Kenneth

Pasch and Warren Seering as inventors.  Western Digital admits that a copy of the '635 patent was attached to the Second Amended Complaint as Exhibit A.  Western Digital denies that the '635 patent was duly and legally issued.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and on that basis denies them.

12.     Western Digital denies that the '635 patent "has particular utility within the hard drive industry, which has long sought to remedy the problems associated with vibration of the drive's actuator arm."  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and on that basis denies them.

13.     Western Digital admits that copies of patent applications filed on March 5, 1998 and November 20, 1998 were attached to the Second Amended Complaint as Exhibits B and C.  Western Digital admits that the face of U.S. Patent No. 6,314,473 (the "'473 patent") indicates that it issued from provisional applications filed on March 5, 1998 and November 20, 1998.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and on that basis denies them.

14.     Western Digital admits that a copy of the '473 patent was attached to the Second Amended Complaint as Exhibit D.  Western Digital admits that the face of the '473 patent lists Neil Singer, Kenneth Pasch and Mark Tanquary as co-inventors and Convolve, Inc. as the assignee.  Western Digital admits that the face of the '473 patent indicates that it issued on November 6, 2001.  Western Digital denies that the '473 patent was duly and legally issued.  Western Digital is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 14 and on that basis denies them.

15.     Western Digital denies that Convolve has rights to exclude Western Digital from making, using, offering for sale, or selling the accused products in this case. Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies them.

16.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies them.

17.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis denies them.

18.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis denies them.

19.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis denies them.

20.     Western Digital admits that the minutes of the August 2000 meeting of the T13 Committee state that a representative from Western Digital attended some portion of that meeting.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and on that basis denies them.

21.     Western Digital admits that for a time AAM was included as an optional feature of the ATA standard.  Western Digital denies the remaining allegations of paragraph 21.

22.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis denies them.

23.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis denies them.

24.     Western Digital admits that at multiple T13 meetings, there was discussion about AAM and that copies of T13 Committee Meeting Minutes are attached to the complaint.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 and on that basis denies them.

25.     Western Digital admits that that the minutes of the August 2000 meeting of the T13 Committee state that a representative from Western Digital attended some portion of that meeting.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 and on that basis denies them.

26.     Western Digital admits that the T13 meeting minutes from August of 2000 were attached to the complaint and state: "The committee assigned an action item to the Chair to write to Convolve requesting that Convolve review the ATA/ATAPI-6 standard and determine if a license would be required to comply with requirements of the standard and if so would a license be made available in accordance with the ANSI patent policy." Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and on that basis denies them.

27.     Western Digital admits that the minutes of the December 2001 meeting of the T13 Committee state that a representative from Western Digital attended some portion of that meeting.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 and on that basis denies them.

28.     Western Digital admits that the minutes of the December 2001 meeting of the T13 Committee are attached to the complaint and state that a representative from Western Digital attended some portion of that meeting.  Western Digital admits that the T13 December 2001 minutes state: "Convolve has replied to NCITS counsel verbally that 1) A patent has issued covered by the AAM standard, 2) Convolve will allow their technology to be covered by the standard and will follow the ANSI patent policies – reasonable royalties and license, 3) Convolve wants to subpoena the T13 committee." Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 and on that basis denies them.

29.     Western Digital admits that it manufactured and sold some hard disk drives that were capable of practicing the AAM standard.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 and on that basis denies them.

30.     Western Digital admits that the minutes of the December 2001 meeting of the T13 Committee state that a representative from Western Digital attended some portion of that meeting.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and on that basis denies them.

31.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and on that basis denies them.

32.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis denies them.

33.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and on that basis denies them.

34.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis denies them.

35.     Western Digital admits that the details of the "AAM" feature, which at one time was an optional part of the ATA standard, are set forth in the ATA/ATAPI specification.  Western Digital states that the claims of the '473 patent are recited in the patent documents, and that claim construction is for the Court.  Except as expressly admitted, Western Digital denies the remaining allegations in Paragraph 35.

36.     Western Digital admits that it has never licensed any technology from Convolve and that Convolve has never provided to Western Digital any specific terms for a license to the '473 patent to Western Digital.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 and on that basis denies them.

37.     Western Digital admits that a letter was sent from counsel for Seagate to Kathleen M. McMillan of ITIC in August 2000.  Western Digital admits that the letter contains the quoted sentence and avers that the letter itself is the best evidence of its contents.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and on that basis denies them.

38.     Western Digital denies that it learned about the '473 Patent from a subpoena to Dell.  Western Digital admits that it first learned of the '473 patent in the November-December 2001 time period in connection with the subpoena that Convolve served on Western Digital in November 2001   Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 and on that basis denies them.

39.     Western Digital incorporates its response to Paragraph 38 as to its first knowledge of the '473 patent in November-December 2001.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39, including whether it was ever provided with a copy of Exhibit M by its counsel, and on that basis denies them.

40.     Western Digital admits that on June 20, 2002, the '473 patent was cited against a pending Western Digital patent application by the USPTO.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 and on that basis denies them.

41.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis denies them.

42.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis denies them.

43.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis denies them.

44.     Western Digital admits that Western Digital produced documents in the New York Litigation.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and on that basis denies them.

45.     Western Digital admits that Western Digital designated a corporate representative to testify in the New York litigation.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and on that basis denies them.

46.     Western Digital admits that the details of the "AAM" feature, which at one time was an optional part of the ATA standard, are set forth in the ATA/ATAPI specification.  Western Digital states that the claims of the '473 patent are recited in the patent documents, and that claim construction is for the Court.  Except as expressly admitted, Western Digital denies the remaining allegations in Paragraph 46.

47.     Western Digital admits that it has never licensed any technology from Convolve and that Convolve has never provided to Western Digital any specific terms for a license to the '473 patent to Western Digital.  Western Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 and on that basis denies them.

48.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis denies them.

49.     Western Digital admits the allegations of Paragraph 49.

50.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis denies them.

51.     Western Digital incorporates by reference its responses to paragraphs 1-50 as though fully set forth herein.

52.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and on that basis denies them.

53.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis denies them.

54.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis denies them.

55.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and on that basis denies them.

56.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and on that basis denies them.

57.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis denies them.

58.     Western Digital incorporates by reference its responses to paragraphs 1-57 as though fully set forth herein.

59.     Western Digital denies the allegations in Paragraph 59.

60.     Western Digital denies the allegations in Paragraph 60 .

61.     Western Digital denies the allegations in Paragraph 61.

62.     Western Digital denies the allegations in Paragraph 62.

63.     Western Digital denies the allegations in Paragraph 63.

64.     Western Digital denies the allegations in Paragraph 64.

65.     Western Digital incorporates by reference its responses to paragraphs 1-64 as though fully set forth herein.

66.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and on that basis denies them.

67.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and on that basis denies them.

68.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis denies them.

69.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis denies them.

70.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis denies them.

71.     Western Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and on that basis denies them.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense

72.     Western Digital does not infringe and has not infringed, directly or indirectly, any valid claim of the '473 patent.

### Second Defense

73.     The '473 patent claims are invalid under one or more of the provisions in Title 35 of the United States Code, including §§ 102, 103, and 112.

### Third Defense

74.     Convolve's claims for relief against Western Digital for infringement of the '473 patent are barred by the doctrine of equitable estoppel.

### Fourth Defense

75.     Convolve's claims for relief against Western Digital for infringement of the '473 patent are barred by the doctrine of laches and applicable legal doctrines.

### Fifth Defense

76.     On information and belief, Convolve's claims are barred to the extent that some or all of the accused activities are licensed under the '473 patent.

**Sixth Defense**

77.     On information and belief, Convolve has exhausted any patent rights against Western Digital concerning the '473 patent.

**Seventh Defense**

78.     On information and belief, Convolve's Second Amended Complaint fails to state a claim upon which relief can be granted.

**Eighth Defense**

79.     On information and belief, some or all of Convolve's damages, if any, are limited under 35 U.S.C. § 287.

**Ninth Defense**

80.     To the extent Convolve seeks damages for alleged infringement of claims 1 and 7-15 of the '473 patent before the date of issue for the reexamination certificate of the '473 patent, the relief sought by Convolve is barred by 35 U.S.C. §§ 252 and 307.

**Tenth Defense**

81.     On information and belief, Convolve is not the owner of the entire right, title, and interest in and to the '473 patent, is not the "patentee" under 35 U.S.C. § 101 and lacks standing to bring this suit under the Patent Laws of the United States, the U.S. Constitution and applicable case law given investment agreements it has entered into and various financial structuring arrangements. Convolve has entered into a number of agreements with third parties in which it has assigned substantial rights in this lawsuit and/or to the '473 patent to others.

**Eleventh Defense**

82.     Some or all of Convolve's claims are barred by the doctrine of unclean hands.

## COUNTERCLAIMS

1.      Counter-Plaintiff Western Digital Corporation is a Delaware corporation, with its principal place of business in Lake Forest, California.

2.      On information and belief, Counter-Defendant Convolve is a New York corporation, with its principal place of business in Armonk, New York.

3.      These are counterclaims for a declaratory judgment of noninfringement and invalidity that arise under the Declaratory Judgment Act, specifically, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 100, et seq.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 2201(a).

4.      Counter-Defendant has chosen this venue to enforce its patents. Venue is proper in this Court and judicial district for counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FIRST COUNTERCLAIM

### NONINFRINGEMENT OF THE '473 PATENT

5.      Western Digital realleges and incorporates herein by reference Paragraphs 1-4 of its Counterclaims, above.

6.      Convolve has made allegations that Western Digital infringes the '473 patent through the manufacture, use, sale, offer for sale, or importation of certain products of Western Digital.

7.      Convolve's actions and allegations have created a case or controversy between Counter-Plaintiff and Counter-Defendant.

8.      Products made, used, sold, offered for sale, or imported by Western Digital lack at least one requirement of the inventions claimed in the '473 Patent.

9.      Western Digital is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that its accused products do not infringe the '473 Patent.

## SECOND COUNTERCLAIM

### INVALIDITY OF THE '473 PATENT

10.     Western Digital realleges and incorporates herein by reference Paragraphs 1-9 of its Counterclaims above.

11.     Claims of the '473 patent are invalid, *inter alia*, for at least one of the following reasons:  they are anticipated under 35 U.S.C. § 102; they are obvious under 35 U.S.C. § 103; the specification does not comply with 35 U.S.C. § 112, first paragraph; and the claims do not comply with 35 U.S.C. § 112, second paragraph.

12.     Western Digital is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that claims of the '473 are invalid.

13.     Western Digital demands a jury trial as to all elements so triable.

## PRAYER FOR RELIEF

Wherefore, Western Digital respectfully prays that:

a.      The Second Amended Complaint be dismissed with prejudice;

b.      The Court enter judgment in favor of Western Digital

c.      The Court deny all relief sought by Convolve;

d.      The Court adjudge, declare, and decree that all of the claims of the '473 patent are invalid, and that all of the claims of the '473 patent have not been infringed by Western Digital;

e.      The Court issue a judgment declaring this case to be exceptional in favor of Western Digital under 35 U.S.C. § 285, and award to Western Digital its reasonable attorneys' fees and other expenses incurred in connection with this action;

f.      The Court issue judgment awarding Western Digital its costs of suit incurred in this action; and

g.      The Court grant Western Digital such other further relief to which it may be entitled.

July 5, 2011

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
T: (903) 934-8450, F: (903) 934-9257
Email: Melissa@gillamsmithlaw.com

Bruce A. Wessel (admitted *pro hac vice*)
California State Bar No. 116734
Richard M. Birnholz (admitted *pro hac vice*)
California State Bar No. 151543
Garland A. Kelley (admitted *pro hac vice*)
California State Bar No. 225450
Thomas C. Werner (admitted *pro hac vice*)
California State Bar No. 223792
Irell & Manella L.L.P.
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 203-7045, F: (310) 203-7199
Email: bwessel@irell.com
Email: rbirnholz@irell.com
Email: gkelley@irell.com
Email: twerner@irell.com

Reynaldo C. Barcelo (admitted *pro hac vice*)
California State Bar No. 199741
Barcelo, Harrison & Walker, LLP
2901 West Coast Highway, Suite 200
Newport Beach, California 92663
T: (949) 340-9736, F: (949) 258-5752

Email: rey@bhiplaw.com


Harold Kip Glasscock, Jr.
Texas State Bar No. 08011000
Kip Glasscock Attorney at Law
550 Fannin, Suite 1350
Beaumont, Texas 77701
T: (409) 833-8822, F: (409) 838-4666
Email: kipglasscock@hotmail.com


*ATTORNEYS FOR DEFENDANT WESTERN
DIGITAL CORPORATION*




## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on July 5, 2011, and pursuant to Local Rule CV-5(a) has been served on all counsel who are deemed to have consented to electronic service.

Dated: July 5, 2011


*/s/ Melissa R. Smith*
Melissa Richards Smith