**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CONVOLVE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:08-CV-244 |
| DELL, INC., WESTERN DIGITAL | § | |
| CORPORATION, HITACHI GLOBAL | § | **JURY TRIAL DEMANDED** |
| STORAGE TECHNOLOGIES, INC. and | § | |
| HITACHI LTD., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DELL'S ANSWER AND COUNTERCLAIMS TO CONVOLVE'S**
**SECOND AMENDED COMPLAINT**

Defendant Dell Inc. ("Dell"), by and through its undersigned counsel, hereby

presents its Answer and Counterclaims to Plaintiff Convolve, Inc.'s ("Convolve") Second

Amended Complaint, filed June 15, 2011 (the "Complaint").

**ANSWER**

1.      Dell admits that the Complaint purports to allege patent infringement,

which arises under the patent laws of the United States, Title 35, United States Code.

2.      Dell is without knowledge or information sufficient to form a belief as to

the truth of the averments of Paragraph 2 of the Complaint.

3.      Dell admits that it is a corporation organized and existing under the laws

of Delaware with its principal place of business at One Dell Way, Round Rock Texas, 78682.

Dell admits that it sells desktop computer systems, storage devices, servers, networking products,

software and peripherals, mobility products, and enhanced services.  Dell admits that by some

metrics, it is currently the number one or has been the number one supplier of personal computer

systems in the United States.   Dell denies the remaining allegations in Paragraph 3 of the Complaint.

4.     Dell admits that it purchases hard drives from Western Digital.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 4 of the Complaint.

5.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 of the Complaint.

6.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 6 of the Complaint.

7.     Dell admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8.     Dell denies that it has committed or continues to commit any acts of direct or indirect infringement in this district.  Dell admits that this Court has personal jurisdiction over Dell.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 8 of the Complaint.

9.     Dell admits that venue is legally proper in this Court with respect to the patent infringement claim asserted against Dell, but denies that this is the most convenient forum.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 9 of the Complaint.

10.     No response necessary.

11.     Dell admits that the face of U.S. Patent No. 4,916,635 (the "'635 patent") indicates that it issued on April 10, 1990 from an application filed on September 12, 1988 to Neil Singer, Ken Pasch and Warren Seering under the title "Shaping Command Inputs to Minimize

Unwanted Dynamics."  Dell denies that the '635 patent was duly and legally issued.  Dell admits that the '635 patent relates generally to eliminating unwanted dynamics in machines.  Dell admits that a copy of the '635 patent was attached to the Complaint as Exhibit A.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 11 of the Complaint.

12.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 of the Complaint.

13.     Dell admits that copies of patent applications filed on March 5, 1998 and November 20, 1998 were attached to the Complaint as Exhibits B and C.  Dell admits that the face of U.S. Patent No. 6,314,473 (the "'473 patent") indicates that it issued from provisional applications filed on March 5, 1998 and November 20, 1998.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 13 of the Complaint.

14.     Dell admits that the face of the '473 patent lists Neil Singer, Ken Pasch and Mark Tanquary as co-inventors and Convolve, Inc. as the assignee.  Dell admits that the face of the '473 patent indicates that it issued on November 6, 2001 and that a copy of the '473 patent was attached to the Complaint as Exhibit D.  Dell denies that the '473 patent was duly and legally issued.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 14 of the Complaint.

15.     Dell denies that Convolve has the right to exclude Dell from making, using, offering for sale or selling the accused products in this case.  Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15 of the Complaint.

16.     Dell admits that a representative of Convolve contacted Dell concerning technology allegedly invented by and owned by Convolve.

17.     Dell admits that Convolve and Dell communicated at some point in the past concerning technology allegedly invented by and owned by Convolve.  Dell is without sufficient knowledge to admit or deny whether Convolve's communications to Dell and any simulations and hardware demonstrations concerned technology disclosed in the '635 Patent.

18.     Dell denies the allegations in Paragraph 18 of the Complaint.

19.     Dell admits that Convolve and Dell have not entered into a license agreement regarding the subject matter of the '635 patent or the '473 patent.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 19 of the Complaint.

20.     Dell admits that a representative from Dell was a member of the National Committee for Information Technology Standards' ("NCITS") T13 Committee from as early as August 2000.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 20 of the Complaint.

21.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 21 of the Complaint.

22.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22 of the Complaint.

23.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 23 of the Complaint.

24.     Dell admits that the face of the T13 Committee Meeting Minutes from the August 2000, December 2000, April 2001, June 2001, August 2001, and December 2001

meetings reference Convolve in connection with the AAM standard.  Dell admits that copies of these Meeting Minutes were attached to the Complaint as Exhibit E-J, respectively.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 24 of the Complaint.

25.     Dell admits that a representative of Dell was a member of the T13 Committee in August 2000.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 25 of the Complaint.

26.     Dell admits that the face of the T13 Committee Meeting Minutes from the August 2000 meeting state that: "The committee assigned an action item to the Chair to write to Convolve requesting that Convolve review the ATA/ATAPI-6 standard and determine if a license would be required to comply with requirements of the standard and if so would a license be made available in accordance with the ANSI patent policy."  Dell admits that a copy of the August 2000 Meeting Minutes was attached to the Complaint as Exhibit E.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 26 of the Complaint.

27.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 27 of the Complaint.

28.     Dell admits that the face of the T13 Committee Meeting Minutes from the December 2001 meeting state that: "Convolve has replied to NCITS counsel verbally that 1) A patent has issued covered by the AAM standard, 2) Convolve will allow their technology to be covered by the standard and will follow the ANSI patent policies – reasonable royalties and license . . . ."  Dell admits that a copy of the December 2001 Meeting Minutes was attached to

the Complaint as Exhibit J.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 28 of the Complaint.

29.    Dell denies the averments of Paragraph 29 of the Complaint.

30.    Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 30 of the Complaint.

31.    Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 31 of the Complaint.

32.    Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 32 of the Complaint.

33.    Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 33 of the Complaint.

34.    Dell denies that any Dell representative received the Meeting Minutes from the December 2001 T13 Committee Meeting, and thus Dell denies the remaining allegations in Paragraph 34 of the Complaint.

35.    Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 35 of the Complaint.

36.    Dell admits that it has never entered into a license agreement with Convolve regarding the technology disclosed and claimed in the '473 patent.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 36 of the Complaint.

37.    Dell admits that the face of the August 18, 2000 Seagate Letter to the T13 Committee states that: "Seagate hereby advises the ITIC, NCITS, all committee members and all parties who intend to use the AAM section of the ATA standard to review this material in detail

and to make their own independent determination regarding whether to use or adopt the AAM standard." Dell admits that a copy of the August 18, 2000 Seagate Letter was attached to the Complaint as Exhibit K. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 37 of the Complaint.

38.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 38 of the Complaint.

39.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 39 of the Complaint.

40.     Dell admits that a copy of the June 20, 2002 Office Action issued by the U.S. PTO to Western Digital was attached to the Complaint as Exhibit N. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 40 of the Complaint.

41.     Dell admits that it received a subpoena ad testificandum and subpoena duces tecum for third-party Rule 30(b)(6) depositions in the New York Litigation. Dell admits that a copy of the May 2003 Subpoena issued to Dell was attached to the Complaint as Exhibit O. Dell denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Dell admits that a copy of the May 2003 Subpoena issued to IBM was attached to the Complaint as Exhibit P. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 42 of the Complaint.

43.     Dell admits that a copy of the June 2003 Subpoena issued to Hitachi Global Storage Technologies was attached to the Complaint as Exhibit Q. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 43 of the Complaint.

44.     Dell admits that it produced documents in the New York Litigation in response to the subpoena duces tecum.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 44 of the Complaint.

45.     Dell admits that it designated at least one corporate representative to testify in third-party 30(b)(6) depositions in the New York Litigation in response to the subpoena ad testificandum.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 45 of the Complaint.

46.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 46 of the Complaint.

47.     Dell admits that it has never entered into a license agreement with Convolve regarding the technology disclosed and claimed in the '473 patent.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 47 of the Complaint.

48.     Dell admits the allegations in Paragraph 48 of the Complaint.

49.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 49 of the Complaint.

50.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 50 of the Complaint.

51.     No response necessary.

52.     Dell denies the allegations in Paragraph 52 of the Complaint

53.     Dell denies the allegations in Paragraph 53 of the Complaint.

54.     Dell denies the allegations in Paragraph 54 of the Complaint.

55.     Dell denies the allegations in Paragraph 55 of the Complaint.

56.     Dell denies the allegations in Paragraph 56 of the Complaint.

57.     Dell denies the allegations in Paragraph 57 of the Complaint.

58.     No response necessary.

59.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 59 of the Complaint.

60.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 60 of the Complaint.

61.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 61 of the Complaint.

62.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 62 of the Complaint.

63.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 63 of the Complaint.

64.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 64 of the Complaint.

65.     No response necessary.

66.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 66 of the Complaint.

67.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 67 of the Complaint.

68.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 68 of the Complaint.

69.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 69 of the Complaint.

70.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 70 of the Complaint.

71.     Dell is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 71 of the Complaint.

72.     Dell denies that Convolve is entitled to any of the relief requested in Convolve's Prayer for Relief.

73.     All remaining averments not specifically admitted herein are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense

On information and belief, Dell does not infringe and has not infringed, directly or indirectly, any valid claim of the '473 patent.

### Second Defense

On information and belief, the '473 patent is invalid under one or more of the provisions in Title 35 of the United States Code, including §§ 102, 103, and 112.

### Third Defense

On information and belief, all or some of Convolve's claims for relief against Dell for infringement of the '473 patent are barred by the doctrine of equitable estoppel.

<u>Fourth Defense</u>

On information and belief, all or some of Convolve's claims for relief against Dell for infringement of the '473 patent are barred by the doctrine of laches.

<u>Fifth Defense</u>

On information and belief, Convolve's claims are barred to the extent that some or all of the accused activities are licensed under the '473 patent.

<u>Sixth Defense</u>

On information and belief, Convolve has exhausted any patent rights against Dell concerning the '473 patent.

<u>Seventh Defense</u>

On information and belief, some or all of Convolve's damages, if any, are limited under 35 U.S.C. § 287.

<u>Eighth Defense</u>

On information and belief, some or all of Convolve's claims are barred by the doctrine of unclean hands.


**<u>COUNTERCLAIMS</u>**

1.      Counter-Plaintiff Dell Inc. is a Delaware corporation, with its principal place of business in Round Rock, Texas.

2.      On information and belief, Counter-Defendant Convolve is a New York corporation, with its principal place of business in Armonk, New York.

3.      These are counterclaims for a declaratory judgment of noninfringement and invalidity that arise under the Declaratory Judgment Act, specifically, 28 U.S.C. §§ 2201 and

2202, and the Patent Act, 35 U.S.C. § 100, et seq.  Jurisdiction in this Court is proper pursuant to

28 U.S.C. § 2201(a).

4.     Counter-Defendant has chosen this venue to enforce its patents.  Venue is

proper in this Court and judicial district for counterclaims pursuant to 28 U.S.C. §§ 1391 and

1400(b).

## FIRST COUNTERCLAIM

### NONINFRINGEMENT OF THE ASSERTED PATENT

5.     Dell realleges and incorporates herein by reference Paragraphs 1-4 of its

Counterclaims, above.

6.     Convolve has made allegations that Dell infringes the '473 patent ("the

Asserted Patent") through the manufacture, use, sale, offer for sale, or importation of certain

products of Dell.

7.     Convolve's actions and allegations have created a case or controversy

between Counter-Plaintiff and Counter-Defendant.

8.     Products made, used, sold, offered for sale, or imported by Dell lack at

least one requirement of the inventions claimed in the Asserted Patent.

9.     Dell is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201

that its accused products do not infringe the Asserted Patent.

## SECOND COUNTERCLAIM

### INVALIDITY OF THE ASSERTED PATENT

10.     Dell realleges and incorporates herein by reference Paragraphs 1-9 of its

Counterclaims above.

11.     Claims of the '473 patent are invalid, *inter alia*, for at least one of the following reasons:   they are anticipated under 35 U.S.C. § 102; they are obvious under 35 U.S.C. § 103; the specification does not comply with 35 U.S.C. § 112, first paragraph; and the claims do not comply with 35 U.S.C. § 112, second paragraph.

12.     Dell is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that claims of the Asserted Patent are invalid.

13.     Dell demands a jury trial as to all elements so triable.

## PRAYER FOR RELIEF

Wherefore, Dell respectfully prays that:

a.     The Complaint be dismissed with prejudice;

b.     The Court deny all relief sought by Convolve;

c.     This Court adjudge, declare, and decree that all of the claims of the '473 patent are invalid, and that all of the claims of the '473 patent have not been infringed by Dell;

d.     This Court issue a judgment declaring this case to be exceptional in favor of Dell under 35 U.S.C. § 285, and award to Dell its reasonable attorneys' fees and other expenses incurred in connection with this action;

e.     This Court issue judgment awarding Dell its costs of suit incurred in this action; and

f.     This Court grant Dell such other further relief to which it may be entitled.

Date:  July 5, 2011                    By:      /s/ *Roger Fulghum*
                                                Deron R. Dacus
                                                Lead Attorney
                                                Texas State Bar No. 00790553
                                                Ramey & Flock, P.C.
                                                100 East Ferguson, Suite 500
                                                Tyler, Texas 75702
                                                Telephone:  (903) 597-3301
                                                Facsimile:  (903) 597-2413
                                                E-mail:  ddacus@rameyflock.com

                                                Roger Fulghum
                                                Texas State Bar No. 00790724
                                                Tammy Pennington Rhodes
                                                Texas State Bar No. 24051182
                                                Bradley Bowling
                                                Texas State Bar No. 24040555
                                                BAKER BOTTS L.L.P.
                                                One Shell Plaza
                                                910 Louisiana
                                                Houston, Texas 77002-4995
                                                Telephone:  (713) 229-1234
                                                Facsimile:  (713) 229-1522
                                                E-mail: roger.fulghum@bakerbotts.com
                                                E-mail: tammy.pennington@bakerbotts.com
                                                E-mail: brad.bowling@bakerbotts.com

                                                Michael C. Smith
                                                Texas State Bar No. 18650410
                                                Siebman, Burg, Phillips & Smith, LLP
                                                P.O. Box 1556
                                                Marshall, Texas 75671
                                                Telephone:  (903) 938-8900
                                                Facsimile:  (972) 767-4620
                                                E-mail:  michaelsmith@siebman.com

                                                Kimball R. Anderson
                                                Winston & Strawn LLP
                                                35 W. Wacker Drive
                                                Chicago, Illinois 60601
                                                Telephone:  (312) 558-5858
                                                Facsimile:  (312) 558-5600
                                                E-mail:  kanderson@winston.com

14

Marcus T. Hall
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, California  90071-1543
Telephone:  (213) 615-1733
Facsimile:  (415) 591-1400
E-mail:  mthall@winston.com

**ATTORNEYS FOR DELL INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on July 5, 2011, pursuant to Local Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service.

/s/ *Roger Fulghum*
Roger Fulghum