# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:08-CV-244-CE |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| DELL INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF CONVOLVE, INC.'S RESPONSE TO WESTERN DIGITAL'S NOTICE TO THE COURT REGARDING WILLFULNESS**
**(DOCKET NO. 456)**

Convolve submits this response to address Western Digital's claims of prejudice. *See* Dkt. No. 456. Convolve served its second amended (willfulness) complaint on Defendants' counsel on February 8, 2011. An exact copy of the second amended complaint was submitted as Exhibit 1 to Convolve's Motion for Leave to File, along with all other exhibits to the amended complaint. Dkt. No. 226 – Exs. 1 and A-T. Several months later, in accordance with the Court's order, the second amended complaint was again served on Defendants' counsel on June 15, 2011, when Convolve filed its amended complaint. *See* Dkt. Nos. 362 and 383.

Despite the fact that the amended complaint (Ex. 1 of Dkt. No. 226; and Dkt. No. 383) served February 8, 2011, and again on June 15, 2011, set forth Convolve's willfulness theory with detailed factual support (*e.g.,* Exs. E-Q of Dkt. Nos. 226 and 383), Defendants' counsel never requested permission to disclose the second amended complaint to their clients until the hearing on July 5, 2011.[1] Western Digital's claim of prejudice is belied by the almost five month delay between Convolve's initial service of the second amended complaint and Defendants' counsel July 5, 2011 request for permission to provide it to their clients.

Moreover, in accordance with the Court's motion *in limine* ruling, Convolve served its supplemental responses to the Defendants' willfulness interrogatories (Western Digital's interrogatory no. 14; Hitachi's interrogatory no. 20; and Dell's interrogatory no. 6) on June 30, 2011.[2] Convolve properly designated these supplemental responses as outside attorneys' eyes

---

[1] In addition, contrary to Western Digital's assertion, Convolve never represented that the second amended complaint contained third-party confidential information. The second amended complaint was properly filed under seal because the accused products lists at Exhibits R, S, and T include some product model numbers and names identified from Defendants' confidential documents (some of which were designated outside attorneys' eyes only).

[2] In accordance with its continuing obligation under Federal Rule 26(e), Convolve also served its supplemental responses to Defendants' inducement and contributory infringement interrogatories (Western Digital's interrogatories nos. 10 and 11; Hitachi's no. 9; and Dell's nos. 11 and 12) on June 30, 2011.

1

only in accordance with Defendants' and third-parties' designations of information quoted and relied upon therein.

On July 1, 2011, counsel for Western Digital asked Convolve, apparently on behalf of all Defendants: "Can we share these amended responses with clients?" Convolve was diligent in notifying counsel for Defendants about all of the confidential information in the supplemental interrogatory responses, and insisted that Defendants' counsel not disclose any third-party confidential information to their clients, and Defendants' counsel get approval from each other before sharing co-defendants' confidential information.

Defendants have suffered no prejudice that is a result of any action or inaction by Convolve.

DATED:  July 8, 2011					Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**


 /s/ *Elizabeth V. Thomas*
A. James Anderson (admitted *pro hac vice*)
Georgia Bar No. 016300
Anna C. Halsey (admitted *pro hac vice*)
Georgia Bar No. 208034
Elizabeth V. Thomas (admitted *pro hac vice*)
Georgia Bar No. 624263
Ailis L. Burpee (admitted *pro hac vice*)
Georgia Bar No. 623492
Jennifer A. Adler (admitted *pro hac vice*)
Georgia Bar No. 585635
Tara G. Sharp (admitted *pro hac vice*)
Georgia Bar No. 623320

One Atlantic Center
1201 West Peachtree Street, Suite 2200
Atlanta, Georgia  30309
Telephone:  (404) 760-4300
Facsimile: (404) 233-1267
Email:  ajanderson@rkmc.com
Email:  achalsey@rkmc.com
Email:  evthomas@rkmc.com
Email:  alburpee@rkmc.com
Email:  jaadler@rkmc.com
Email:  tgsharp@rkmc.com

Marla R. Butler (admitted *pro hac vice*)
Georgia Bar No. 099917
Bryan J. Vogel (admitted *pro hac vice*)
New York Bar No. 3933736

601 Lexington Avenue, 34th Floor
New York, NY  10022
Telephone:  (212) 980-7400
Facsimile: (212) 980-7499
Email:  mrbutler@rkmc.com
Email:  bjvogel@rkmc.com

Trevor J. Foster (admitted *pro hac vice*)
State Bar No. 0345568

800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402-2015
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181
Email: tjfoster@rkmc.com

Eric M. Albritton
Texas State Bar No. 00790215
Stephen E. Edwards
Texas Bar No. 00784008
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas  75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
Email:  ema@emafirm.com
Email:  see@emafirm.com

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas  75606
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
Email:  jw@jwfirm.com

*ATTORNEYS FOR PLAINTIFF CONVOLVE, INC.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 8th day of July 2011.

/s/ *Elizabeth V. Thomas*_____
Elizabeth V. Thomas