**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:08-CV-244-CE |
| | § | |
| DELL, INC., ET AL | § | |

## ORDER

Pending before the court is Defendants' motion for summary judgment that the asserted claims of U.S. Patent No. 6,314,473 (the "'473 Patent") are invalid (Dkt. No. 333). Defendants contend that no reasonable jury could conclude that the asserted claims of the '473 Patent are valid because: (1) defendant Hitachi offered its Sonata disk drives for sale in the United States in 1995 – more than two year before the critical date for the '473 Patent; and/or (2) Japanese Patent Application 10-326470 (the "Honda Application") invalidates each element of the asserted claims of the '473 Patent. Accordingly, Defendants argue that they are entitled to summary judgment that the asserted claims of the '473 Patent are invalid.

First, considering the evidence plaintiff Convolve, Inc. ("Convolve") has offered in opposition to Defendants' motion, the court concludes that Convolve has not accused Sonata drives that pre-date AAM of infringing the '473 Patent. Convolve has continuously reaffirmed in its pleadings, infringement contentions, and expert reports that its infringement allegation are limited to AAM drives. Although Defendants have produced evidence that Sonata drives were sold in the United States prior to the critical date for the '473 Patent, Convolve has produced ample evidence that Sonata drives that change acoustic levels using AAM were not sold until after the critical date for the '473 Patent. As such, the court DENIES Defendants' motion for

summary judgment of invalidity on the grounds that Hitachi offered Sonata disk drives for sale prior to the critical data of the '473 Patent.

Second, when considering the evidence in the light most favorable to Convolve, the court concludes that there is a genuine issue of material fact as to whether the November 20, 1998 provisional application (the "Second Provisional") satisfies the written description requirement with respect to "user interface" – i.e., whether the Second Provision supports mechanical user interfaces, such as jumpers and switches. *See Trading Tech. Int'l., Inc. v. Espeed, Inc.*, 595 F.3d 1340, 1359-60 (Fed. Cir. 2010). In *Trading Tech*, the Federal Circuit upheld a district court's decision that there were triable issues as to whether the patents-in-suit were entitled to the priority date of a provisional application. *Id.* at 1359. Every claim of the patents-in-suit recited use of a "single action of a user input device." *Id.* In contrast, the provisional application referred solely to "a single click of a computer mouse." *Id.* The Federal Circuit explained that one of the inventors of the patents-in-suit suggested that "one click of a mouse" is merely one way of entering orders on an exchange. *Id.* at 1360. The court, therefore, concluded that the parties had created a genuine issue of material fact as to "whether the disclosure of a species, i.e., 'one click of a mouse,' was sufficient to show that the inventors possessed the genus, i.e., 'a single action of a user input device.'" *Id.*[1]

In this case, Defendants contend that the Second Provisional does not disclose the mechanical user interfaces claimed in the '473 Patent and that the Second Provisional, therefore, does not satisfy the written description requirement with respect to the "user interface" limitation

---

[1] Although the opinion in *Trading Tech* was initially dated prior to *Ariad Pharmaceuticals, Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010) (en banc), the order denying the motion for rehearing in *Trading Tech* post-dated *Ariad* by approximately one month.

recited in the '473 Patent.  Consequently, Defendants argue that the '473 Patent is not entitled to the priority date of the Second Provisional.  A PTO examiner, however, has indicated that the "graphical user interface" disclosed in the Second Provisional is a type of "user interface" as recited in the '473 Patent.  The examiner, therefore, rejected the argument that the Second Provisional did not support the user interfaces of the '473 Patent and concluded that the Second Provisional satisfied the written description requirement with respect to the "user interface" limitation of the '473 Patent.  Considering the competing evidence presented by Convolve and Defendants, the court concludes that there is a dispute of material fact, which precludes a grant of summary judgment on the issue of whether the '473 Patent is entitled to the priority date of the Second Provisional.  This dispute forecloses the court from granting summary judgment that the Honda Application is prior art and, if so, whether it invalidates each element of the asserted claims of the '473 Patent.

In conclusion, the court DENIES Defendants' motion for summary judgment of invalidity in its entirety.  Furthermore, in light of this ruling, the court OVERRULES Defendants' objections to Convolve's exhibits number 595 and 596, which are the denial of Seagate Technologies' request for reexamination of the '473 Patent, and which reflect the examiner's opinions discussed above.

SIGNED this 12th day of July, 2011.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE