IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:08-cv-244 |
| | § | |
| DELL INC., | § | JURY TRIAL DEMANDED |
| WESTERN DIGITAL CORPORATION, | § | |
| HITACHI GLOBAL STORAGE | § | |
| TECHNOLOGIES, INC., and | § | |
| HITACHI LTD., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ADDITIONAL AND REVISED JURY INSTRUCTIONS**

Defendants propose the following additional and revised jury instructions:

**2.2 REVISED -- BURDEN OF PROOF**

Convolve bears the burden of proof by a preponderance of the evidence that each of Dell, Western Digital, and Hitachi infringes the asserted claims of the '473 patent. Convolve also has the burden of proving by a preponderance of the evidence the amount of damages caused by the alleged infringement of each of Dell, Western Digital, and Hitachi. Convolve has the burden of proving that Dell, Western Digital, and Hitachi willfully infringed any of the asserted claims of the '473 patent by clear and convincing evidence. Dell, Western Digital, and Hitachi have the burden of proving invalidity by a preponderance of the evidence, except for pure factual issues, which must be proven by clear and convincing evidence. The burden that Dell, Western Digital, and Hitachi have to persuade you of the factual issues supporting their invalidity defenses by clear and convincing evidence may be easier to meet if the United States Patent and Trademark Office did not have all of the material facts before it when it addressed the patentability of the

’473 patent. In deciding whether Dell, Western Digital, and Hitachi have persuaded you of their invalidity defenses, you may consider that you have heard evidence that the Patent and Trademark Office had no opportunity to evaluate before granting the patent.

Authority: *Microsoft Corp. v. i4i Limited* Partnership, 131 S. Ct. 2238 (2011).

## 2.9 REVISED -- INVALIDITY GENERALLY

Now, with respect to validity, Dell, Western Digital, and Hitachi contend that the asserted claims of Convolve's '473 patent are not valid. Defendants have the burden of proving invalidity by a preponderance of the evidence, except for pure factual issues, which must be proven by clear and convincing evidence. Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, which only requires that a party's claim be more likely than not true. Nevertheless, the clear and convincing standard is not as high as the burden of proof applied in a criminal case, which is beyond a reasonable doubt. In deciding whether Defendants have met this burden, you may consider that the United States Patent Office never considered or evaluated some of the prior art in this case and that the United States Patent Office may have reached a different conclusion if it had considered or evaluated the prior art in this case. If the United States Patent Office did not have all material facts before it, the burden to persuade you of the factual basis for the invalidity defense by clear and convincing evidence may be easier to sustain.

Defendants contend the asserted claims are invalid because the asserted claims were anticipated or obvious in view of the prior art. You should analyze each claim separately. If you find by clear and convincing evidence that a claim is anticipated or obvious, then you should find that claim invalid and render a verdict for Defendants on that claim.

Authority: *Microsoft Corp. v. i4i Limited* Partnership, 131 S. Ct. 2238 (2011).

**2.10 ADDITIONAL INSTRUCTION – PRIOR ART**

Prior art includes publications and products that are not described in United States patents.

Authority: 35 U.S.C. § 102.

## 2.13 ADDITIONAL INSTRUCTION – ON SALE BAR

***Additional language is added below in bold and italics.***

The sale or offer for sale in the United States of a product is prior art to a patent claim covering the product or a method of making the product if the product was sold or offered for sale in the United States more than one year before the application for the patent was filed. In this case, the '473 patent was filed on March 4, 1999. So ***the prior art date in this case*** is March 4, 1998. The date of invention for the patent claims is irrelevant to this category of prior art. If the sale or offer for sale of a product is more than one year before the patent application was filed, then the product or method of making it is prior art, regardless of the date of the invention. ***The product on sale does not need to specifically inform customers of the functionality covered by it.***

Authority: 35 U.S.C. § 102.

**2.17 ADDITIONAL INSTRUCTION – DAMAGES GENERALLY**

Claims 7 and 10 are method claims and are only infringed when the steps of the method are actually performed, not if the steps of the method claim merely can be performed. Thus, for claims 7 and 10, you can only award damages for each instance when the steps of these claims were actually performed.

Authority: *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 576 F.3d 1348, 1358 (Fed. Cir. 2009) ("The district court was also correct in limiting damages to sales of ICDs that performed the steps of the claimed method.").

**2.18 ADDITIONAL INSTRUCTION – DAMAGES DATES**

Actual notice requires the affirmative and direct communication from Plaintiff to Defendant of a specific charge of infringement by a specific accused product or device. Plaintiff's communications to a standard setting organization of which Defendants were members does not constitute notice. Further, communications from other parties to Defendants concerning the patent do not constitute notice.

Further, Plaintiff may contact Defendants if Plaintiff believes that Defendants might be infringing Plaintiff's patent. Plaintiff is not required to be certain that Defendants are infringing to contact them.

Authority: *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994); *Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) ("Absent notice, [the alleged infringer's] 'knowledge of the patents' is irrelevant."); *AT & T Corp. v. Microsoft Corp.*, 290 F. Supp. 2d 409, 414 (S.D.N.Y 2003).

## 2.20 ADDITIONAL INSTRUCTION – WILLFUL INFRINGEMENT

***Additional language is added below in bold and italics.***

To prove that a Defendant acted recklessly, Convolve must prove two things by clear and convincing evidence. The first part of the test is objective: Convolve must persuade you that the Defendant acted despite a high likelihood that the Defendant's actions infringed a valid and enforceable patent. In making this determination, you may not consider the Defendant's state of mind. Legitimate or credible defenses to infringement, even if not ultimately successful, demonstrate a lack of recklessness. ***To willfully infringe a patent, the patent must exist and one must have knowledge of it.*** Only if you conclude that a Defendant's conduct was reckless do you need to consider the second part of the test.

Authority For Additional Instruction: *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985); *Conopco, Inc. v. May Dept. Stores Co.*, 46 F.3d 1556, 1562-63 (Fed. Cir. 1994); *Sundance, Inc. v. Demonte Fabricating, Ltd.*, No. 02-73543, 2007 WL 2287829, at *9 (E.D. Mich. Aug. 1, 2007).

Date: July 24, 2011

By: /s/ Deron R. Dacus

Deron R. Dacus
Lead Attorney
Texas State Bar No. 00790553
Ramey & Flock, P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413
E-mail: ddacus@rameyflock.com

Roger Fulghum
Texas State Bar No. 00790724
Tammy Pennington Rhodes
Texas State Bar No. 24051182
Bradley Bowling
Texas State Bar No. 24040555
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
E-mail: scott.partridge@bakerbotts.com
E-mail: roger.fulghum@bakerbotts.com
E-mail: tammy.pennington@bakerbotts.com
E-mail: brad.bowling@bakerbotts.com

Michael C. Smith
Texas State Bar No. 18650410
Siebman, Burg, Phillips & Smith, LLP
P.O. Box 1556
Marshall, Texas 75671
Telephone: (903) 938-8900
Facsimile: (972) 767-4620
E-mail: michaelsmith@siebman.com

Kimball R. Anderson
Kathleen B. Barry
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5858
Facsimile: (312) 558-5600
E-mail: kanderson@winston.com
kbarry@winston.com

Gene Schaerr
Winston & Strawn LLP
1700 K Street N.W.
Washington, DC 20006
Telephone: (202) 282-5845
Facsimile: (202) 361-1061
E-mail: gschaerr@winston.com

**ATTORNEYS FOR DELL INC.**

Date: July 24, 2011

By: /s/ Douglas E. Lumish

Douglas E. Lumish (Lead Attorney)
California State Bar No. 183863
Jeffrey G. Homrig
California State Bar No. 215890
Joseph H. Lee
California State Bar No. 248046
J. Jason Lang
California State Bar No. 255642
Joseph B. Shear
California State Bar No. 262222
Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
T: (415) 421-6140, F: (415) 398-5030
Email: dlumish@kasowitz.com
Email: jhomrig@ kasowitz.com
Email: jlee@kasowitz.com
Email: jlang@kasowitz.com
Email: jshear@kasowitz.com

Eric H. Findlay
Texas State Bar No. 00789886
Brian Craft
Texas State Bar No. 04972020
Findlay Craft, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
T: (903) 534-1100, F: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

**ATTORNEYS FOR DEFENDANTS HITACHI, LTD. AND HITACHI GLOBAL STORAGE TECHNOLOGIES, INC.**

Date: July 24, 2011

By: /s/ Bruce A. Wessel

Bruce A. Wessel (admitted *pro hac vice*)
California State Bar No. 116734
Richard M. Birnholz (admitted *pro hac vice*)
California State Bar No. 151543
Garland A. Kelley (admitted *pro hac vice*)
California State Bar No. 225450
Thomas C. Werner (admitted *pro hac vice*)
California State Bar No. 223792
Irell & Manella L.L.P.
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 203-7045, F: (310) 203-7199
Email: bwessel@irell.com
Email: rbirnholz@irell.com
Email: gkelley@irell.com
Email: twerner@irell.com

Reynaldo C. Barcelo (admitted *pro hac vice*)
California State Bar No. 199741
Barcelo, Harrison & Walker, LLP
2901 West Coast Highway, Suite 200
Newport Beach, California 92663
T: (949) 340-9736, F: (949) 258-5752
Email: rey@bhiplaw.com

Harold Kip Glasscock, Jr.
Texas State Bar No. 08011000
Kip Glasscock Attorney at Law
550 Fannin, Suite 1350
Beaumont, Texas 77701
T: (409) 833-8822, F: (409) 838-4666
Email: kipglasscock@hotmail.com

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
T: (903) 934-8450, F: (903) 934-9257
Email: Melissa@gillamsmithlaw.com

**ATTORNEYS FOR DEFENDANT WESTERN DIGITAL CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically on July 24, 2011, pursuant to Local Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service.

/s/ Deron R. Dacus
Deron R. Dacus