**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:08-cv-244 |
| | § | |
| DELL INC., | § | |
| WESTERN DIGITAL CORPORATION, | § | |
| HITACHI GLOBAL STORAGE | § | JURY TRIAL DEMANDED |
| TECHNOLOGIES, INC., and | § | |
| HITACHI LTD., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REVISED VERDICT FORM**

**QUESTION NO. 1:**

Do you find Convolve has proven by a preponderance of the evidence that the accused Dell computers directly infringe one or more claims of the '473 patent because each element of the claim is met by the Dell computers?

Answer "Yes" or "No" for each claim:

Claim 7 _____

Claim 8 _____

Claim 9 _____

Claim 10 _____

Claim 14 _____

Claim 15 _____

**QUESTION NO. 2:**

Do you find Convolve has proven by a preponderance of the evidence that the accused Western Digital hard disk drives directly infringe one or more claims of the '473 patent because, for each claim, each element of the claim is met by the accused hard disk drives on their own?

Answer "Yes" or "No" for each claim:

Claim 7 _____

Claim 8 _____

Claim 9 _____

Claim 10 _____

Claim 14 _____

Claim 15 _____

**QUESTION NO. 3:**

Do you find Convolve has proven by a preponderance of the evidence that the accused Hitachi hard disk drives directly infringe one or more claims of the '473 patent because, for each claim, each element of the claim is met by the accused hard disk drives on their own?

Answer "Yes" or "No" for each claim:

Claim 7 _____

Claim 8 _____

Claim 9 _____

Claim 10 _____

Claim 14 _____

Claim 15 _____

**QUESTION NO. 4:**

Do you find Convolve has proven by a preponderance of the evidence that Dell actively induced others to infringe one or more claims of the '473 patent with respect to the accused Dell computers because, for each claim, (a) Dell encouraged and specifically intended to cause acts of direct infringement and (b) these acts of direct infringement actually occurred, and (c) Dell knew that these acts constituted infringement?

Answer "Yes" or "No" for each claim:          If yes, identify the acts of direct infringement and
                                              the persons/entities performing them:

Claim 7     _____

Claim 8     _____

Claim 9     _____

Claim 10    _____

Claim 14    _____

Claim 15    _____

**QUESTION NO. 5:**

Do you find Convolve has proven by a preponderance of the evidence that Western Digital induced others to infringe one or more claims of the '473 patent through its sales of accused disk drives because, for each claim, Western Digital (a) encouraged and specifically intended to cause acts of direct infringement, and (b) these acts of direct infringement actually occurred, and (c) Western Digital knew that these acts would constitute infringement?

Answer "Yes" or "No" for each claim:          If yes, identify the acts of direct infringement and
                                              the persons/entities performing them:

Claim 7      _____     _____

Claim 8      _____     _____

Claim 9      _____     _____

Claim 10     _____     _____

Claim 14     _____     _____

Claim 15     _____     _____

**QUESTION NO. 6:**

Do you find Convolve has proven by a preponderance of the evidence that Hitachi induced others to infringe one or more claims of the '473 patent through its sales of accused disk drives because, for each claim, Hitachi, (a) encouraged and specifically intended to cause acts of direct infringement, and (b) these acts of direct infringement actually occurred, and (c) Hitachi knew that these acts would constitute infringement?

Answer "Yes" or "No" for each claim:     If yes, identify the acts of direct infringement and the persons/entities performing them:

Claim 7      _____

Claim 8      _____

Claim 9      _____

Claim 10     _____

Claim 14     _____

Claim 15     _____

6

**QUESTION NO. 7:**

Do you find that Convolve has proven by a preponderance of the evidence that Dell contributed to the direct infringement of one or more claims of the '473 patent by others, because, for that claim, (a) Dell computers were a significant part of the claimed invention of the '473 patent, and (b) Dell computers were especially made or adapted for use in a way that infringes that claim, and (c) acts of direct infringement involving Dell computers actually occurred; and (d) Dell computers did not have any substantial non-infringing uses?

Answer "Yes" or "No" for each claim:          If yes, identify the acts of direct infringement and
                                              the persons/entities performing them:

Claim 7    _____    _____

Claim 8    _____    _____

Claim 9    _____    _____

Claim 10   _____    _____

Claim 14   _____    _____

Claim 15   _____    _____

**QUESTION NO. 8:**

Do you find that Convolve has proven by a preponderance of the evidence that Western Digital contributed to the direct infringement of one or more claims of the '473 patent by others by its sales of accused disk drives because, for that claim, Western Digital (a) provided a significant part of the claimed invention of the '473 patent, and (b) Western Digital hard disk drives were especially made or adapted for use in a way that infringes that claim, and (c) acts of direct infringement involving Western Digital hard drives actually occurred and (d) Western Digital hard disk drives did not have any significant non-infringing uses?

Answer "Yes" or "No" for each claim:          If yes, identify the acts of direct infringement and
                                                                    the persons/entities performing them:

Claim 7      _____

Claim 8      _____

Claim 9      _____

Claim 10     _____

Claim 14     _____

Claim 15     _____

**QUESTION NO. 9:**

Do you find that Convolve has proven by a preponderance of the evidence that Hitachi contributed to the direct infringement of one or more claims of the '473 patent by others by its sales of accused disk drives because, for that claim, (a) Hitachi provided a significant part of the claimed invention of the '473 patent, and (b) Hitachi hard disk drives were especially made or adapted for use in a way that infringes that claim, and (c) acts of direct infringement involving Hitachi hard drives actually occurred and (d) Hitachi hard disk drives did not have any significant non-infringing uses?

Answer "Yes" or "No" for each claim:      If yes, identify the acts of direct infringement and the persons/entities performing them:

Claim 7      _____

Claim 8      _____

Claim 9      _____

Claim 10     _____

Claim 14     _____

Claim 15     _____

**QUESTION NO. 10:**

For each claim, do you find that Defendants have proven anticipation by preponderance of the evidence because for that claim, every limitation of that claim was in the prior art at the time the patent was applied for (March 4, 1999)?  "Yes" means the claims are invalid, and "No" means the claims are not invalid.

Answer "Yes" or "No" for each claim:

Claim 7          _____

Claim 8          _____

Claim 9          _____

Claim 10         _____

Claim 14         _____

Claim 15         _____

**QUESTION NO. 11:**

For each claim, do you find that Defendants have proven obviousness by a preponderance of the evidence because, for that claim, every limitation of that claim would have been obvious or obvious to try to someone skilled in the art at the time the patent was applied for (March 4, 1999)?  "Yes" means the claims are invalid, and "No" means the claims are not invalid.

Answer "Yes" or "No" for each claim:

Claim 7          _____

Claim 8          _____

Claim 9          _____

Claim 10         _____

Claim 14         _____

Claim 15         _____

*If you have found that <u>Dell, Western Digital, or Hitachi</u> have infringed any of the claims and those claims are valid (i.e., you have answered "yes" to any of the claims in Question No. 1 through Question No. 9 and "no" to Question Nos. 10 and 11 for the corresponding claim, then answer Question Nos. 12-13.  Otherwise, do not answer any more questions, and just sign and date the verdict form.*

**QUESTION NO. 12:**

Do you find by clear and convincing evidence that any of the following Defendants has willfully infringed the '473 patent?

Answer "Yes" or "No" for each:

Dell                          _____

Western Digital        _____

Hitachi                    _____

**QUESTION NO. 13:**

What form of royalty do you find should be used to calculate a reasonable royalty in this case?

Place a check by either item 1 or 2 to select the form of reasonable royalty.  Then go on to either Question No. 14 OR Question No. 17, but not both.

(1) _____ per unit running royalty (go on to Question No. 14)

(2) _____ lump sum royalty (go on to Question No. 17)

***DO NOT ANSWER THIS QUESTION IF YOU CHECKED "LUMP SUM ROYALTY" IN RESPONSE TO QUESTION 13.***

**QUESTION NO. 14:**

Were the products sold pursuant to the license from Convolve to Quantum marked with the '473 patent?

Yes _____        No _____

***DO NOT ANSWER THIS QUESTION IF YOU CHECKED "LUMP SUM ROYALTY" IN RESPONSE TO QUESTION 13.***

**QUESTION NO. 15:**

Did Convolve provide actual notice of infringement of the '473 patent before Convolve filed the Complaint in this case on June 18, 2008?

Answer "Yes" or "No" for each:

Dell                          _____

Western Digital         _____

Hitachi                     _____

If you answered "YES" for any of the Defendants, when did Convolve provide actual notice to each Defendant of that Defendant's alleged infringement of the '473 patent?

Please provide a date for each:

Dell                          _____

Western Digital         _____

Hitachi                     _____

*DO NOT ANSWER THIS QUESTION IF YOU CHECKED "LUMP SUM ROYALTY" IN RESPONSE TO QUESTION 13.*

**QUESTION NO. 16:**

*If you answered "No" to Question No. 15, you may only consider products sold by the particular Defendant __after__ the date that you provided for that defendant in Question No. 15 or June 18, 2008, whichever date is earlier.*

What sum of money in the form of a ***per unit running royalty***, do you find is adequate to compensate Convolve for the conduct you found to infringe from the start of infringement through today?

Dell                    _____ (number of infringing units)

X $_____ per unit

= $_____ total

Western Digital         _____ (number of infringing units)

X $_____ per unit

= $_____ total

Hitachi                 _____ (number of infringing units)

X $_____ per unit

= $_____ total

*If you have answered Question Nos. 1-13 and followed the directions as to whether you were to answer Question Nos. 14-16, please do not answer any more questions just finish the verdict form by signing and dating it.*

*If you answered Question Nos. 14-16, you may skip Question No. 17 and sign and date the verdict form.*

**QUESTION NO. 17:**

What sum of money, in the form of a reasonable ***lump sum royalty*** covering all past and future sales of Defendant's products, if paid now in cash, would fairly and reasonably compensate Convolve for the conduct you found to infringe?

Answer in dollars and cents, if any:

Dell _____

Western Digital _____

Hitachi _____

*If you have answered Question Nos. 1-13 and followed the directions as to whether you were to answer Question Nos. 14-17, please finish the verdict form by signing and dating it.*

Signed this _____ day of July, 2011.

_____
JURY FOREPERSON

Date: July 24, 2011

Respectfully submitted,

 /s/      *Douglas E. Lumish*
Douglas E. Lumish (Lead Attorney)
California State Bar No. 183863
Jeffrey G. Homrig
California State Bar No. 215890
Joseph H. Lee
California State Bar No. 248046
J. Jason Lang
California State Bar No. 255642
Joseph B. Shear
California State Bar No. 262222
Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
T: (415) 421-6140, F: (415) 398-5030
Email: dlumish@kasowitz.com
Email: jhomrig@kasowitz.com
Email: jlee@kasowitz.com
Email: jlang@kasowitz.com
Email: jshear@kasowitz.com

Patricia Young
New York State Bar No. 4366100
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
T: (212) 506-1952, F: (212) 506-1800
Email: pyoung@kasowitz.com

Eric H. Findlay
Texas State Bar No. 00789886
Brian Craft
Texas State Bar No. 04972020
Findlay Craft, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, Texas 75703
T: (903) 534-1100, F: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

*ATTORNEYS FOR DEFENDANTS HITACHI, LTD. AND HITACHI GLOBAL STORAGE TECHNOLOGIES, INC.*

*/s/  Bruce A. Wessel*_____ *(by permission)*

Bruce A. Wessel (admitted *pro hac vice*)
California State Bar No. 116734
Richard M. Birnholz (admitted *pro hac vice*)
California State Bar No. 151543
Garland A. Kelley (admitted *pro hac vice*)
California State Bar No. 225450
Thomas C. Werner (admitted *pro hac vice*)
California State Bar No. 223792
Irell & Manella L.L.P.
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 203-7045, F: (310) 203-7199
Email: bwessel@irell.com
Email: rbirnholz@irell.com
Email: gkelley@irell.com
Email: twerner@irell.com

Reynaldo C. Barcelo (admitted *pro hac vice*)
California State Bar No. 199741
Barcelo, Harrison & Walker, LLP
2901 West Coast Highway, Suite 200
Newport Beach, California 92663
T: (949) 340-9736, F: (949) 258-5752
Email: rey@bhiplaw.com

Harold Kip Glasscock, Jr.
Texas State Bar No. 08011000
Kip Glasscock Attorney at Law
550 Fannin, Suite 1350
Beaumont, Texas 77701
T: (409) 833-8822, F: (409) 838-4666
Email: kipglasscock@hotmail.com

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
T: (903) 934-8450, F: (903) 934-9257
Email: Melissa@gillamsmithlaw.com

/s/ *Deron R. Dacus*
Deron R. Dacus
Lead Attorney
Texas State Bar No. 00790553
Ramey & Flock, P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-3301
Facsimile:  (903) 597-2413
E-mail:  ddacus@rameyflock.com

Roger Fulghum
Texas State Bar No. 00790724
Tammy Pennington Rhodes
Texas State Bar No. 24051182
Bradley Bowling
Texas State Bar No. 24040555
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
Telephone:  (713) 229-1234
Facsimile:   (713) 229-1522
E-mail: roger.fulghum@bakerbotts.com
E-mail: tammy.pennington@bakerbotts.com
E-mail: brad.bowling@bakerbotts.com

Michael C. Smith
Texas State Bar No. 18650410
Siebman, Burg, Phillips & Smith, LLP
P.O. Box 1556
Marshall, Texas 75671
Telephone:  (903) 938-8900
Facsimile:  (972) 767-4620
E-mail:  michaelsmith@siebman.com

Kimball R. Anderson
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 558-5858
Facsimile:  (312) 558-5600
E-mail:  kanderson@winston.com

Marcus T. Hall
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, California  90071-1543
Telephone:  (213) 615-1733
Facsimile:  (415) 591-1400
E-mail:  mthall@winston.com

*ATTORNEYS FOR DELL INC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on all counsel of record by electronic service as authorized by Local Rule CV-5(a)(3)(C) on July 24, 2011.

Dated: July 24, 2011


*/s/ Deron R. Dacus*
Deron R. Dacus