IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2:08-cv-244** |
| | ) | |
| DELL INC., | ) | |
| WESTERN DIGITAL CORPORATION, | ) | |
| HITACHI GLOBAL STORAGE | ) | |
| TECHNOLOGIES, INC., and | ) | |
| HITACHI LTD. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **CONVOLVE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DELL, INC.'S COUNTERCLAIMS**

Plaintiff Convolve, Inc. ("Convolve") by and through its undersigned counsel, hereby responds to Defendant, Dell, Inc.'s ("Defendant"), Counterclaims and asserts its affirmative defenses thereto as follows:

### COUNTERCLAIMS

1.   Counter-Plaintiff Dell Inc. is a Delaware corporation, with its principal place of business in Round Rock, Texas.

　　**ANSWER:**   On information and belief, admitted.

2.   On information and belief, Counter-Defendant Convolve is a New York corporation, with its principal place of business in Armonk, New York.

　　**ANSWER:**   Admitted.

3.     These are counterclaims for a declaratory judgment of noninfringement and invalidity that arise under the Declaratory Judgment Act, specifically, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 100, et seq. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 2201(a).

>   **ANSWER:**   Convolve admits only that Jurisdiction in this Court is proper. Convolve denies any remaining allegation of paragraph 3.

4.     Counter-Defendant has chosen this venue to enforce its patents. Venue is proper in this Court and judicial district for counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400(b).

>   **ANSWER:**   Admitted.

## FIRST COUNTERCLAIM

## NONINFRINGEMENT OF THE '473 PATENT

Convolve makes no averment or admission concerning the preceding heading and therefore denies any factual assertion allegedly contained therein.

5.     Dell realleges and incorporates herein by reference Paragraphs 1-4 of its Counterclaims, above.

>   **ANSWER:**   Convolve incorporates its responses to Paragraphs 1-4 of Defendant's Counterclaims as though stated herein in their entirety.

6.     Convolve has made allegations that Dell infringes the '473 patent ("the Asserted Patent") through the manufacture, use, sale, offer for sale, or importation of certain products of Dell.

>   **ANSWER:**   Admitted.

7.     Convolve's actions and allegations have created a case or controversy between Counter-Plaintiff and Counter-Defendant.

>   **ANSWER:**   Convolve admits that Defendant alleges that Defendant does not infringe any valid and enforceable claim of the '473 Patent. Convolve asserts that Defendant has infringed the '473 Patent, and that the '473 Patent is valid and enforceable against

Defendant. Thus, Convolve admits that an actual and justiciable controversy exists between the parties. Any remaining allegation of Paragraph 7 is denied.

8. Products made, used, sold, offered for sale, or imported by Dell lack at least one requirement of the inventions claimed in the Asserted Patent.

**ANSWER:** Denied.

9. Dell is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that its accused products do not infringe the Asserted Patent.

**ANSWER:** Denied.

## SECOND COUNTERCLAIM

## INVALIDITY OF THE ASSERTED PATENT

Convolve makes no averment or admission concerning the preceding heading and therefore denies any factual assertion allegedly contained therein.

10. Dell realleges and incorporates herein by reference Paragraphs 1-9 of its Counterclaims above.

**ANSWER:** Convolve incorporates its responses to Paragraphs 1-9 of Defendant's Counterclaims as though stated herein in their entirety.

11. Claims of the '473 patent are invalid, *inter alia*, for at least one of the following reasons: they are anticipated under 35 U.S.C. § 102; they are obvious under 35 U.S.C. § 103; the specification does not comply with 35 U.S.C. § 112, first paragraph; and the claims do not comply with 35 U.S.C. § 112, second paragraph.

**ANSWER:** Denied. The '473 Patent is valid and enforceable. All claims of the '473 Patent are presumed valid and enforceable in accordance with 35 U.S.C. § 282, and the Defendant has the burden of proving by clear and convincing evidence that any claim of the '473 Patent is invalid and/or unenforceable.

3

12. Dell is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that claims of the Asserted Patent are invalid.

> **ANSWER:** Denied. The '473 Patent is valid and enforceable. All claims of the '473 Patent are presumed valid and enforceable in accordance with 35 U.S.C. § 282, and the Defendant has the burden of proving by clear and convincing evidence that any claim of the '473 Patent is invalid and/or unenforceable.

13. Dell demands a jury trial as to all elements so triable.

> **ANSWER:** Convolve admits that Defendant demands a jury trial. Convolve denies any remaining allegation of Paragraph 13.

## PRAYER FOR RELIEF

WHEREFORE, Dell respectfully prays that:

a. The Complaint be dismissed with prejudice;

> **ANSWER:** Convolve denies that Defendant is entitled to this relief or any other relief.

b. The Court deny all relief sought by Convolve;

> **ANSWER:** Convolve denies that Defendant is entitled to this relief or any other relief.

c. This Court adjudge, declare, and decree that all of the claims of the '473 patent are invalid, and that all of the claims of the '473 patent have not been infringed by Dell;

> **ANSWER:** Convolve denies that Defendant is entitled to this relief or any other relief.

d. This Court issue a judgment declaring this case to be exceptional in favor of Dell under 35 U.S.C. § 285, and award to Dell its reasonable attorneys' fees and other expenses incurred in connection with this action;

> **ANSWER:** Convolve denies that Defendant is entitled to this relief or any other relief.

e. This Court issue judgment awarding Dell its costs of suit incurred in this action; and

> **ANSWER:** Convolve denies that Defendant is entitled to this relief or any other relief.

f.      This Court grant Dell such other further relief to which it may be entitled.

**ANSWER:**    Convolve denies that Defendant is entitled to this relief or any other relief.

## GENERAL DENIAL

Any allegation set forth in Defendant's Counterclaims not expressly admitted is hereby denied.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Convolve asserts the following affirmative defenses to Defendant's Counterclaims:

### First Affirmative Defense

Defendant's Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant has infringed one or more claims of the '473 Patent.

### Third Affirmative Defense

No claim of the '473 Patents is invalid.

### Fourth Affirmative Defense

The '473 Patent is not unenforceable.

### Fifth Affirmative Defense

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### Sixth Affirmative Defense

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Seventh Affirmative Defense

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of laches.

### Eighth Affirmative Defense

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Ninth Affirmative Defense

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of privilege.

### PRAYER FOR RELIEF

WHEREFORE, having answered the allegations of Defendant's Counterclaims and asserted its affirmative defenses thereto, Convolve prays for the following relief:

a.   that Defendant's Counterclaims be dismissed, with prejudice, with costs taxed against Defendant;

b.   that Convolve be awarded its attorneys' fees incurred in defending against Defendant's Counterclaims;

c.   that Convolve be awarded the relief against Defendant prayed for in its Complaint; and

d.   that Convolve be granted such other and further relief against Defendant as the Court deems just and proper.

This 5th day of August, 2011.    Respectfully submitted,

/s/ *A. James Anderson*
Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas Bar No. 00784008
see@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
Texas Bar No. 00794818
jw@wsfirm.com
Wesley Hill
Texas State Bar No. 24032294
wh@wsfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

A. James Anderson
Georgia Bar No. 016300
ajanderson@rkmc.com
Anna C. Halsey
Georgia Bar No. 208034
achalsey@rkmc.com
Elizabeth V. Thomas
Georgia Bar No. 624263
evthomas@rkmc.com
Ailis L. Burpee
Georgia Bar No. 623492
alburpee@rkmc.com
Jennifer A. Adler
Georgia Bar No. 217712
jaadler@rkmc.com

7

>Tara S.G. Sharp
>Georgia Bar No. 623320
>tgsharp@rkmc.com
>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
>One Atlantic Center
>1201 West Peachtree Street
>Atlanta, Georgia 30309
>Telephone: (404) 760-4300
>Facsimile: (404) 233-1267
>
>Marla R. Butler
>Georgia Bar No. 099917
>mrbutler@rkmc.com
>Bryan J. Vogel
>New York Bar No. 3933736
>bjvogel@rkmc.com
>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
>601 Lexington Avenue, 34th Floor
>New York, New York 10022
>Telephone: (212) 980-7400
>Facsimile: (212) 980-7499
>
>Trevor John Foster
>State Bar No. 0345568
>tjfoster@rkmc.com
>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
>2800 LasSalle Plaza, 800 LaSalle Avenue
>Minneapolis, Minnesota 55402
>Telephone: (612) 349-8500
>Facsimile: (612) 339-4181
>
>Attorneys for Plaintiff CONVOLVE, INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 5th day of August 2011.

/s/ *A. James Anderson*
A. James Anderson

30450726.1