IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:08-cv-244 |
| | § | |
| DELL INC., | § | |
| WESTERN DIGITAL CORPORATION, | § | |
| HITACHI GLOBAL STORAGE | § | |
| TECHNOLOGIES, INC., and | § | |
| HITACHI LTD., | § | |
| | § | |
| Defendants. | § | |

**DELL INC.'S NOTICE OF AUTHORITY PERTAINING TO
NEW AUTHORITY CITED IN PLAINTIFF'S SUR-REPLY ON WILLFULNESS**

Dell files this notice to apprise the Court of authority pertaining to Convolve's new argument in its sur-reply that *Nat'l Presto Indus. v. West Bend Co.*, 76 F.3d 1185 (Fed. Cir. 1996), authorizes consideration of pre-patent evidence to support a finding of willfulness.

**Background**. In opposition to Dell's motion for judgment as a matter of law as to no willfulness, Convolve asserted that evidence arising before the '473 patent issued supported the objective prong of the willfulness standard. Convolve cited no authority that this pre-patent evidence was relevant to willfulness even though Dell had previously urged that pre-patent evidence is *not* relevant to willfulness. (Dkt. No. 516 at 5 (filed on July 25, 2011).) For the first time, on September 14, 2011, Convolve cited authority that it says supports its argument on this point—the Federal Circuit's decision in *Nat'l Presto Indus. v. West Bend Co.*, 76 F.3d 1185 (Fed. Cir. 1996). Accordingly, Dell has not had an opportunity to respond to this authority.

**Supplemental Authority**. Convolve's reliance on *Nat'l Presto Indus.* to use pre-patent evidence for willfulness is misplaced. In *Nat'l Presto Indus.*, unlike this case, the patentee provided *direct* notice to the alleged infringer of the allowed claims *after* they were allowed but

before the patent issued. *Id.* at 1194. Thus, the alleged infringer knew the exact claim language that the United States Patent & Trademark Office had approved.

In this case, Convolve provided no direct notice to Dell until it filed this lawsuit. Before this case was filed in June 2008, Dr. Neil Singer, Convolve's president, sole shareholder, and only employee, did not telephone Dell or otherwise contact Dell to inform it of the alleged infringement. (Trial Tr. 7/19/11 Morn. at 137:17-139-11, 141:13-22; Trial Tr. 7/19/11 Aftn. at 68:13-69:6, 70:10-22; Trial Tr. 7/20/11 Morn. at 65:9-16.) Further, Dell had no notice or information as to the nature or scope of the claims before the '473 patent issued. Indeed, as Dr. Singer admitted, he himself "would have no idea what [the patent application] covers until it issues." (Trial Tr. 7/19/11 Aftn. at 78:16-17.)

Recognizing that notice of an actual issued patent is critical, the Federal Circuit has stated that willfulness cannot be based on pre-issuance evidence because: "Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable." *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). Indeed, at least two district courts have granted Rule 50(b) motions and motions to dismiss as to willfulness for failure to allege conduct occurring after the patent issued. *See, e.g.*, *Mondis Tech., Ltd. v. LG Elec., Inc.*, No. 2:07-CV-565-TJW-CE, Doc. No. 662 at 16 (E.D. Tex. Aug. 29, 2011) (granting Rule 50(b) motion for no willful infringement as to claim issued after the lawsuit was filed); *IpVenture, Inc. v. Cellco P'ship*, No. C 10-04755 JSW, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011) (dismissing willfulness allegations based on knowledge of application).

As further explained in its motion and reply, Dell respectfully requests that the Court grant its renewed motion for judgment as to no willfulness.

Date: September 16, 2011  By: /s/ *Roger Fulghum*

        Roger Fulghum
        Texas State Bar No. 00790724
        Tammy Pennington Rhodes
        Texas State Bar No. 24051182
        Bradley Bowling
        Texas State Bar No. 24040555
        BAKER BOTTS L.L.P.
        One Shell Plaza
        910 Louisiana
        Houston, Texas 77002-4995
        Telephone: (713) 229-1234
        Facsimile: (713) 229-1522
        E-mail: roger.fulghum@bakerbotts.com
        E-mail: tammy.pennington@bakerbotts.com
        E-mail: brad.bowling@bakerbotts.com

        Deron R. Dacus
        Lead Attorney
        Texas State Bar No. 00790553
        RAMEY & FLOCK, P.C.
        100 East Ferguson, Suite 500
        Tyler, Texas 75702
        Telephone: (903) 597-3301
        Facsimile: (903) 597-2413
        E-mail: ddacus@rameyflock.com

        Michael C. Smith
        Texas State Bar No. 18650410
        SIEBMAN, BURG, PHILLIPS & SMITH, LLP
        P.O. Box 1556
        Marshall, Texas 75671
        Telephone: (903) 938-8900
        Facsimile: (972) 767-4620
        E-mail: michaelsmith@siebman.com

        Kimball R. Anderson
        Kathleen B. Barry
        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, Illinois 60601
        Telephone: (312) 558-5858
        Facsimile: (312) 558-5600
        E-mail: kanderson@winston.com
        kbarry@winston.com

Gene Schaerr
WINSTON & STRAWN LLP
1700 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 282-5845
Facsimile: (202) 361-1061
E-mail: gschaerr@winston.com

**ATTORNEYS FOR DELL INC.**

...

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was filed electronically on September 16, 2011, pursuant to Local Rule CV-5(a), and has been served on all counsel who are deemed to have consented to electronic service.

                                  /s/ *Roger Fulghum*
                                  Roger Fulghum