IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| v. | § | Case No. 2:08-CV-244-RSP |
| | § | |
| DELL INC., et al. | § | |

## MEMORANDUM ORDER

After a nine-day trial, the jury found that Defendants had failed to prove that the asserted claims of the '473 Patent were invalid. Before the Court is Defendants' Renewed Motion for Judgment as a Matter of Law on Invalidity (Dkt. No. 567, filed August 19, 2011).

## APPLICABLE LAW

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a) & (b). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008).

Under Fifth Circuit law, a court is "especially deferential" to a jury's verdict, and will not reverse the jury's findings unless they are not supported by substantial evidence. *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). A motion for judgment as a matter of law must be denied "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Id*. at 498 (citation omitted). In other words, "[t]here must be more than a mere scintilla of evidence in the record to prevent judgment as a matter of law in favor of the movant." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007).

The Court must review all evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

## DISCUSSION

Defendants move for judgment as a matter of law that the asserted claims are invalid as anticipated or as obvious. (Mot. at 1.) Patents are presumed valid and overcoming this presumption requires clear and convincing evidence. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1354 (Fed. Cir. 2010) (en banc). A patent claim is invalid as anticipated if the claimed invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention by the applicant. 35 U.S.C. § 102(a) (2006). Anticipation requires the presence in the prior art of each and every limitation of the claimed invention. *Amgen, Inc. v. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1366 (Fed. Cir. 2009). Anticipation is a question of fact. *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1082 (Fed. Cir. 2008).

A patent claim is invalid as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. 103(a) (2011). "Obviousness is a question of law based on underlying factual findings: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective

indicia of nonobviousness." *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1360 (Fed. Cir. 2012) (citing *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966).  Although the Court must determine the ultimate legal question of obviousness, the Court must presume that the jury resolved all underlying factual disputes in favor of the verdict and must accept the jury's findings if supported by substantial evidence.  688 F.3d at 1356-57.

**The Honda Application**

Defendants first rely on the "Honda Application," an application that was before the Patent Office during the prosecution of the '473 Patent, as allegedly invalidating prior art.  At trial, Defendants relied on the testimony of their expert, Dr. Sidman, to prove that the asserted claims are invalid over the Honda Application.

The first question is whether the Honda Application qualifies as prior art.  It is undisputed that the Honda Application published after the November 20, 1998 provisional application upon which the '473 Patent relies.  Thus, Defendants allege that "the question is whether the November 1998 Provisional Application provided a written description for the 'user interface' limitation." (Mot. at 4.)  The Court's claim construction, in Defendants' own words, "construed 'user interface' to require 'control … accessible to the end user that allows a person to alter operational parameters," also noting that "switches and jumpers on the outside of [an end user's] drive" would fall within such a construction.  (*Id*.)  In arguing that the Provisional Application does not support the '473 Patent, Defendants contend that because "the November 1998 Provisional Application did not discuss switches or jumpers," the written description requirement is not met.  (*Id*.) Defendants misinterpret the effect of the Court's claim construction ruling and how it interacts with the written description requirement.  Under Defendants' interpretation of the written description requirement, a patent's specification would have to spell out, in excruciating detail, **every** device, mechanism, system, and implementation that could possibly

fall within the scope of the claims. This does not comport with well-established case law. The written description requirement "does not have to provide *in haec verba* support for the claimed subject matter at issue." *Crown Operations Int'l, Ltd. v. Solutia Inc.,* 289 F.3d 1367, 1376, 62 USPQ2d 1917, 1922 (Fed. Cir. 2002). The question, instead, is whether the application "convey[s] with reasonable clarity to those skilled in the art that, as of the filing date sought, [the inventor] was in possession of the invention." *Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1332 (Fed. Cir. 2008). The jury was presented with evidence that it did, and also presented with a plethora of evidence that suggested an even earlier priority date than provided by the Provisional Application. (*See, e.g.*, 7/25 PM Tr. at 128:14-130:10, 29:13-31:2; 7/19 AM Tr. at 113:23-114:13, 121:14-22, 122:10-123:5.)

The Court also finds that a reasonable jury could conclude that the Honda Application did not anticipate or render obvious the asserted claims even if considered as prior art. Defendants relied almost exclusively on the testimony of their expert, Dr. Sidman, to make their invalidity case as to the Honda Application. A reasonable jury may have disregarded Dr. Sidman's brief, often conclusory statements that the Honda application disclosed each element of the asserted claims. (*See, e.g.*, 7/25 PM Tr. at 5:8-17; *see also* 7/25 AM Tr. at 134:7-136:2 ("They're all there, all the claim limitations – first set of claim limitations of the other asserted claims, 8, 9, 10, 14, and 15. They're all there."))

Finally, Defendants contend that the Court improperly excluded testimony, arguing that "Federal Circuit precedent explicitly holds that expert testimony is not always necessary to present an invalidity defense." (Mot. at 9.) In so arguing, Defendants mischaracterize this Court's ruling. This Court allowed Mr. Nishida's fact testimony, but properly excluded his testimony that attempted to fill gaps or explain what his work would mean to one of ordinary

skill in the art, as he was not a proper expert witness. (*See, e.g.*, 7/22 AM Tr. at 90:12-22.) Defendants also fail to show that any prejudice was suffered by this ruling, as they had the opportunity to address the same issues through a valid expert witness. (*Id.* at 90:21-22.)

**The Seagate Prior Art**

Defendants also rely on the "Seagate Prior Art" – specifically, the Seagate Hawk 2 and Hawk 2LP hard drives – as allegedly invalidating prior art. The parties' briefing focuses largely on the user interface limitations of the asserted claims.

At trial, Defendants' expert agreed that to be invalidating prior art, a reference must disclose a "user interface that is accessible to an end user." (7/25 AM Tr. at 51:8-12.) The jury was presented with ample evidence suggesting that even if a user interface existed in the Hawk drives, it may not have been "accessible to an end user." (*See, e.g.*, 7/22 PM Tr. at 53:9-17, 67:12-17; 7/25 AM Tr. at 14:9-11, 55:7-10; 7/25 PM Tr. at 17:6-12; 20:6-24.) Other evidence was also presented that may have lead a reasonable juror to question whether the functionality addressed by Defendants was present and functional during the time period alleged by Defendants. (*See, e.g.*, 7/25 PM Tr. at 133:15-23, 135:24-139:8, 155:15-17, 135:24-139:8.) Finally, two of the witnesses relied upon by Defendants for the Seagate Prior Art had an interest in the outcome of the litigation, which may have led a reasonable jury to discount their credibility – which, for one of the witnesses, may have also taken a hit from allegedly inconsistent statements. (7/22 PM Tr. at 42:9-43:2, 68:10-15, 44:5-52:17.)

**The Koizumi Patent**

Defendants also claim that the Koizumi Patent renders the asserted claims invalid as anticipated and obvious. Defendants allege that "Dr. Sidman pointed to the exact text in which the Koizumi patent recites reducing seek noise," but Dr. Sidman's testimony was an interpretation of a passage of Koizumi that did not explicitly state "reducing seek noise" as

Defendants' Motion implies. (*See* 7/25 AM Tr. at 130:14-131:17.)  A reasonable jury may have not agreed with Dr. Sidman's conclusory interpretation that Koizumi's actual recitation of a "low noise mode" was referring to reducing seek noise. (*Id.*)  In fact, the jury was presented with evidence that showed that the Patent Office had, on multiple occasions, been presented with the same arguments advanced by Defendants at trial, and wholly rejected those theories of anticipation and obviousness. (*See, e.g.*, 7/20 AM Tr. at 38:11-39:19; 7/25 PM Tr. at 140:13-142:5; 24:4-17.)  In view of this evidence, a reasonable jury could find that the Koizumi patent failed to anticipate or render obvious the asserted claims.

Defendants also allege that Mr. Tsuneta and Mr. Yamamoto's testimony was improperly excluded, but abandon that argument as to Mr. Yamamoto when Plaintiff notes that no objection to his testimony was ever sustained. (*See* Defs. Reply at 4, FN 2.)  The Court's limitation of Mr. Tsuneta's testimony as to his personal intent when writing the Koizumi patent specification was entirely proper. (7/22 AM Tr. at 104:5-14.)

**Caviar Lite AL2200 and Maxtor Quasar**

Defendants also allege that the asserted claims are obvious in view of the WD Caviar Lite AL2200 disk drive combined with either "the knowledge of one of ordinary skill in the art" or one of the other items in their briefing. (Mot. at 17.)

At trial, Defendants' expert agreed that to be invalidating prior art, a reference must disclose a "user interface that is accessible to an end user." (7/25 AM Tr. at 51:8-12.)  At trial, Defendants relied in part on compatibility with a specification that included an AAM command, but Defendants' witness, Mr. Buckman, was unable to recall when the standard began to include that command, only that "the evolving ATA standard that became ATA was what they were shooting to comply with." (*See, e.g.*, 7/25 AM Tr. at 59:14-60:1 ("I don't recall when AAM came in.")  This alone could very well cause a reasonable jury to disregard Defendants' reliance

on WD's purported attempt to comply with the ATA standard. A reasonable juror might also conclude from Western Digital's own witness's statement that "I don't believe we were" able to accept a software settable switch as late as 2000 that it was unlikely that such capability existed earlier. (*See* 7/25 PM Tr. at 126:19-127:18.)

Defendants also allege that the asserted claims are obvious in view of the Maxtor Quasar disk drive combined with either "the knowledge of one of ordinary skill in the art" or one of the other items in their briefing. (Mot. at 20.)

Defendants point to little more than Dr. Buckman's conclusory testimony to support their allegations of obviousness. (7/25 AM Tr. at 29:13-30:9; 30:10-20; 30:21-31:9.) A reasonable jury may have disregarded Dr. Buckman's allegations as unsupported by any evidence. Further, Dr. Buckman's testimony appeared to not be targeted to a "user interface that is accessible to an **end user**," which Dr. Buckman himself testified must be present in order to invalidate the asserted claims. (7/25 AM Tr. at 51:8-12.) Plaintiff's expert countered Dr. Buckman's testimony with his own opinion that providing such functionality would "absolutely not" have been obvious to a person of ordinary skill in the art. (7/25 PM Tr. at 132:12-133:14.)

Therefore, the Court holds that the jury's finding that Defendants failed to meet their burden of proving invalidity was reasonable and supported by substantial evidence. Defendants' motion for judgment as a matter of law on the grounds that the asserted claims are invalid is DENIED.

## CONCLUSION

Having found that Defendants are not entitled to judgment as a matter of law on the grounds raised in their motion and are not otherwise entitled to a new trial, Defendants' Renewed Motion for Judgment as a Matter of Law on Invalidity (Dkt. No. 567, filed August 19, 2011) is **DENIED**.

**SIGNED this 17th day of January, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE