# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| v. | § | Case No. 2:08-CV-244-RSP |
| | § | |
| DELL INC., et al. | § | |

## MEMORANDUM ORDER

After a nine-day trial, the jury found that Plaintiff had proved that the asserted claims of the '473 Patent were infringed. Before the Court is Dell's Renewed Motion for Judgment as a Matter of Law on Damages (Dkt. No. 564, filed August 19, 2011).

## APPLICABLE LAW

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a) & (b). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008).

Under Fifth Circuit law, a court is "especially deferential" to a jury's verdict, and will not reverse the jury's findings unless they are not supported by substantial evidence. *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). A motion for judgment as a matter of law must be denied "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Id*. at 498 (citation omitted). In other words, "[t]here must be more than a mere scintilla of evidence in the record to prevent judgment as a matter of law in favor of the movant." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007).

The Court must review all evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

## DISCUSSION

Dell first asks for judgment as a matter of law on Convolve's entire damages claim as to Dell. (Mot. at 1.)

Dell first contends that "the Western Digital and Hitachi paid-up, lump sum royalty awards preclude a separate recovery from Dell for infringement by *the same* hard disk drives incorporated in the accused Dell computer systems," and presents the same argument as to patent exhaustion. (*Id*. (*emphasis added*)). This statement belies the flaw in Dell's position: it contends that Convolve cannot recover twice as to <u>*the same*</u> hard disk drives. But the jury's verdict here does not represent a double recovery on the same drives. Instead, the awards against Western Digital and Hitachi covered all infringing drives **not** sold to Dell. (*See* Dkt. 587 at 1-2.)

Faced with this fact, Dell abandons its fact-specific double recovery theory entirely in its reply, and instead contends that, as a matter of law, the lump sum award to Western Digital and Hitachi gives them a "blanket license." (Dkt. 595 at 1-2.) Dell cites *Glenayre Elecs., Inc. v. Jackson* in support of its position, claiming it stands for the proposition that any award in a patent infringement case "cover[s] all sales of any products sold by Western Digital and Hitachi, whether those products were accused or not." (*Id.*, *citing* 443 F.3d 851, 866 (Fed. Cir. 2006).) *Glenayre* says nothing of the sort, and Dell's tortured reading of that case conflicts with both

logic and the law. In *Glenayre*, the Court found that "a party is precluded from suing to collect damages for direct infringement by a buyer and user of a product when actual damages covering *that very use* have already been collected from the maker and seller of that product." 443 F.3d at 864. The Court's finding in *Glenayre* was an uncontroversial one, and does not conflict with what happened in this case.

The other case cited by Dell as supporting its position, *Personal Audio, LLC v. Apple, Inc.*, also does not stand for the position Dell advances. There, although the Court did find that the defendant had a "fully paid up license to the patents-in-suit, covering all past and future use of the patented technology in [Defendant's] products," it did so only after 24 pages of thorough, fact-intensive analysis of the facts presented at trial and the language contained in the jury instructions and verdict, and did not make a single finding that approaches the remarkable proposition that, as a matter of law, any lump sum award in a patent case covers all products made by a company, regardless of whether they are accused in the case. *See* Case. No. 9:09-cv-00111, Dkt. 492.

Here, Convolve has not collected damages covering any portion of Dell's use from any party, and all of the evidence and expert testimony was explicitly premised on a specific set of accused products: for Western Digital and Hitachi, that set of accused products was all infringing drives <u>not sold to Dell</u>.[1]  Dell's position that an award in a patent case regarding a narrow set of accused devices results in a blanket license that extends to *all* products made by a company, regardless of the facts of the case, is incorrect and cannot support judgment as a matter of law as to the entirety of the damages award in this case.

---

[1] Notably, Dell's own damages expert testified, in very explicit fashion, that he believed that $1.4 million dollars was an appropriate award for this group of devices if Dell were found to infringe.

Dell next asks the Court to grant judgment as a matter of law as to presuit damages, contending that a failure to mark bars those damages. Dell contends that Quantum possessed a license to the '473 patent and was thus required to mark to preserve presuit damages. Convolve does not dispute that none of the Quantum drives in question were ever marked with the '473 patent, but contends that marking was not required because the Quantum license did not cover the '473 patent. The record contains testimony from multiple witnesses that the technology embodied by the '473 patent was not covered by the Quantum license. (*See*, *e.g*., Dkt. 587 at 2-3.) The jury found this testimony and the other evidence of record convincing, and the Court finds that Dell has not shown to this Court that it lacked a sufficient evidentiary basis to do so. Accordingly, judgment as a matter of law is inappropriate as to presuit damages.

## CONCLUSION

Having found that Defendant is not entitled to judgment as a matter of law on the grounds raised in their motion and are not otherwise entitled to a new trial, Dell's Renewed Motion for Judgment as a Matter of Law on Damages (Dkt. No. 564) is **DENIED**.

**SIGNED this 11th day of February, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE