# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CONVOLVE, INC. | § | |
| | § | |
| v. | § | Case No. 2:08-CV-244-RSP |
| | § | |
| DELL INC., ET AL. | § | |

## MEMORANDUM OPINION

Before the Court are the Motion for Reconsideration (Dkt. No. 698) filed by Plaintiff Convolve Inc. and the Motion for Relief From Judgment (Dkt. No. 720) filed by Western Digital Corporation, Hitachi Global Storage Technologies, Inc., and Hitachi Ltd. (the "HDD Defendants").

## BACKGROUND

This dispute involves two convolved cases: this case and the concurrently related case, *Convolve, Inc v. Compaq Computer Corp.*, 1:00-cv-05141 (S.D.N.Y.).

On July 13, 2000, Convolve sued Compaq Computer Corp.; Seagate Technology, LLC; and Seagate Technology, Inc. (collectively "Seagate") in the Southern District of New York for, among other things, infringement of United States Patent No. 6,314,473 (the "'473 Patent") entitled "System For Removing Selected Unwanted Frequencies In Accordance With Altered Settings In A User Interface Of A Data Storage Device." The '473 patent generally discloses systems and methods for reducing unwanted vibrations in computer disk drives and teaches that a user interface can be employed to allow a user to choose to make a drive run in a faster but louder mode or in a slower but quieter mode. ('473 Patent at 3:60-4:5). Relevant here, on August 9, 2005, the court in the New York Action construed the term "user interface" to mean "hardware, firmware, or a combination thereof that allows a person, directly or indirectly, to alter parameters." *Convolve, Inc. v. Compaq Computer Corp.*, 2005 WL 1902921, at *15 (S.D.N.Y. Aug. 9, 2005).

This case began on June 18, 2008, when Convolve filed a patent infringement action in this Court against Defendants Dell Inc., Western Digital Corporation, Hitachi Global Storage Technologies, Inc., and Hitachi Ltd. (collectively, "Defendants") (Dkt. No. 1). As later reflected in the Second Amended Complaint, Convolve alleged that Defendants directly, indirectly, and willfully infringed the '473 Patent. Specifically, Convolve alleged that (1) Dell made, used, sold, offered for sale, and/or distributed in the United States personal computers incorporating utility software and/or hard disk drives that infringe the claims of the '473 Patent and (2) the HDD Defendants made, used, sold, offered for sale, and/or distributed in the United States hard disk drives that infringe the claims of the '473 Patent. (*See* Dkt. No. 383).

On January 5, 2011, the court construed the claims in this case. Relevant here, the Court adopted a construction of "user interface" that differed from the construction in the New York Action. In this case, the Court construed "user interface" to mean "control (e.g. software, hardware, firmware, or a combination thereof) that allows a person to alter operational parameters." (Dkt. No. 211 at 17). After claim construction in this case, the HDD Defendants moved for summary judgment of non-infringement, asserting that the hard disk drives did not meet the construed "user interface' limitation of the asserted claims. The Court denied those motions. Relevant here to the Motion for Relief From Judgment, the court stated that "[b]ased on the evidence that Plaintiff has adduced, a jury could reasonably find that the ATA interface is a 'user interface' as construed by this court." (Dkt. No. 471 at 1); (Dkt. No. 475.)

The parties tried this case to a jury in July 2011 with Magistrate Judge Everingham presiding. The jury found the '473 patent valid and willfully infringed, and it awarded lump sum damages against Defendants. (*See* Dkt. No. 523). The parties then filed various post-trial motions. While such motions were pending, this case was reassigned: first to Judge Folsom (Dkt. No. 630,

then to Judge Gilstrap on December 19, 2011, and then on January 3, 2012, referred to the undersigned. (Dkt. No. 634.)

Meanwhile, in August 2011, the district court in the New York Action granted summary judgment against Convolve and in favor of hard-drive manufacturer Seagate, concluding that the bare Seagate hard-drives did not infringe claims 1, 3, 4, and 7-15 of the '473 patent. *Convolve, Inc. v. Compaq Computer Corp.*, 2011 WL 7144803, at *23 (S.D.N.Y. October 6, 2011). The New York district court concluded that no reasonable juror could find that the accused Seagate hard-drives "selected unwanted frequencies" because the accused products reduced only one frequency and the claim required the reduction of more than one frequency. *Convolve, Inc. v. Compaq Computer Corp.*, 527 F. App'x 910, 926 (Fed. Cir. 2013). On appeal, the Federal Circuit reversed and remanded the case. The Federal Circuit identified evidence in the record that a Seagate disk drive engineer may not have solely targeted a single frequency, *id.* At 926-27, and source code suggesting that the accused products reduced a range of frequencies, not just a single one, *id.* At 927. Based on this evidence, the Federal Circuit identified genuine disputes of material facts precluding summary judgment. *Id.* at 928. The Federal Circuit also reversed summary judgment of non-infringement on Convolve's inducement claims. It found that press releases, end-user instructions, and distributed tools that allowed and even encouraged computer users to select between different performance levels of the disk drives was enough evidence to preclude summary judgment on its inducement claims. *Id.* at 929.

Returning to this case, on May 20, 2014, this Court directed the parties to file briefs addressing whether the record contained a factual basis for finding that method claims 7 and 10 of the '473 patent were directly infringed, and if so, how a judgment as a matter of law against Convolve on these claims would affect damages. (Dkt. No. 660.) In response, Convolve pointed

to record evidence showing that Western Digital tested 27 hard drives to determine the loudness of the drives. (Dkt. No 661 at 6-7.) Convolve's submission made clear that "[t]he user interface in a Western Digital hard drive is the ATA interface" that could be accessed through "various utility programs." (*Id*.) Convolve argued similarly with respect to the Hitachi Defendants. (*Id*. at 8-9.) Convolve asserted that the damages award would be unaffected by a JMOL of direct infringement against Convolve on claims 7 and 10 because (1) the jury found that the HDD Defendants infringed four other independent claims and (2) the jury also found that the HDD Defendants indirectly infringed 7 and 10.

Defendants disputed the sufficiency of that evidence. First, Defendants argued that the documents identified by Convolve do not identify the location at which the tests were performed. (*Id*. at 663.) Defendants asserted that both Western Digital and Hitachi are large corporations with many large offices outside the United States and identified evidence in the record to suggest that the foreign plants have "complete responsibility" for the production of the accused hard drives. (Dkt. No. 663 at 10.) Defendants also asserted that Convolve's evidence was insufficient to show that the tests "reduce[d] selected unwanted frequencies" or that a user interface was used to alter settings and change a drive's seek mode. Defendants agreed, however, that in the event of a JMOL of direct infringement against Convolve on claims 7 and 10, the damages award should remain the same. (*Id*. at 14.)

Back in the New York Action, on July 11, 2014 – while Defendants' Rule 50(b) motions on non-infringement were still pending in this case – the district court granted summary judgment of non-infringement against Convolve a second time. *Convolve, Inc. v. Compaq Computer Corp*., 33 F. Supp. 3d 316 (S.D.N.Y. 2014) (the "Second Summary Judgment"). The Court held that "[a]pplying the proper construction to the undisputed facts establishes that the ATA and SCSI disk

drives, by themselves, do not meet the "user interface" claim limitation and therefore cannot support a finding of infringement of this element." *Id.* at 325. In view of the Second Summary Judgment, Defendants moved in this case to supplement their pending Rule 50(b) motions of non-infringement (*see* Dkt. Nos. 664, 667), which Convolve opposed.

Then on February 11, 2015, this Court denied Defendants' Rule 50(b) motions in this case. (Dkt. No. 676-678.) The Court did so relying on its prior construction of "user interface." (Dkt. No. 676 at 5.) Specifically, the Court noted that "[t]he item Convolve identified at trial as the 'user interface' was the ATA interface" and rejected the argument that Convolve had not proven that the ATA interface was accessible to the end-user, relying on this Court's previous construction of "user interface." (Dkt. No. 678 at 5-6.) On March 13, 2015, Defendants then appealed this Court's rulings on Defendants' Rule 50(b) motions. (Dkt. No. 683-685.)

On March 30, 2015, the Court denied Dell's Motion for Reconsideration and Entry of Judgment in Favor of Dell on Collateral Estoppel Grounds, which Dell had filed one day prior to its appeal to the Federal Circuit. (Dkt. No. 694.) The Court did so, stating that "[w]ith regard to liability, the finding in the New York Action was fundamentally different: it targeted different accused products, different conduct, and the factual record before each Court was distinct. Indeed, the Court in the New York Action explicitly found as much. (Dkt. No. 694) (citing New York Action, Dkt. No. 1054 at 22, n. 24.) However, with respect to enhanced damages in light of the jury's willfulness finding, the Court expressly opined that it was appropriate to factor the judgment in the New York Action into the decision not to enhance damages. (Dkt. No. 694 at 1-2.) The Court entered a Corrected Final Judgment on March 31, 2015 against Defendants finding that Defendants willfully infringed Claims 7, 8, 9, 10, 14 and 15 of the '473 patent. Notwithstanding

the finding of willfulness, the Corrected Final Judgment does not award Convolve any enhanced damages or attorney's fees.

On April 16, 2015, Convolve filed the Motion for Reconsideration. In the Motion for Reconsideration, Convolve argues that it is entitled to enhanced damages for Defendants' willful conduct. Citing *Tate Access Floors, Inc. v. Maxcess Techs., Inc.,* 222 F.3d 958, 972 (Fed. Cir. 2000), Convolve argues that the Court must articulate additional reasons for refusing to enhance damages in light of the jury's findings that Defendants willfully infringed. It further argues that the *Read* factors weigh in favor of enhancement in this case. Convolve further argues that it would be an error of law and fact for the Court to base its decision not to enhance damages on the New York Action, and that this case is exceptional in view of Defendants' willful conduct.

On May 5, 2015, in view of Convolve's pending Motion for Reconsideration, the Federal Circuit deactivated Defendants' pending appeal. (Dkt. No. 708.) The parties finished briefing the Motion for Reconsideration on May 22, 2015.

Then, on February 10, 2016, the Federal Circuit held that the district court in the New York Action did not err in granting the Second Summary Judgment of non-infringement. *Convolve, Inc. v. Compaq Computer Corp*., 812 F.3d 1313, 1318 (Fed. Cir. 2016) (the "Second Appeal"). First, the Federal Circuit concluded that the district court's construction of the term "user interface" as "the site at which a user actually selects an operating mode" was proper. *Id*. at 1318. It further confirmed the district court's conclusion that "a construction of 'user interface' that includes a subsequent device-to-device interface involved in the execution of a mode selection 'effectively reads the term 'user' out of the claim language." *Id.* Second, the Federal Circuit affirmed the district court's application of the construction to the accused hard drives in the New York Action. *Id.* at 1319. Both ATA and SCSI are device-to-device interfaces that connect the disk drive with

the host computer processor. Thus, a user could not alter the mode on a Seagate disk drive without installing the hard drive in a computer and using some other tool to facilitate communication with the drive. *Id*. ATA and SCSI interfaces cannot be the claimed user interfaces.

In light of the Second Appeal, on March 23, 2016, the HDD Defendants filed the Motion for Relief from Judgment in this Court. The HDD Defendants urge the Court to vacate its Corrected Final Judgment against the HDD Defendants in light of the new Federal Circuit guidance, and to enter judgment of no direct or indirect infringement in their favor. In particular, the HDD Defendants correctly argue that this Court's judgment hinged on a determination that Convolve had presented sufficient evidence to meet the "user interface" limitation found in every asserted claim in this action, but that the Federal Circuit conclusively rejected Convolve's infringement theory for this limitation.

On June 29, 2016, Convolve filed a supplemental brief in support of its Motion for Reconsideration arguing that new Supreme Court authority governing willfulness, *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016) further entitles it to enhanced damages.

## DISCUSSION

**1. The Motion for Reconsideration**

Section 284 of the Patent Act provides that, in a case of infringement, district courts "**may** increase the damages up to three times the amount found or assessed." 35 U.S.C. §284 (emphasis added). On its face, the statutory text provides the district court wide discretion.

Notably, Section 284 does not mention willful infringement at all, and courts have consistently recognized that the issues of willful infringement and enhanced damages are related but distinct. It is within the district court's discretion to weigh the importance of a willfulness

finding in determining enhanced damages. "An award of enhanced damages for infringement, as well as the extent of the enhancement, is committed to the discretion to the trial court." *Read Corp. v. Portec, Inc.*, 970 F. 2d 816, 826 (Fed. Cir. 1992). In *Read*, the Federal Circuit enumerated nine non-exclusive factors the district court may consider in determining whether and how much to enhance damages. *Id*. at 827. Willful infringement is an important factor, but "does **not** mandate that damages be enhanced, much less mandate treble damages." *Id*. at 826. (emphasis added).

More recently, in *Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 136 S. Ct. 1923(2016), the Supreme Court undid the Federal Circuit's rigid willful infringement and enhanced damages framework first announced in *In re Seagate Technology, LLC*, 497 F.3d 1360 (2007) (*en banc*). *Halo* also reaffirmed the district court's discretion to award – or not to award- enhanced damages under Section 284. Typically, under the *Seagate* framework, first, a jury would decide whether infringement was willful (subjective); second, the Court assessed the objective reasonableness of the infringement; then third, if the finding was willful, the Court would weigh the *Read* factors to determine whether and how much to enhance damages. In *Halo*, the Supreme Court stated that the statute prescribes no such framework. Section 284 permits district courts to exercise their discretion in a manner free from such "inelastic constraints" and there is no "rigid formula for awarding enhanced damages under § 284." *Halo*, 136 S. Ct. at 1933-34. Since *Halo*, many district courts have refused to award enhanced damages in spite of a finding of willful infringement. *See, e.g., Sprint Commc'ns Co. L.P. v. Time Warner Cable, Inc.*, 2017 WL 978107, at *12 (D. Kan. Mar. 14, 2017); *Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co., Inc.*, 2016 WL 7473422, at *11 (W.D.N.C. Dec. 28, 2016); *XY, LLC v. Trans Ova Genetics, LC*, 2016 WL 6664619, at *3 (D. Colo. Nov. 10, 2016) (reinstating willfulness finding in light of *Halo*, but reaffirming earlier decision denying enhanced damages and attorneys' fees because case was

not "egregious").  After *Halo*, willful infringement (which is mentioned only in §298 concerning advice of counsel) is merely an important element the Court may consider in the exercise of its discretion to enhance damages under Section 284.  *See WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1364 (Fed. Cir. 2016) (stating that on remand, if the jury's finding of willful infringement is sustained, the district court must still consider whether enhanced damages should be awarded).

With these principles in mind, the Court finds that it committed no error in refusing to award Convolve enhanced damages or attorney's fees.  Prior to the entry of final judgment in this case, the New York court entered summary judgment in favor of Seagate and Compaq on the very same infringement theory that Convolve tried in this case.  This Court previously stated that "it [was] appropriate to factor the judgment in the New York Action into its analysis on willfulness, including determining the amount of enhancement."  (Dkt. No. 694 at 1.)  Nothing has changed.

Convolve points to *Halo* and hinges its argument on language in the opinion discussing how objective recklessness is not a prerequisite to a finding of willful infringement, i.e., that a later-conceived defense is irrelevant to a finding of willfulness and an award of enhanced damages. (Dkt. No. 730 at 6; 732 at 3-5)  Accordingly, Convolve asserts that the Court should not have weighed the absence of objective recklessness in its decision not to enhance damages as it did. First, Convolve's argument is incorrect.  *See WesternGeco*, 837 F.3d at 1363 ("[T]he objective reasonableness of the accused infringer's positions can still be relevant for the district court to consider when exercising it discretion").  Second, as discussed above, the broader holding of *Halo* simply reaffirms this Court's decision not to enhance damages.  *See Halo*, 136 S. Ct. at 1933 ("Enhanced damages [need not always] follow a finding of egregious misconduct.  As with any exercise of discretion, courts should continue to take into account the particular circumstances of

each case in deciding whether to award damages, and in what amount."). The Court took into account the particular circumstances of this case. The rulings in the concurrent New York Action emphasize what should be apparent. Even though Defendants may have known that the '473 patent existed prior to this lawsuit, there can be no dispute that a reasonable entity could have concluded (correctly) that sale of bare hard-drives with ATA interfaces would not infringe the '473 patent. Put simply, there is no egregious misconduct.

Regardless of how these facts formally fit into the *Read* framework, the Court has wide discretion to enhance or not to enhance damages. The Court finds the course of this case and the New York Action to be a reason not to enhance damages here, notwithstanding the jury's finding of willfulness. *Halo* does not change the analysis. The Motion for Reconsideration is **DENIED**.

### 2. Motion For Relief From Judgment

Federal Rule of Civil Procedure 60(b) provides the district court authority to grant relief to a party from a final judgment, order, or proceeding. "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). A party must make a motion under Rule 60(b) within a "reasonable time." Fed. R. Civ. P. 60(c).

Subsection (6) provides that the court may provide relief form judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This subsection has been described as "a grand reservoir of equitable power" giving the district court "ample power to vacate judgments whenever such action is appropriate to accomplish justice." *Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992). However, "[the] district court may grant relief under Rule 60(b)(6) only for 'exceptional or extraordinary circumstances.'" *Louisville Bedding Co. v. Pillowtex Corp.*, 455 F.3d 1377, 1380 (Fed. Cir. 2006).

The filing of a timely notice of appeal typically divests the district court of power to grant relief under Rule 60(b)(6). As the Fifth Circuit has explained, "the filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals." *Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984). While the pendency of an appeal will not divest a district court the power to consider on the merits and deny a 60(b) motion (because such action is "in furtherance of the appeal"), if the district court is inclined to grant the 60(b) motion, it must first seek leave of the court of appeals. *Id.*

In this case, the Federal Circuit deactivated the appeal because the Motion for Reconsideration was pending. That clearly gives this Court authority to decide the Motion for Reconsideration. *See Bros. Inc. v. W. E. Grace Mfg. Co.,* 320 F.2d 594, 601 (5th Cir. 1963). It also gives this Court authority to decide the Motion for Relief from Judgment. Federal Rule of Appellate Procedure 4(a)(4) provides that if a party files a timely motion to alter or amend judgment under Fed. R. Civ. P. 59, the notice of appeal becomes effective only after "the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(vi). Therefore, according to the plain language of the rule, the pending Motion for Reconsideration tolls the notice of appeal for all purposes. This Court has jurisdiction to decide both motions.

On the merits, the Court concludes that this case presents "exceptional circumstances" that warrant relief under Rule 60(b)(6) for the following reasons: (1) the same patent and claim language were at issue in both this case and in the *Compaq* case; (2) Convolve advanced essentially the same infringement theory at trial in this case as it did in *Compaq*; and (3) in affirming summary judgment of non-infringement in *Compaq*, the Federal Circuit concluded that no reasonable juror could have found that bare HDD drives infringe the '473 patent claims. Many of the issues raised by the parties – collateral estoppel, *stare decisis*, and the subsidiary issues and formalities in-

between (for example, whether this case is "future" litigation or a "subsequent case") – miss the forest for the trees. Under Rule 60(b)(6), the question is simply whether in light of all the facts of this case, justice favors relief from final judgment. It does.

Of course, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (U.S. 1997); *see also U.S. ex rel. Garibaldi v. Orleans Par. Sch. Bd.*, 397 F.3d 334, 338 (5th Cir. 2005). As the Fifth Circuit explained in *Garibaldi*, "[a]fter almost every resolution of a circuit conflict there is a losing litigant somewhere who could argue similarly for reopening his case because it was decided erroneously in light of the subsequent Supreme Court decision." *Id*. But as the case law makes clear, the reason changes in law alone rarely justify reopening judgments is because of the strong interest in judicial finality. *See id*. at 340 ("We conclude that the great desirability of preserving the principle of finality of judgments preponderates heavily over any claim of injustice in this case.").

The appeal is still pending in this case. Therefore, there is little judicial interest in finality. *See CMI Corp. v. Cederapids, Inc.* 149 F. Supp. 2d 1284, 1286 (W.D. Okla 2001) ("In this case, however, the case is merely on appeal and therefore, the concerns regarding finality presented in Defendants' cites are not present here."). If the appeal in this case were not pending, the analysis might be different. For example, in *Versata Software, Inc. v. SAP Am., Inc.*, 2014 WL 1600327, at *2 (E.D. Tex. April 21, 2014), this Court opined that parties cannot use Rule 60(b)(6) to collaterally attack judgments upholding the validity of patents that had been litigated to completion based on a subsequent determinations of invalidity in another forum. The Court recognized why this must be so: the finality of the judgments issued by the Federal Courts would be at stake. *Id* at *2. Moreover, the interests of judicial efficiency weigh strongly in favor of granting relief in

this case. Requiring the HDD Defendants to continue an appeal to reverse a judgment that the Federal Circuit has effectively concluded is flawed would serve no purpose. Together, these two considerations amount to the "something more" the case law describes. *See Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987) (discussing factors relevant to determination whether change in law warrants relief under Rule 60(b)(6).

Convolve argues that the *Compaq* holding does not conflict with the judgment in this case. The Court disagrees. The Court sees no meaningful differences between the ATA interfaces litigated in the *Compaq* matter and the ATA interfaces accused in this case. Convolve admitted as much in *Compaq* when it argued to the New York Court that "a nearly identical fact issue" was presented by Defendants in this litigation "who sold accused drives containing ATA interface." *Convolve, Inc. v. Compaq Computer Corp.* No. 1:00-cv-05141-GBD-JFC, Dkt. No. 1062-7 at 7-10 (S.D.N.Y. 2014). The ATA interfaces of HDD Defendants' disk drives use the same industry standard interfaces as the accused products at issue in *Compaq*.

Convolve's pivot – that even applying the *Compaq* construction, there is sufficient record evidence to uphold the jury verdict of method claims 7 and 10 against the HDD Defendants – fares no better. While Convolve points to portions of the record supporting its argument that users would use a utility program or some other tool to select the disk drive mode via the ATA interface (Dkt. No. 723 at 11-12), the complete record does not support its theory. Convolve clearly and unequivocally argued to the jury that the ATA interface alone met the "user interface" limitation. (*See* Dkt. No. 556 at 68:20-69:5) ("You've also heard testimony about the ATA interface. It is a user interface. . . "). Convolve's expert opined at trial that there was no infringement if the ATA interface was not a user interface. (Dkt. No. 72-3 at 120:21-121:1.) Convolve also based its damages model on sales of bare accused devices without any type of utility programs installed. In

addition, Convolve elicited no evidence at trial that any user actually downloaded a software utility or combined such utility with the accused drive. Typically, the end user or computer manufacturer would perform such combination, not the HDD Defendants. Therefore, Convolve's new theory also raises divided infringement issues. *See Akamai Techs., Inc. v. Limelight Networks*, 786 F.3d 899, 904 (Fed. Cir. 2015). The truth is that Convolve's position both before and throughout trial was that bare disk drives infringed the claims of the '473 patent.

Convolve also points to evidence that the HDD Defendants combined the hard drives with a utility program during testing. Not only is this argument inconsistent with the Convolve's trial presentation and damages model, but even assuming Defendants performed such testing, there is insufficient evidence to support a finding that such testing occurred in the United States. *See NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005). Convolve has no persuasive response. It argues that the "***[Defendants]*** failed to show that the testing was performed anywhere but in the United States." (Dkt. No. 727 at 5) (emphasis added). But ***Convolve*** bears the burden of showing infringement, not Defendants. That burden includes showing where the method was performed. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 846 (2014) ("A patentee ordinarily bears the burden of proving infringement."). The Court also rejects Convolve's proposed "reasonable inference" – that testing performed by United States companies is presumptively performed in the United States. That inference is not reasonable in this case, *see* Dkt. No. 726-4 at 125:2-13, nor would it constitute actual evidence the Court can rely upon to sustain the jury's verdict. *See Estee Lauder Inc. v. L'Oreal, S.A.*, 129 F.3d 588, 591 (Fed. Cir. 1997) (holding that arguments of counsel cannot take place of evidence missing from the record). Convolve's attorney arguments and proposed inference are not sufficient evidence.

The judgment of infringement against the HDD Defendants must be vacated. However, the Court declines enter a judgment of non-infringement against Convolve and in favor of the HDD Defendants. Convolve prosecuted this case under an erroneous claim construction for "user interface." With the benefit of a different construction in this case, Convolve might have been able to prove infringement of at least method claims 7 and 10. Specifically, Convolve might pursue different discovery or a different trial presentation. Summary judgment in the New York Action was proper because Convolve had the benefit of the *Compaq* construction. The same is not true here. Convolve should have the opportunity to introduce evidence and argument supporting its position in this Court with the correct construction. Accordingly, the Motion for Relief From Judgment is **GRANTED IN PART**.

**CONCLUSION**

For the reasons stated herein Convolve's Motion for Reconsideration (Dkt. No. 698) is **DENIED** and the HDD Defendants' Motion for Relief from Judgment (Dkt. No. 720) is **GRANTED IN PART**.

The judgment of infringement, willfulness, and damages as to the HDD Defendants[1] is **VACATED**. The parties are directed to submit a joint status report no later than **TEN DAYS** after the Federal Circuit issues any dispositive decision with respect to the '473 patent or after dismissal of the appeal. This case is **STAYED** while the case is on appeal to the Federal Circuit.

An Amended Final Judgment will follow.

**SIGNED this 7th day of June, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] Dell did not file a motion under Rule 60(b).